UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SILICON VALLEY BANK,<br><br>                 Plaintiff,<br><br>v.<br><br>JES GLOBAL CAPITAL GP III, LLC; and ELLIOT S. SMERLING,<br><br>                 Defendants. | 21 Civ. 2552 (JPC) |

**[~~PROPOSED~~] ORDER OF PRE-JUDGMENT ATTACHMENT,
PRELIMINARY INJUNCTION AND OTHER RELIEF**

Plaintiff Silicon Valley Bank ("SVB"), having applied for orders of attachment, temporary restraining orders and orders for expedited discovery pursuant to Rules 26, 45, 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6212, and upon the previously filed Declaration of Tom Davies, dated March 25, 2021 (ECF No. 16), the previously filed Declaration of Lorin L. Reisner, dated March 26, 2021 (ECF No. 17), the previously filed First Supplemental Declaration of Lorin L. Reisner, dated March 29, 2021 (ECF No. 23), and the previously filed Second Supplemental Declaration of Lorin L. Reisner, dated March 31, 2021 (ECF No. 29), together with the attached exhibits, and all other motions, memoranda, pleadings and other papers in this action; and

WHEREAS the Court previously has entered an Order to Show Cause for an Order of Attachment and Temporary Restraining Order (ECF No. 19), an Order to Show Cause for Expedited Discovery (ECF No. 20), a First Supplemental Order to Show Cause for an Order for Expedited Discovery and Temporary Restraining Order (ECF No. 26), a Second Supplemental Order to Show Cause for an Order of Attachment and Temporary Restraining Order (ECF No. 31), and a supplemental Order modifying in part the prior orders (ECF No. 34); and

WHEREAS Plaintiff has filed an undertaking in the amount of $10,000 with the Court (ECF No. 25), which the Court deems sufficient for purposes of this Order; and

WHEREAS a telephonic show cause hearing was held before the Court on a public line on April 7, 2021, at 2:00pm, at which Defendants made no appearance; and

WHEREAS the Court makes the following findings of fact and conclusions of law under the Federal Rules of Civil Procedure and New York's CPLR:

1. SVB has a valid claim for a money judgment in the amount of at least $79,957,322.65.

2. SVB is likely to succeed on the merits.

3. SVB is likely entitled to recover the sum at issue.

4. SVB is entitled to an order of attachment and preliminary injunction against the property identified below under (i) CPLR 6201(1), on the ground Defendants are non-domiciliaries of New York or non-New York corporations; and (ii) CPLR 6201(3), on the ground that Defendants are likely to attempt to shield assets from judgment.

5. Defendants have not filed any counterclaim.

6. An order of attachment and preliminary injunction is an appropriate exercise of the Court's discretion, as it is necessary to ensure that any judgment SVB obtains in this action against Defendants is satisfied.

7. Good cause exists for discovery in this matter to proceed without need for a conference held under Rule 26(f) of the Federal Rules of Civil Procedure.

IT IS ACCORDINGLY HEREBY

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, all property, assets or other funds held by Pacific

Western Bank, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, are hereby attached; and it is further

ORDERED that each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this order, be, and hereby are, preliminarily enjoined from transferring, withdrawing or accepting any property, assets or other funds held by Pacific Western Bank, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities; and it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, all property, assets or other funds held by Sumitomo Mitsui Bank Corporation, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, are hereby attached; and it is further

ORDERED that each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this order, be, and hereby are, preliminarily enjoined from transferring, withdrawing or accepting any property, assets or other funds held by Sumitomo Mitsui Bank Corporation, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities; and it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, all property, assets or other funds held by JPMorgan Chase Bank, N.A., d/b/a Chase Bank, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, are hereby attached; and it is further

ORDERED that each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this order, be, and hereby are, preliminarily enjoined from transferring, withdrawing or accepting any property, assets or other funds held by JPMorgan Chase Bank, N.A., d/b/a Chase Bank, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities; and it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, all property, assets or other funds held by Bank of America Corporation, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, are hereby attached; and it is further

ORDERED that each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this order, be, and hereby are, preliminarily enjoined from transferring, withdrawing or accepting any property, assets or other funds held by Bank of America Corporation, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities; and it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure, Canes Nineteen, LLC, Rich Annunziata, Adam Bleggi and Martin Nestares be, and hereby are, preliminary enjoined from transferring, withdrawing or dissipating property, assets or other funds at the direction or on behalf of Elliot S. Smerling or an individual or entity affiliated with Elliot S. Smerling; provided that nothing in this Order shall prohibit the managers of Canes Nineteen, LLC, Richard Annunziata, Martin Nestares, and Adam Bleggi, from paying employee health insurance premiums in the amount of $7,563.94 due monthly using funds held in the name

4

of Canes Nineteen, LLC in the account with the last four digits 9271 at JPMorgan Chase Bank, N.A., d/b/a Chase Bank; and it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure, each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this order, be, and hereby are, preliminary enjoined from directing Canes Nineteen, LLC, Rich Annunziata, Adam Bleggi or Martin Nestares to transfer, withdraw or dissipate any property, assets or other funds associated with any Defendant; and it is further

ORDERED that, under Rules 26(d)(1) and 45 of the Federal Rules of Civil Procedure, discovery, including third-party discovery, shall proceed immediately in this matter without delay and without the need for a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure; and it is further

ORDERED that SVB shall serve on each of Pacific Western Bank, Sumitomo Mitsui Banking Corporation, JPMorgan Chase Bank, N.A., d/b/a Chase Bank, and Bank of America Corporation a copy of this Order within 24 hours of entry; and it is further

ORDERED that, within 24 hours of entry of this Order, SVB shall serve a copy of this Order upon Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a)     Elliot S. Smerling, care of the Federal Bureau of Prisons, directed to the facility at which, to the best of SVB's knowledge, Elliot S. Smerling is currently being detained;

(b)     Elliot S. Smerling, care of Elaine M. Smerling, directed to each of 11353 Manatee Terrace, Lake Worth, FL 33449 and 3049 Hartridge Terrace, Wellington, FL 33414;

(c)     JES Global Capital GP III, LLC, directed to its registered Delaware agent;

    (d)    JES Global Capital III, L.P., directed to its registered Delaware agent; and

    (e)    David Kubiliun, Greenspoon Marder LLP, as counsel to Elliot S. Smerling in *United States v. Elliot S. Smerling*, No. 21 Mag. 2223 (S.D.N.Y.); and it is further

ORDERED that Defendants, upon making an appearance in this action, may move to amend, vacate or otherwise modify this Order, in which case the parties shall meet and confer regarding a proposed briefing schedule and hearing for the same.

Dated:    April 8, 2021
            New York, New York

                                                        John P. Cronan, U.S.D.J.