# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SILICON VALLEY BANK,<br><br>              Plaintiff,<br><br>    v.<br><br>JES GLOBAL CAPITAL GP III, LLC; and ELLIOT S. SMERLING<br><br>              Defendants. | 21 Civ. 2552 (JPC)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING MATERIALS PRODUCED BY NON-PARTY SUMITOMO MITSUI BANKING CORPORATION** |

JOHN P. CRONAN, District Judge:

    Plaintiffs Silicon Valley Bank ("Plaintiff") and non-party Sumitomo Mitsui Banking Corporation ("SMBC"), having agreed to the following confidentiality terms; and

    The Court having found that good cause exists for issuing an appropriately tailored confidentiality order governing the exchange of information between SMBC and Plaintiff;

    IT IS HEREBY ORDERED that any person subject to this order (the "Order")— including, without limitation, the parties to this action, their representatives, agents, experts, and consultants, all non-parties providing or receiving discovery in this action, and all other interested persons with actual or constructive notice of the Order—will adhere to the following terms:

    1.    All information and documents of any kind provided by SMBC or any current or former affiliate, subsidiary, or employee of SMBC, with respect to this action, including, without limitation, information provided to Plaintiff in response to Plaintiff's Subpoena to Produce

1

Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated March 29, 2021, will hereinafter be referred to as "SMBC Material." Any person subject to this Order who receives from any other person any SMBC Material that is designated as "Confidential" or "Highly Confidential" including any party to this action, will not disclose said SMBC Material to anyone else except as expressly permitted by this Order.

2. All SMBC Material produced or disclosed in connection with this action will be used solely for pursuing claims or defense in this action (including any appeal therefrom) and for no other purpose, including use in other legal actions, present or future.

3. SMBC may designate as "Confidential" any SMBC Material ("Confidential SMBC Material") that consists of:

    a. financial information not previously disclosed to the public (including, without limitation, profit and loss reports or estimates, trading positions, transactional data, risk reports, liquidity reports, materials related to fees received for services provided, and materials related to employee compensation);

    b. material not previously disclosed to the public relating to ownership or control of any non-public company;

    c. business plans, trading strategies, or marketing materials not previously disclosed to the public;

    d. proprietary business information or communications, or other confidential research or development information or communications;

    e. information for which applicable law, regulation, policy, or other guidance or rule of any governmental authority—foreign or domestic—requires confidential treatment, to the extent any disclosure is permitted by law; or

f.  any other category of information given confidential status by the Court.

4. SMBC may designate any SMBC Material as "Highly Confidential" ("Highly Confidential SMBC Material") where: (a) SMBC reasonably and in good faith believes that disclosure of the SMBC Material to the full extent otherwise permitted by this Order could result in competitive, commercial, or personal harm to SMBC, or to improper market manipulation; or (b) the SMBC Material includes information for which applicable law, regulation, policy, or other guidance or rule of any governmental authority—foreign or domestic—requires confidential treatment, to the extent any disclosure is permitted by law, trade secrets within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), and/or undisclosed financial information of a third party.

5. With respect to Confidential or Highly Confidential SMBC Material other than deposition transcripts and exhibits, SMBC and its counsel may designate such SMBC Material by stamping or otherwise clearly marking "Confidential" or "Highly Confidential" on the SMBC Material in a manner that will not interfere with legibility or audibility. If the SMBC Material is electronically stored information ("ESI") and stamping or otherwise clearly marking such SMBC Material is not possible, SMBC may designate such SMBC Material as "Confidential" or "Highly Confidential" by (1) affixing a stamp with "Confidential" or "Highly Confidential" on the medium on which the ESI is stored when copies are delivered to Plaintiff; and (2) designating the production as "Confidential" or "Highly Confidential" in the transmittal cover letter. Deposition testimony and exhibits may be designated as "Confidential" or "Highly Confidential" either on the record during the deposition or within thirty (30) days of receipt of the transcript. Until such time period expires without a confidentiality designation having been made, the entire deposition transcript and exhibits will be treated as Highly Confidential SMBC Material unless

otherwise specified in writing or on the record of the deposition by SMBC. If SMBC designates the entire deposition transcript and/or exhibits, or any portion thereof, as "Confidential" or "Highly Confidential," the designated portions of the transcript and/or exhibits will be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the court reporter.

6. Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential or Highly Confidential SMBC Material will (a) certify that he or she has read this Order and manifests his or her assent to be bound thereby by signing a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, (b) treat copies of any transcript, court reporter's notes, audio or video recording, or any other transcription records as Confidential or Highly Confidential SMBC Material, and (c) deliver any transcript or video containing Confidential or Highly Confidential SMBC Material only to counsel, the witness, or the Court (filed under seal). A party who notices a deposition will be responsible for notifying any court reporter or videographer of the existence of this Order and obtaining such consent to be bound.

7. During a deposition, only persons to whom, respectively, disclosure of Confidential or Highly Confidential SMBC Material is permitted under Paragraphs 10 or 11 of this Order will remain present while Confidential or Highly Confidential SMBC Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential or Highly Confidential SMBC Material, the witness may assert the confidentiality of the material as a basis for refusing to answer only if a person not authorized under, respectively, Paragraphs 10 or 11 of this Order is present.

8.      If at any time before the trial of this action, a party—other than SMBC, which produced and originally designated such material—believes that some portion(s) of SMBC Material were previously produced without a proper confidentiality designation (including that the SMBC Material should have been produced with a less restrictive designation), that party may notify all parties and SMBC in writing, and such designated portion(s) of the SMBC Material will thereafter be treated as "Confidential" or "Highly Confidential" under the terms of this Order until any dispute about the proper confidentiality designation is resolved. In addition, SMBC and the party seeking a new confidentiality designation will consult and attempt to agree upon the proper confidentiality designation. If they are unable to resolve any dispute about the proper confidentiality designation of such SMBC Material, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. SMBC will provide to each other party replacement versions of such SMBC Material bearing the amended confidentiality designation within five (5) business days of an agreement between SMBC and the party upon such confidentiality designation or a resolution by the Court of any dispute or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

9.      If at any time before the trial of this action, SMBC determines that some portion(s) of SMBC Material it previously produced were not properly designated (including being subject to a less restrictive confidentiality designation), it may amend the confidentiality designation by notifying all parties who received such material in writing, and such designated portion(s) of the SMBC Material will thereafter be treated under the amended confidentiality designation. In addition, SMBC will provide all parties with replacement versions of such SMBC Material bearing the amended confidentiality designation within five (5) business days of

providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

10. Other than SMBC, no person subject to this Order (including any witness to whom Confidential SMBC Material has been provided under Paragraphs 10(d) and 10(e) below) will disclose, summarize, describe, characterize, or otherwise communicate to or make available any of the Confidential SMBC Material to any other person, except to the persons described in the below subparagraphs. Any disclosure permitted by this Paragraph may be made only to the following persons and only to the extent reasonably necessary to pursue claims or defenses in this action:

    a. Plaintiff, or any other party to this action that first executes a Non-Disclosure Agreement in the form annexed as Exhibit A hereto ("NDA Party" or "NDA Parties");

    b. Plaintiff's or NDA Parties' outside counsel and in-house counsel participating in pursuing claims or defenses in this action in their roles as lawyers, including any paralegal, translator, administrative assistant, and/or other assistant employed by such counsel and involved in this action;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who has been subpoenaed or otherwise called to testify at trial, hearing, or deposition in this action, while on the record and in the course of such trial, hearing, or deposition, provided that the party intending to use Confidential SMBC Material during the examination uses reasonable efforts to obtain the witness's consent to execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, and, if the witness declines to

execute the Non-Disclosure Agreement, the witness has, before disclosure, been advised of the contents of this Order;

e. any witness who counsel for Plaintiff or an NDA Party in good faith believes may be called to testify at trial, hearing, or deposition in this action or is called to testify at trial, hearing, or deposition in this action, provided such person has, before disclosure, first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, as provided in Paragraph 14 of this Order;

f. any person retained by Plaintiff or an NDA Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, as provided in Paragraph 14 of this Order;

g. court reporters or videographers engaged to transcribe and/or videotape testimony at depositions conducted in this action, as provided in Paragraph 6 of this Order;

h. independent photocopying services, graphic production services, or litigation support services employed by Plaintiff or an NDA Party or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

i. the Court and its support personnel; and

j. any other person whom SMBC in its sole discretion agrees in writing may have access to such SMBC Material.

