## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SILICON VALLEY BANK,<br><br>               Plaintiff,<br><br>    vs.<br><br>JES GLOBAL CAPITAL GP III, LLC; and<br>ELLIOT S. SMERLING,<br><br>               Defendants. | 21 Civ. 2552 (JPC) |

## THIRD SUPPLEMENTAL ORDER TO SHOW CAUSE FOR AN
## ORDER OF ATTACHMENT AND TEMPORARY RESTRAINING ORDER

Plaintiff Silicon Valley Bank ("SVB"), having applied for an order of attachment pursuant to Rule 64 of the Federal Rules of Civil Procedure and New York CPLR 6201 & 6212 against bank accounts affiliated with Defendants, and upon the previously filed Declaration of Tom Davies, dated March 25, 2021 (ECF No. 16), the previously filed Declaration of Lorin L. Reisner, dated March 26, 2021 (ECF No. 17), and the Declaration of Susanna M. Buergel, dated June 1, 2021, together with the attached exhibits, SVB's Third Supplemental Motion for an Order of Attachment and Temporary Restraining Order, and all pleadings in this action, it is hereby

ORDERED that Defendants JES Global Capital GP III, LLC and Elliot S. Smerling show cause before the Honorable John P. Cronan, United States District Judge, at _9:30_ a.m./~p.m.~ on _June_ _14_ , 2021 or as soon thereafter as counsel may be heard, why an order should not be entered:

(i)      Under Rule 64 of the Federal Rules of Civil Procedure and New York CPLR 6201, attaching the real property currently held in fee simple ownership by Canes Fourteen, LLC in Florida at the address of 11353 Manatee Terrace, Lake Worth, FL 33449;

(ii)     Under Rule 64 of the Federal Rules of Civil Procedure and New York CPLR 6201, attaching the real property currently held in fee simple ownership by Canes Two, LLC in Florida at the address of 3049 Hartridge Terrace, Wellington, FL 33414;

(iii)    Under Rule 64 of the Federal Rules of Civil Procedure and New York CPLR 6201, attaching the following assets currently titled to Canes Twelve, LLC:

  a.   2018 Alfa Romeo; VIN: ZARFAEAV7J7584118;

  b.   2021 Audi; VIN: WA1CWBF14MD010921;

  c.   2020 Cadillac; VIN: 1GYS4KKJ6LR274988;

  d.   2020 Corvette; VIN: 1G1Y83D41L5113207

  e.   2017 Ferrari; VIN: ZFF77XJA1H0223395;

  f.   2014 Ford Truck; VIN: 1FTFW1R65EFC08045;

  g.   1991 Harley Davidson; VIN: 1HD1BML15MY023788;

  h.   2016 Land Rover; VIN: SALAK2V66GA792286;

  i.   2017 Mercedes; VIN: WDCYC7DFXHX267273;

  j.   2017 Polaris; VIN: 3NSRHE996HH872889;

  k.   2017 Porsche; VIN: WP0BF2A76HL187026; and

  l.   1996 Triumph; VIN: SMT395DJ3TJ030774.

The above assets collectively referred to throughout as the "Subject Vehicles"; and

(iv)    Enjoining each Defendant, its officers, agents, employees, servants and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this order, from selling, leasing, encumbering or otherwise dissipating the real property located at 11353 Manatee Terrace, Lake Worth, FL 33449, the real property located at 3049 Hartridge Terrace, Wellington, FL 33414, or any of the Subject Vehicles; and

(v)     Granting such other and further relief as to the Court may seem just and proper.

The Court makes the following preliminary findings of fact and conclusions of law under Rules 64 and 65 of the Federal Rules of Civil Procedures and New York CPLR 6201, 6211 and 6212 on the application of Plaintiff SVB for an order of prejudgment attachment:

1.     SVB has a valid claim for a money judgment in the amount of at least $79,957,322.65.

2.     SVB is likely to succeed on the merits.

3.     SVB is likely entitled to recover the sum at issue.

4.     SVB is entitled to an Order of Attachment against the property of Defendants on the bases set forth in (i) CPLR 6201(1), on the ground Defendants are non-domiciliaries of New York or non-New York corporations; and (ii) CPLR 6201(3), on the ground that Defendants are likely to attempt to shield assets from judgment.

5.     Defendants have not filed any counterclaim.

6.     An order of attachment is an appropriate exercise of the Court's discretion, as it is necessary to ensure that any judgment SVB obtains in this action against Defendants is satisfied.

Accordingly, it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, pending a show cause hearing on SVB's application for an order of prejudgment attachment, the real property currently held in fee simple ownership by Canes Fourteen, LLC in Florida at the address of 11353 Manatee Terrace, Lake Worth, FL 33449 is hereby attached; and it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, pending a show cause hearing on SVB's application for an order of prejudgment attachment, the real property currently held in fee simple ownership by Canes Two, LLC in Florida at the address of 3049 Hartridge Terrace, Wellington, FL 33414 is hereby attached; and it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, pending a show cause hearing on SVB's application for an order of prejudgment attachment, the Subject Vehicles are hereby attached; and it is further

ORDERED that each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this order, be, and hereby are, temporarily restrained from selling, leasing, encumbering or otherwise dissipating the real property located at 11353 Manatee Terrace, Lake Worth, FL 33449, the real property located at 3049 Hartridge Terrace, Wellington, FL 33414, or any of the Subject Vehicles; and it is further

ORDERED that each of Canes Two, LLC, Canes Twelve, LLC, Canes Fourteen, LLC, and each manager of those entities, be, and hereby are, temporarily restrained from selling, leasing, encumbering or otherwise dissipating the real property located at 11353 Manatee Terrace, Lake Worth, FL 33449, the real property located at 3049 Hartridge Terrace, Wellington, FL 33414, or any of the Subject Vehicles; and it is further

~~ORDERED that SVB is permitted under this Order to obtain property liens as to the real property located at 11353 Manatee Terrace, Lake Worth, FL 33449 and the real property located at 3049 Hartridge Terrace, Wellington, FL 33414; and it is further~~

~~ORDERED that SVB is permitted under this Order to obtain title liens as to the Subject Vehicles; and it is further~~

ORDERED that this temporary restraining order shall be effective upon filing and continue in effect subject to the Bond posted by SVB (ECF No. 25); and it is further

ORDERED that SVB shall serve Richard S. Annunziata, manager of Canes Nineteen, LLC, which in turn is manager of Canes Two, LLC, Canes Twelve, LLC and Canes Fourteen, LLC, a copy of this Order within 24 hours of entry; and it is further

ORDERED that, within 48 hours of entry of this Order, SVB shall serve a copy of this Order upon Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a)    Elliot S. Smerling, care of counsel of record in this action;

(b)    JES Global Capital GP III, LLC, directed to its registered Delaware agent; and

(c)    JES Global Capital III, L.P., directed to its registered Delaware agent.

Opposition papers, if any, shall be served on counsel of record for Plaintiff via ECF so that they are received on or before ~~a.m./p.m. on~~ June        9, 2021.  Reply papers, if any, shall be served via ECF so that they are received on or before ~~a.m./p.m. on~~ June 11, 2021.  Nothing in this Order is intended to interfere with the authority or work of James Feltman, the court-appointed receiver in the case entitled *Citizens Bank, N.A. v. JES Global Capital II, L.P.*, No. 21 Civ. 80815, pending in the Southern District of Florida.

Dated: New York, New York
June   3 , 2021

_____
John P. Cronan, U.S.D.J.