UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

SILICON VALLEY BANK

           Plaintiff

  Vs.

JES GLOBAL CAPITAL GPIII, LLC
and

ELLIOTT SMERLING

           Defendants

2021 Civ 2552 (JPC)

RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO THIRD SUPPLEMENTAL ORDER TO SHOW CAUSE TO ATTACH CERTAIN PROPERTIES

Philip L. Reizenstein, Esq.
Reizenstein & Associates, PA.
Attorney for Elliot Smerling
Appearing Pro Hac Vice
Florida Bar# 634026
2828 Coral Way
Suite 540
Miami, FL, 33145
(305) 444-0755
Philreizenstein@protonmail.com

1

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... i

INTRODUCTION ............................................................................................................1

I. ATTACHMENT IS NOT FAVORED IN LAW AND STRICTLY CONSTRUED AGAINST THE PARTIES SEEKING THE ATTACHMENT .......2

II. THE REQUIREMENTS FOR ATTACHMENT IN CPLR 6201 ARE NOT FULLY MET ........................................................................................................3

III PROPERTIES HELD IN TRUSTS ARE EXEMPT FROM EXECUTION OF JUDGMENT .....................................................................................................4

CONCLUSION .................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*DLJ Mtge. Capital, Inc. v. Kontogiannis,* 594 F.Supp.2d 308  (EDNY 2009) .........2

*Morgenthau v. Avion Resources, Ltd.,* 11 N.Y.3d 383, 869 N.Y.S.2d 886 (2008) ...2

*Penoyar v. Kelsey,* 150 N.Y. 77  (1896) .................................................................2

*VisionChina Media Inc. v. S'holder Representative Services, LLC*, 967 N.Y.S.2d 338 (2013) ...............................................................................................................2

**Statutes**

CPLR 5205 ................................................................................................................4

CPLR 6201 ............................................................................................................2, 3

CPLR 6212 ................................................................................................................3

## INTRODUCTION

The Plaintiff has moved via a motion for order to show cause for prejudgment attachment and a temporary restraining order of certain property including real property and automobiles pursuant to rules 64 and 65 of the Federal Rules Of Civil Procedure and sections 6201, 6211, and 6212 of New York's CPLR. This court set June 9, 2021, as the date for Mr. Smerling to respond to the order to show cause.

Elliot Smerling has no objection to the court granting the temporary restraining order and prejudgment attachment of the automobiles listed in DE55 ¶(iii) (a-l). It has been conveyed to the undersigned counsel that the receiver and perhaps other parties have agreed that for the time being Elliot Smerling's wife Elaine Smerling will retain possession of the Cadillac Escalade listed in (iii)(c) of the order to show cause with the understanding that she shall maintain it for personal use and not sell it.

As to the real property listed in DE55, to wit: 11353 Manatee Terrace, Lake Worth, FL, 33349 and 3049 Hartridge Terrace, Wellington, FL, 33414, the undersigned counsel is under the belief that both properties have been placed in an irrevocable trust of which Elliott Smerling is not a beneficiary. However, in a brief discussion on this issue with Paul Singerman, Esq., counsel to the receiver in

1

CITIZENS BANK, NA v. JES GLOBAL CAPITAL II, L.P.; JES GLOBAL CAPITAL GP II, LLC; and ELLIOT S. SMERLING,  (21-cv-90915AMC, SDFL), Mr. Singerman informed counsel that Mr. Smerling is a beneficiary of the trust. Counsel for Mr. Smerling does not have the trust documents.

For the foregoing reasons this court should exercise its discretion and not attach the real property.

