UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SILICON VALLEY BANK,<br><br>                  Plaintiff,<br><br>vs.<br><br>JES GLOBAL CAPITAL GP III, LLC; and ELLIOT S. SMERLING,<br><br>                  Defendants. | 21 Civ. 2552 (JPC) |

**[PROPOSED] ORDER OF PRE-JUDGMENT
ATTACHMENT AND PRELIMINARY INJUNCTION**

Plaintiff Silicon Valley Bank ("SVB"), having applied for orders of attachment and temporary restraining orders pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6212, and upon the previously filed Declaration of Tom Davies, dated March 25, 2021 (ECF No. 16), the previously filed Declaration of Lorin L. Reisner, dated March 26, 2021 (ECF No. 17), the previously filed First Supplemental Declaration of Lorin L. Reisner, dated March 29, 2021 (ECF No. 23), the previously filed Second Supplemental Declaration of Lorin L. Reisner, dated March 31, 2021 (ECF No. 29), and the Declaration of Susanna M. Buergel, dated June 1, 2021 (ECF No. 57), together with the attached exhibits, and all other motions, memoranda, pleadings and other papers in this action; and

WHEREAS the Court has entered an Order to Show Cause for an Order of Attachment and Temporary Restraining Order (ECF No. 67); and

WHEREAS Plaintiff has filed an undertaking in the amount of $10,000 with the Court (ECF No. 25), which the Court deems sufficient for purposes of this Order; and

WHEREAS a telephonic show cause hearing has been held before the Court on a public line on June 14, 2021, at 9:30pm, at which Defendant Elliot S. Smerling appeared through counsel and Defendant JES Global Capital GP III, LLC made no appearance; and

WHEREAS the Court makes the following findings of fact and conclusions of law under the Federal Rules of Civil Procedure and New York's CPLR:

1. SVB has a valid claim for a money judgment in the amount of at least $79,957,322.65.

2. SVB is likely to succeed on the merits.

3. SVB is likely entitled to recover the sum at issue.

4. SVB is entitled to an order of attachment and preliminary injunction against the property identified below under (i) CPLR 6201(1), on the ground Defendants are non-domiciliaries of New York or non-New York corporations; and (ii) CPLR 6201(3), on the ground that Defendants are likely to attempt to shield assets from judgment.

5. Defendants have not filed any counterclaim.

6. An order of attachment and preliminary injunction is an appropriate exercise of the Court's discretion, as it is necessary to ensure that any judgment SVB obtains in this action against Defendants is satisfied.

IT IS ACCORDINGLY HEREBY

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, the real property located at 11353 Manatee Terrace, Lake Worth, FL 33449 is hereby attached; and it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, the real property located at 3049 Hartridge Terrace, Wellington, FL 33414 is hereby attached; and it is further

ORDERED that, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and New York CPLR 6201 and 6211, the following assets are hereby attached:

(a) 2018 Alfa Romeo; VIN: ZARFAEAV7J7584118;

(b) 2021 Audi; VIN: WA1CWBF14MD010921;

(c) 2020 Cadillac; VIN: 1GYS4KKJ6LR274988;

(d) 2020 Corvette; VIN: 1G1Y83D41L5113207;

(e) 2017 Ferrari; VIN: ZFF77XJA1H0223395;

(f) 2014 Ford Truck; VIN: 1FTFW1R65EFC08045;

(g) 1991 Harley Davidson; VIN: 1HD1BML15MY023788;

(h) 2016 Land Rover; VIN: SALAK2V66GA792286;

(i) 2017 Mercedes; VIN: WDCYC7DFXHX267273;

(j) 2017 Polaris; VIN: 3NSRHE996HH872889;

(k) 2017 Porsche; VIN: WP0BF2A76HL187026; and

(l) 1996 Triumph; VIN: SMT395DJ3TJ030774; and it is further

ORDERED that each Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this order, be, and hereby are, preliminarily enjoined from selling, leasing, encumbering or otherwise dissipating the real property and assets described in this Order; and it is further

ORDERED that, within 24 hours of entry of this Order, SVB shall serve a copy of this Order upon Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a) Elliot S. Smerling, care of counsel of record in this action;

(b) JES Global Capital GP III, LLC, directed to its registered Delaware agent;

(c) JES Global Capital III, L.P., directed to its registered Delaware agent; and it is further

ORDERED that nothing in this Order is intended to interfere with the authority or work of James Feltman, the court-appointed receiver in the case entitled *Citizens Bank, N.A. v. JES Global Capital II, L.P.*, No. 21 Civ. 80815, pending in the Southern District of Florida.

Dated:   June 14, 2021
         New York, New York

_____
John P. Cronan, U.S.D.J.