L6EVSILC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SILICON VALLEY BANK,

        Plaintiff,

    v.                                    21 CV 2552 (JPC)

JES GLOBAL CAPITAL GP III,
LLC, ELLIOT S. SMERLING,

        Defendants.              REMOTE TELECONFERENCE

------------------------------x

                                     New York, N.Y.
                                     June 14, 2021
                                     9:30 a.m.

Before:

                    HON. JOHN P. CRONAN,

                             District Judge

                     APPEARANCES

PAUL WEISS
    Attorneys for Plaintiff
BY:  LORIN L. REISNER
    ALLAN J. ARFFA

WOODWARD & REIZENSTEIN
    Attorneys for Defendant Elliot S. Smerling
BY:  PHILIP L. REIZENSTEIN

BERGER SINGERMAN
    Attorneys for Interested Party James S. Feltman
BY:  PAUL S. SINGERMAN


ALSO PRESENT:  JAMES S. FELTMAN

1           (Remote teleconference)

2           THE COURT:  Good morning.  This is Judge Cronan.

3           This is *Silicon Valley Bank v. JES Global Capital GP

4  *III, and Smerling,* No. 21 CV 2552.

5           As usual, before we begin, I just remind everyone of

6  two things:  One is that we have a court reporter on the line;

7  so if it is not obvious who is talking, please identify

8  yourself.  And also, this is an open telephone line open to the

9  press and public on a listen-only basis.  The court prohibits

10 the recording and rebroadcasting of court conferences,

11 including this one, and violation could result in sanctions.

12          So let me first find out who we have on the line.

13          I'll start with the plaintiff.

14          MR. REISNER:  Good morning, your Honor.

15          It's Lorin Reisner from Paul Weiss, for plaintiff,

16 Silicon Valley Bank.  And I'm joined on the call this morning

17 by my colleague Allan Arffa from Paul Weiss.

18          THE COURT:  Good morning, Mr. Reisner and Mr. Arffa.

19          MR. ARFFA:  Good morning, Judge.

20          THE COURT:  Good morning.

21          So let me check for the defendant then, do we have

22 counsel for the defendant?

23          MR. REIZENSTEIN:  Good morning, Judge.

24          Philip Reizenstein, on behalf of Elliot Smerling.

25          THE COURT:  Good morning, Mr. Reizenstein.

1          And you still just represent Mr. Smerling, not the
2  corporate defendant; is that right?
3          MR. REIZENSTEIN:  That's correct.  And I am of the
4  belief there will be no counsel for corporate defendants.
5          THE COURT:  Thank you very much.
6          I thought it would be helpful for me maybe just
7  finding out where things stand in this case.  I was planning to
8  have argument this morning on the application for a preliminary
9  injunction and the attachment orders, especially given
10 Mr. Reizenstein's opposition filed a few days ago.  But also on
11 late Friday I received a proposed final judgment on consent.
12         So maybe I'll start with you, Mr. Reisner.  In light
13 of that filing -- and I haven't entered it yet, because I
14 wanted to discuss it with the parties first -- will that
15 resolve any applications that you have for a preliminary
16 injunction and order of attachment?
17         MR. REISNER:  So, your Honor, thank you.
18         Our view is that the proposed attachment should
19 proceed as requested.  The requirements of CPLR 6201 have been
20 satisfied.  We may also seek, your Honor, additional
21 applications and relief post judgment, assuming that the
22 judgment on consent is entered.  We may seek additional
23 applications for relief under Rule 69 of the Federal Rules of
24 Civil Procedure.
25         I should also report, your Honor, that since our last

appearance before the Court, we've had a series of constructive discussions with counsel for the receiver in the *Citizens Bank Florida* case about coordination and cooperation. And we have reached an agreement in principle that we plan to submit for the Court's consideration in a proposed order as early as this week.

That proposed order would, among other things, extend the receiver's authority to collect Smerling-related assets to JES Global Capital III. It would make it clear that the receiver is acting for the benefit of all creditors, including Silicon Valley Bank. And subject to the Court's approval, it would expressly provide that the receiver's activities would also be subject to the supervision of this Court, as well as the court in Florida.