11. Other than SMBC, no person subject to this Order (including any witness to whom Highly Confidential SMBC Material has been provided under Paragraph 11(c) below) will disclose, summarize, describe, characterize, or otherwise communicate or make available any of

the Highly Confidential SMBC Material to any other person, except to the persons described in the below subparagraphs. Any disclosure permitted by this Paragraph may be made only to the following persons and only to the extent reasonably necessary to pursue or defend against claims in this action:

      a.      Plaintiff's or NDA Parties' outside counsel and in-house counsel participating in pursuing claims or defenses in this action in their roles as lawyers, including any paralegal, translator, administrative assistant, and/or other assistant employed by such counsel and involved in this action;

      b.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      c.      any witness who has been subpoenaed or otherwise called to testify at trial, hearing, or deposition in this action, while on the record and in the course of such trial, hearing, or deposition, subject to the following procedure:

      i.      Any party intending to use Highly Confidential SMBC Material during the examination (the "examining party") of an individual not otherwise covered by Paragraph 11 of this Order, will use reasonable efforts to obtain the witness's consent to execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, as provided in Paragraph 14 of this Order at least five (5) business days in advance of the date of the witness's testimony or deposition. If the witness declines to execute the Non-Disclosure Agreement, the examining party will notify counsel for SMBC of that fact and identify the Highly Confidential SMBC Material the examining party intends to show the witness to counsel for SMBC no later than four (4) business days before the trial, hearing, or deposition.

ii. If the witness declines to execute the Non-Disclosure Agreement, SMBC may thereafter object to the use of the Highly Confidential SMBC Material, and if SMBC does so, then SMBC and the examining party will attempt to resolve the dispute. If they are unable to do so, the Court will resolve the dispute. If the Court is unavailable to resolve the dispute before a deposition, the Highly SMBC Material will not be disclosed to the witness or his or her counsel, and that deposition will remain open until the Court resolves the dispute. If the Court later determines that the Highly Confidential SMBC Material can be used to question the witness, the deposition will re-commence to allow for such questioning.

iii. If SMBC has no objection to the use of Highly Confidential SMBC Material, it can be shown to the witness.

d. any person retained by Plaintiff or an NDA Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, as provided in Paragraph 14 of this Order;

e. court reporters or videographers engaged to transcribe and/or videotape testimony at depositions conducted in this action, as provided in Paragraph 6 of this Order;

f. independent photocopying services, graphic production services, or litigation support services employed by Plaintiff or an NDA Party or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

g. the Court and its support personnel; and

h. any other person whom SMBC in its sole discretion agrees in writing may have access to such SMBC Material.

12. Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential or Highly Confidential SMBC Material in rendering such advice; provided, however, that in rendering such advice or in otherwise communicating with his or her client, the attorney will not reveal or disclose the specific content of SMBC Material if such disclosure is not otherwise permitted under this Order.

13. Nothing in this Order will limit SMBC's rights concerning the SMBC Material it produces.

14. Before any disclosure of any Confidential or Highly Confidential SMBC Material to any person referred to in Paragraphs 10(e), 10(f), or 11(d) above, such person will be provided by counsel with a copy of this Order and will sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Before the disclosure of any Confidential or Highly Confidential SMBC Material to any person referred to in Paragraphs 10(d) and 11(c), counsel will provide such person with a copy of this Order and use reasonable efforts to obtain the consent of such person to sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel will retain each signed Non-Disclosure Agreement and produce it to opposing counsel before such person being permitted to testify (at deposition, hearing, or trial).