## I. ATTACHMENT IS NOT FAVORED IN LAW AND STRICTLY CONSTRUED AGAINST THE PARTIES SEEKING THE ATTACHMENT

Attachment is not mandated. CPLR 6201 states "An order of attachment *may* be granted in any action…"  (**emphasis added**). "Attachment is a 'harsh' remedy, and is construed narrowly in favor of the party against whom the remedy is invoked." *VisionChina Media Inc. v. S'holder Representative Services, LLC*, 967 N.Y.S.2d 338, 345 (2013)) *citing Penoyar v. Kelsey,* 150 N.Y. 77, 80 (1896);  *DLJ Mtge. Capital, Inc. v. Kontogiannis,* 594 F.Supp.2d 308, 319 (EDNY 2009). Whether to grant a motion for an order of attachment rests within the discretion of the court. *see Morgenthau v. Avion Resources, Ltd.,* 11 N.Y.3d 383, 387, 869 N.Y.S.2d 886  (2008) (no abuse of discretion when court declined to confirm the attachment orders ).

## II. THE REQUIREMENTS FOR ATTACHMENT IN CPLR 6201 ARE NOT FULLY MET

As the Plaintiff notes in their memorandum of law DE56, there are certain conditions under CPLR 6201 that must be met for attachment under CPLR 6212.

CPLR 6201 permits attachment when:

> 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts.

This requirement is not met. The properties have remained in the same status since Mr. Smerling's arrest on February 26, 2021, in the Southern District Of Florida. The properties have not been placed for sale or mortgaged or transferred. Indeed, because the properties are owned by a trust which is not, under information and belief, under the control of Mr. Smerling, the property cannot be sold or mortgaged at Mr. Smerling's direction. While the Plaintiff has made an argument to the Court about the fraudulent intent and activities of Mr. Smerling, those arguments relate to the procurement of the loan at issue in this lawsuit and not any of the properties that are sought to be attached.

As to the other requirements of CPLR 6201:

> 1. the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
> 2. the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so…

3

Mr. Smerling is currently in the custody of the United States, and is housed at a jail facility in Newark, New Jersey. Mr. Smerling's companies have been served. The reasons for why property should be attached do not exist in this case other than speculation that the property will be disposed of. Yet to date, despite two civil actions and one criminal action instituted against Mr. Smerling, no party in either of the criminal or civil actions have been able to come before any court and point to any transfer, movement, sale or secreting of any property owned by Mr. Smerling, owned by any company related to Mr. Smerling, or any property placed in a trust.

Both properties were purchased before the loan in this case was obtained. 3049 Hartridge Terrace, Wellington, FL, 33414 was purchased in 2005. 11353 Manatee Terrace, Lake Worth, FL, 33349 was purchased in July 2016.

## III PROPERTIES HELD IN TRUSTS ARE EXEMPT FROM EXECUTION OF JUDGMENT

Despite the Plaintiff's averment that it will be successful on the merits, property held in trust is generally exempt from execution of judgment. See CPLR 5205:

> (c) Trust exemption. 1. Except as provided in paragraphs four and five of this subdivision, all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust

has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.

Therefore, despite the Plaintiff's apparent ability to succeed on the merits, the issue of which is not being raised here, without the cooperation of Elliot Smerling and the beneficiaries of the trusts, the Plaintiff's ability to succeed in attaching the real properties held in trust is less apparent, which is another reason for this court to exercise its discretion and not attach the real property.

## CONCLUSION

Because it is anticipated that both civil actions will be settled shortly, and because there is a significant difference between the ability to move, hide, and sell an automobile versus real property, Mr. Smerling does not oppose the automobiles being attached. But because attachment is a disfavored remedy, because there has been no showing for the need for this court to exercise its discretion regarding the two real properties, and because the properties are held in trust, the defendant objects to the court ordering attachment of the two properties listed in the order to show cause.

Respectfully Submitted,

S/*Philip L. Reizenstein*
Philip L. Reizenstein, Esq.
Reizenstein & Associates, PA.
Appearing Pro Hac Vice

Florida Bar# 634026
2828 Coral Way
Suite 540
Miami, FL, 33145
(305) 444-0755
Philreizenstein@protonmail.com