So in a nutshell, your Honor, subject to the Court's entry of the proposed judgment on consent as to Mr. Smerling, this action will proceed both with respect to post-judgment relief under Rule 69 of the federal rules; second, the matter will proceed as to the corporate defendant subject to a disposition of the claims against the corporate defendant; and we hope and expect, subject to the Court's approval, that the Court will supervise the activities of the receiver as the receiver continues to identify and collect Smerling-related assets.

THE COURT:  This is Judge Cronan.

1      Thank you, Mr. Reisner.  That is helpful.
2      I guess one question that I have before we talk more
3 about the requested order of attachment, the federal authority
4 for that would be Rule 64, right?
5      MR. REISNER:  Correct, your Honor.
6      THE COURT:  I guess what my confusion was, I thought
7 Rule 64 dealt with prejudgment relief.  If I were to grant that
8 today and then later on today enter the consent order of
9 judgment, wouldn't that relief no longer be in effect?
10      MR. REISNER:  You know, that's a good question, your
11 Honor.  I think it would remain in effect post judgment.
12 Theoretically, we could request under Rule 69 that the Court
13 attach the properties and automobiles, vehicles, that are the
14 subject of the current application, as well as the prior
15 applications.
16      I think we'll have to research this, but I had thought
17 that the orders in place, the prejudgment orders of attachment
18 that are in place, would remain in effect, even after the entry
19 of the proposed judgment on consent.  But we'll have to look at
20 that, your Honor, and see whether it makes sense or it's
21 required for us to try to convert that prejudgment relief into
22 post-judgment relief.  I hadn't thought deeply about the issue,
23 but I had assumed that those orders that were in place
24 prejudgment would remain in place, even following the proposed
25 judgment on consent.

| | |
|---|---|
| 1 | THE COURT:  Thank you, Mr. Reisner. |
| 2 | Well, maybe I will, before we turn to the order of |
| 3 | attachment, just stick on this topic. |
| 4 | Maybe I'll hold off on entering the judgment for a |
| 5 | couple of days to give you a chance to look into this and get |
| 6 | back to me and make sure that you want me to enter the order of |
| 7 | judgment as opposed to making that -- making application for |
| 8 | post-judgment relief at the same time I enter the order of |
| 9 | judgment.  Does that make sense? |
| 10 | MR. REISNER:  Certainly, your Honor.  That's perfectly |
| 11 | fine. |
| 12 | What I had in mind -- we will confirm that this is |
| 13 | appropriate under the interplay of the rules.  What I had in |
| 14 | mind was that the request for the order of attachment would be |
| 15 | entered first, the judgment on consent would then be entered, |
| 16 | and then we would then submit for the Court's approval, the |
| 17 | proposed order relating to the coordination between Silicon |
| 18 | Valley Bank and the receiver in Florida action subject to the |
| 19 | Court's supervision, if acceptable to the Court.  That was the |
| 20 | sequence that I thought made sense under the rules. |
| 21 | But what we'll do, as you've suggested, your Honor, is |
| 22 | we'll hustle over the next 24 hours, make sure that that |
| 23 | sequence makes sense, in light of the issue raised by the |
| 24 | Court, and submit a letter to the Court summarizing what we |
| 25 | think is appropriate after studying the law once more. |

1            THE COURT:  Thank you, Mr. Reisner.

2            I think you see what my concern is.

3            Assuming I enter the order of attachment, I just want

4    to make sure we don't inadvertently get in a position where

5    there's a gap of time where there's no order in effect

6    attaching any property that we determine should be --

7            MR. REISNER:  Completely understand, your Honor.  And

8    thank you very much for raising that for our consideration.

9            THE COURT:  And Mr. Reisner, also, with respect to

10   Count One as to Mr. Smerling, is the plan to dismiss that

11   count?  I believe the judgment deals with Counts Two, Three,

12   and Four, which are fraudulent inducement, conversion, and

13   unjust enrichment.  And I believe there was a Count One for

14   breach of contract.