15. Any person who has access to any Confidential or Highly Confidential SMBC Material will maintain such material in a secure and safe area and will exercise a reasonable standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. Any

copies, reproductions, extractions, or abstractions of Confidential or Highly Confidential SMBC Material will be subject to the terms of this Order and labeled in the same manner as the Confidential or Highly Confidential SMBC Material on which they are based.

16. If a party—other than SMBC—learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential SMBC Material to any person or persons in any circumstance not authorized by this Order, that party must immediately (a) notify SMBC in writing of the unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the disclosed Confidential or Highly Confidential SMBC Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

17. All Confidential and Highly Confidential SMBC Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential or Highly Confidential SMBC Material, will be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their reasonable best efforts to minimize such sealing. Any party to this action may access Confidential or Highly Confidential SMBC Material filed under seal with the Court and will be subject to this Order with respect to any Confidential or Highly Confidential SMBC Material filed under seal, including but not limited to the confidentiality restrictions set forth in Paragraphs 10 and 11. *The parties shall comply with 4.A-B of the Court's Individual Rules and Practices in Civil Cases with regard to all redaction and sealing requests.*

    a. Notwithstanding any other provision of this Order, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal must comply with this

Court's practices concerning filing material under seal (to the extent available), specify those portions sought to be sealed, and set forth the reasons why sealing is appropriate.

        b.     Unless otherwise ordered, a party seeking to file an opposing party's confidential information will so advise the opposing party five (5) days in advance, specifying the precise portion of the information the party seeks to use, the general purpose thereof, and any redactions to which the party does not object. Within three (3) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with Paragraph 17 of this Order, indicating the portion or portions of the information it seeks to have sealed.

        c.     Nothing in this Order is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this action. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

    18.     If, in connection with this action, SMBC claims that it has inadvertently or otherwise produced SMBC Material that is subject to a claim of privilege or protection, including, without limitation, attorney-client privilege, attorney work product protection, data privacy laws, bank secrecy laws, state secrecy laws, or bank examination privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, will not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its subject matter in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    19.     If SMBC makes a claim of inadvertent disclosure, the receiving party will, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information,

and provide a written certification of counsel that all such information has been returned or destroyed.

20. Within seven (7) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, SMBC will produce a privilege log with respect to the Inadvertently Disclosed Information.

21. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion will be filed under seal, as provided in Paragraph 17 of this Order, and will not assert as a ground for entering such an order the fact of the inadvertent production.

22. SMBC retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order will limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

23. If, at any time, any SMBC Material governed by this Order is subpoenaed or requested by any court, administrative body, legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed will, to the extent permitted by law, promptly give written notice to SMBC and include with that notice a copy of the subpoena or request. To the extent permitted by law, the person to whom the subpoena or request is directed also will not produce documents for at least ten (10) days after notice of the subpoena is provided to SMBC in order to provide SMBC a reasonable period of time in which to seek to quash, limit, or object to the subpoena or request, or to move for any protection for the SMBC Material. If the person to whom the subpoena or request is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten (10) days, the person to whom the subpoena or request is directed will, to

the extent permitted by law, notify SMBC of this fact. In no event will such SMBC Material subject to this Order be produced by a person receiving a subpoena or request without providing SMBC an opportunity to quash, limit, or object, absent a court order to do so or as otherwise required by law. In the event that SMBC Material designated as "Confidential" or "Highly Confidential" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request will take commercially reasonable steps to ensure that the protections afforded under this Order will continue to apply to such SMBC Material. The production, if any, of Confidential or Highly Confidential SMBC Material pursuant to a subpoena or request will not cause such Confidential or Highly Confidential SMBC Material to lose its status as Confidential or Highly Confidential SMBC Material.

24. Confidential or Highly Confidential SMBC Material that has been produced, whether voluntarily, under subpoena, or otherwise, to any governmental authority (including any division of any federal, state, or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing, or insuring entity), or that is subsequently produced to any such governmental authority, will nonetheless continue to be subject to this Order and will not cease to be Confidential or Highly Confidential SMBC Material solely because it was or is so produced, regardless of whether such governmental authority made or makes such Confidential or Highly Confidential SMBC Material available to one or more third parties.