15           MR. REISNER:  You know, I think Count One was only

16   against the corporate entity, your Honor, but we'll have to go

17   back and check that.  I think only Counts Two, Three, and

18   Four -- I thought that only Counts Two, Three, and Four were

19   directed to Mr. Smerling personally.

20           THE COURT:  You very well may be right about that.

21   And you touched upon this a little bit earlier, and you're

22   completely right, Count One just dealt with the corporate

23   defendant, so that all makes sense.

24           With respect to that corporate defendant, can you say

25   a little bit more about what the current plan is as to that

defendant?

MR. REISNER:  The current plan is not completely finalized, but the current plan is to seek a default judgment. But we're still huddling on our end to make sure that that is the best and most appropriate process.  But that's the current thinking, your Honor.

THE COURT:  Thank you.

Why don't we now turn to the request for the preliminary injunction and order of attachment.

I've read the submission from the parties over the past few days.  Mr. Reizenstein, is there anything you wish to add in particular in response to the reply that the plaintiff filed?

MR. REIZENSTEIN:  I will, with the understanding that you read what has been submitted and not repeat it.

Just very briefly to the final filing by the plaintiff, and maybe just overall so the Court can understand what's behind the reason for the filing.

Obviously I was aware that I had been speaking with Mr. Reisner with the intention of settling this case.  The Court should also know that the case in the Southern District of Florida against Mr. Smerling, the other civil matter, is being settled as well, in a similar fashion.  And the Court finally should also know that there is no objection from Mr. Smerling -- in fact, a full agreement -- that the receiver

be involved in both cases, so that the receiver be added to this.

I came into this case with a client that had already been incarcerated, was moved, that took a better part of two months, and very little access to documents. And still I'm having trouble getting access to documents so that I can determine and pull out threads from what is a tangled knot of the placement of properties, corporations, and trusts.

I do still have a very firm belief, as it has been related to me by the individual who created these trusts that these two real properties are, in fact, in trusts, and are not in the name of Mr. Smerling, which is part of the basis for my objection, as well as the fact that there is no proof, I believe, that there is any intent on him to move or incumber or secret or sell these properties.

Those actions that created trusts occurred well before the facts of this case. And because one of the properties is a family home that may be subject to potential homestead exemptions in either New York or Florida, or may not be because it's in trust for other individuals, I just can't at this time give the Court additional guidance, because I don't want to say one thing and have it be something else.

But other than that, I would stand on my pleadings.

THE COURT: Thank you.

And can you say anything more about why you believe

1    that property is in a trust?

2            MR. REIZENSTEIN:  Sure.

3            I spoke with the attorney from Greenspoon Marder,

4    which is a law firm in Miami.  There is one attorney who is

5    representing Mr. Smerling in his criminal matter in the

6    Southern District of New York.  There apparently was a

7    referring to that lawyer, who's a criminal defense attorney,

8    from the attorney who performed work for Mr. Smerling in the

9    creations of these trusts, which are in the Cook Islands, of

10   all places, so they are offshore trusts.

11           And I had a conversation with him trying to detail the

12   placement or the ownership of these properties.  And he

13   informed me that these properties were in a trust that was

14   created for the beneficiary, I believe, of Mr. Smerling's

15   children.  And the way that these properties got into trust,

16   which I will tell you now, is well beyond my expertise as an

17   attorney that handles litigation mostly in criminal and some

18   civil matters, not something that I have any expertise in, but

19   they were placed into ownership of one corporation, and then a

20   holding corporation, which then places the properties into this

21   trust that was created in the Cook Islands.