25. The undersigned agree to meet and confer concerning the use of any Confidential or Highly Confidential SMBC Material at hearings or at the trial of this action not fewer than ten (10) days before any such hearing or trial. Where a hearing or trial is scheduled on less than ten (10) days' notice, the parties agree to meet and confer as soon as practicable after receiving

notice, but in any event, not fewer than twenty-four (24) hours in advance of the hearing or trial. The use of Confidential or Highly Confidential SMBC Material at hearings or trial will not cause such Confidential or Highly Confidential SMBC Material to lose its status as Confidential or Highly Confidential SMBC Material.

26. This Order will survive the termination of the action. The Court retains jurisdiction over the parties, counsel for the parties, and all others to whom this Order applies, for purposes of enforcement of this Order following the conclusion of this action. Upon written request of SMBC, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Confidential or Highly Confidential SMBC Material and all copies of such material will be returned or destroyed by the receiving person, and so certified in writing within ninety (90) days of SMBC's written request. Notwithstanding any other provision of this Order, the obligation to return or destroy all Confidential or Highly Confidential SMBC Material and all copies of such material upon such written request will not apply to pleadings, motions, briefs, supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), Court opinions or orders, attorney-client privileged material, and/or work product created by counsel, a party, or a third party in connection with this action, which reflect, summarize, or otherwise refer to Confidential or Highly Confidential SMBC Material, and copies thereof retained by counsel, so long as such material is clearly marked to reflect that it contains such information and the person retaining such material otherwise complies with this Order with respect to such retained material.

27. Except to the extent that federal law may be applicable, specifically the Federal Rules of Civil Procedure, this Order is governed by, interpreted under, and construed and

enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York. Any dispute between the parties regarding this Order will be resolved by making an appropriate application to this Court in accordance with its rules.

28. This Order may be modified only by agreement of Plaintiff and SMBC or by an order of this Court. Nothing herein will preclude any party from seeking modification of this Order, or from seeking additional protection for particular documents for good cause.

29. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

30. This Stipulation and Order may be executed in counterparts.

**SO STIPULATED AND AGREED.**

| /s/ *Lorin L. Reisner* | /s/ *Stephen L. Ascher* |
|---|---|
| Lorin L. Reisner | Stephen L. Ascher |
| Allan J. Arffa | Andrew J. Lichtman |
| Susanna M. Buergel | JENNER & BLOCK |
| Christopher L. Filburn | 919 Third Avenue |
| Kristina Bunting | New York, NY 10022 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | Telephone: (212) 891-1600 |
|  | Fax: (212) 891-1699 |
| 1285 Avenue of the Americas | sascher@jenner.com |
| New York, NY 10019-6064 | alichtman@jenner.com |
| Telephone: (212) 373-3000 |  |
| Fax: (212) 757 3990 |  |
| lreisner@paulweiss.com |  |
|  |  |
| *Attorneys for Plaintiff Silicon Valley Bank* | *Attorneys for Sumitomo Mitsui Banking Corporation* |

**IT IS SO ORDERED.**

Signed this  28  day of ____April____, 2021.

                                                                                     _____
                                                                                      Honorable John P. Cronan
                                                                                      United States District Judge

# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SILICON VALLEY BANK,<br><br>    Plaintiff,<br><br>  v.<br><br>JES GLOBAL CAPITAL III GP, LLC; and ELLIOT S. SMERLING,<br><br>    Defendants. | 21 Civ. 2552 (JPC)<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____, acknowledge that I have read and understand the Stipulation and Protective Order Governing Materials Produced by Sumitomo Mitsui Banking Corporation (the "Protective Order") in this action. I agree that I will use SMBC Material solely for pursuing claims or defenses in this action and for no other purpose and that I am subject to the terms of the Protective Order. For the avoidance of doubt, I agree that I will not disclose SMBC Material, including SMBC Material designated as "Confidential" or "Highly Confidential," except as authorized by the Protective Order and that at the conclusion of the litigation I will return all SMBC Material I have received to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____      _____

                                          **[NAME]**