22           If you'll give me a moment, I am reviewing some notes

23   that were created for me.  And I believe -- and I'm trying to

24   obtain this -- that there is a transfer in July of 20 -- it's

25   either April -- in April 2018, a few things occurred.  And

1    these houses were transferred by warranty deed into
2    corporations, which then filed transfers to the trustee.  And
3    those are the documents that I agree Mr. Reisner pointed out in
4    his pleadings we have not yet filed with the Court and that I
5    am attempting to obtain.
6              THE COURT:  This is Judge Cronan again.
7              Can you also address the plaintiff, the CPL -- the
8    argument of the CPLR provision that you cited, 5205, concerns
9    personal property and not real property.
10             MR. REIZENSTEIN:  No, they were correct.
11             That's correct.
12             THE COURT:  Okay.
13             Mr. Reisner, anything further you wish to add?
14             MR. REISNER:  No, your Honor.
15             I think our position is set forth in our filings.
16             THE COURT:  Thank you.
17             MR. SINGERMAN:  Judge --
18             THE COURT: Yes, I'm sorry.  Someone else was just
19   about to speak?
20             MR. SINGERMAN:  Good morning, Judge Cronan.
21             This is Paul Singerman from the Berger Singerman law
22   firm in Florida.  We're counsel to James S. Feltman, the
23   receiver appointed by the federal district court in the
24   Southern District of Florida.
25             May I be heard briefly, your Honor?

1                THE COURT:  Of course, Mr. Singerman.  Good morning.

2                MR. SINGERMAN:  Good morning, your Honor.

3                Thank you so very much.

4                And for the record, your Honor, I believe that
5   Mr. Feltman, the court-appointed receiver from the Southern
6   District of Florida, is participating in the hearing today.

7                Your Honor, I wish only to make two points.

8                First, in the event your Honor is inclined to grant
9   the relief sought by Silicon Valley Bank this morning, we would
10  ask that any final order entered by your Honor contain the same
11  language as your Honor provided in the temporary restraining
12  order and, specifically, the two points of striking any lien
13  language and then the language that you added, your Honor,
14  directly above your signature that provided for your Honor's
15  order not impacting the ongoing work of the receiver pursuant
16  to the order appointing him in the Southern District of
17  Florida.

18               Secondarily, your Honor, on behalf of Mr. Feltman, I
19  join Mr. Reisner in apprising the Court of the very positive
20  collaborative interchanges between counsel for Silicon Valley
21  Bank and Mr. Feltman's advisers working towards mutually
22  agreeable orders that would be presented to your Honor for
23  consideration, expanding the scope of the receivership and Mr.
24  Feltman's involvement in the action before you, and similar
25  orders to be submitted to the court in the Southern District of

L6EVSILC

1  Florida.
2          We believe that the efforts of Silicon Valley Bank,
3  through counsel and Mr. Feltman, will lead to overall an
4  immensely more efficient administration of the efforts to
5  collect the assets of Mr. Smerling or assets in which he
6  directly or indirectly owns an interest or has the right to
7  control those assets in both of the federal district court
8  actions.
9          So we look forward to your Honor's consideration of
10 the orders to which Mr. Reisner referred.
11         Thank you, your Honor, for letting me be heard.
12         THE COURT:  Thank you, Mr. Singerman.
13         I will grant the requested relief, the preliminary
14 injunction and the order of attachment pursuant to Rules 64 and
15 65 of the Federal Rules of Civil Procedure, as well as pursuant
16 to the New York CPLR.
17         Some of my findings are largely the same as I've made
18 a few times already in this case.  In doing so, I find that a
19 sufficient showing has been made, both for a preliminary
20 injunction and prejudgment asset relief.  Mr. Smerling's
21 counsel does not seem to contest that there is a valid cause of
22 action here, as well as -- at least for current purposes --
23 he's not contesting that there is a likelihood of success on
24 the merits of the claims against Mr. Smerling.
25         And I note that the likelihood of success is a finding

1     I've made previously, and it's largely based on information

2     that is contained in the criminal complaint that was filed,

3     which later led to an indictment.  But, among other things,

4     there has been strong evidence proffered that the defendants

5     provided materially false information to Silicon Valley Bank in

6     connection with obtaining a very large loan, a $95 million

7     loan; and that materially false information included a forced

8     audit report and false information about purported investment

9     partners.

10                Now, as to the order of attachment, I do find that it

11    is proper under New York CPLR both as to the vehicles at issue

12    and also to the real property at issue.  The real property

13    involves two residences, one at 11353 Manatee Terrace in Lake

14    Worth, Florida; and the second is 3049 Hartridge Terrace in

15    Wellington, Florida.

16                Let me briefly address some of the arguments raised by

17    Mr. Smerling opposing attachment of those two homes.

18                One argument is that the requirement of CPLR Section

19    6201(1) are not met because Mr. Smerling is now in federal

20    custody; he appears to be in jail in New Jersey.

21                I find this provision still met.

22                CPLR 6201(1) provides that attachment is proper when

23    the defendant is a nondomiciliary residing without the state.

24    Now that he is in jail in Newark, I believe, does nothing to

25    change this; and I am aware of no authority for the proposition

that if defendant's domicile changes when he is detained, he or she is detained pending trial.

But a second alternative basis under 6201(3) also would be met here. Mr. Smerling challenges application of that provision because he has done nothing to try to dispose of the two residences. While that may be right, while there may not be evidence that Mr. Smerling was about to dispose any of the real property, as I've noted before, the plaintiff has represented that, according to an attorney in Florida, Mr. Smerling was preparing to transfer or withdraw substantial funds from certain accounts that he controls. That's at paragraph 4 of docket number 23.

I find that this justifies attaching other property he owns as well. And I'm not aware of any authority that a court can only attach property if there is specific evidence that the defendant is going to dispose of that exact property.

Lastly, Mr. Smerling argues that the homes are held in trust and he is not the beneficiary. Right now I find that argument -- I reject that argument because I find it to be highly speculative, without any trust documents that would show that an attachment would not be appropriate here. In contrast, I've received evidence from plaintiff to establish that the properties are deeded to Canes Fourteen and Canes Two, that came from a declaration submitted by Sam -- I'm sorry, Susanna Buergel, B-U-E-R-G-E-L. And based on that finding which I made

1   earlier, I find attachments appropriate -- continues to be
2   appropriate.
3            So for those reasons, I will issue a preliminary
4   injunction and an order of attachment addressing the vehicles
5   and the two properties.
6            Mr. Reisner, are you able to provide a draft
7   preliminary injunction, an order of attachment for me to review
8   that would make the two changes -- or have the two
9   modifications that Mr. Singerman just mentioned?
10           MR. REISNER:  Certainly, your Honor.
11           We have no objection to those modifications.
12           THE COURT:  Great.
13           Well, thank you.  I look forward to receiving that.
14  And I will review that and, if it's acceptable, so-order it or
15  make any necessary modifications.
16           I also will hold off on entering the proposed consent
17  judgment for -- would 48 hours be enough time, Mr. Reisner?
18           MR. REISNER:  Certainly, your Honor.
19           THE COURT:  I'll hold off for 48 hours in the event
20  that the plaintiff wishes to submit anything further on the
21  issues we discussed earlier.  And if I don't receive anything
22  or there are no concerns about the plaintiff's side, I will
23  enter the proposed consent order of judgment.
24           Are there any further matters that we should address
25  this morning?

L6EVSILC

1    I guess I would say with respect to the corporate
2 defendant, we'll continue to put that on hold.  If a few months
3 come by and I don't hear anything, I may issue an order asking
4 for an update from the plaintiff as to the plans as to that
5 defendant, but I don't think we need to do anything this
6 morning.
7          But, Mr. Reisner, is there anything further on your
8 end?
9          MR. REISNER:  Nothing further, your Honor.
10         Thank you.
11         THE COURT:  And Mr. Reizenstein?
12         MR. REIZENSTEIN:  Sorry, Judge, I was on mute.
13         Nothing further.
14         THE COURT:  Thank you.
15         And Mr. Singerman, anything further from you or
16 Mr. Feltman?
17         MR. SINGERMAN:  Nothing, Judge Cronan.
18         Thank you very much, sir.
19         THE COURT:  Great.
20         Well, thank you, all.
21         And have a good rest of the day.
22         Take care.
23                          *    *    *
24
25