## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SILICON VALLEY BANK,

Plaintiff,

vs.

JES GLOBAL CAPITAL GP III, LLC; and
ELLIOT S. SMERLING,

Defendants.

21 Civ. 2552 (JPC)
[rel. 21 Civ. 5766 (JPC)]

### ~~[PROPOSED]~~ ORDER GRANTING JOINT MOTION TO (I) CONSOLIDATE SVB ACTION AND CITIZENS BANK ACTION INTO A SINGLE ACTION, (II) APPOINT JAMES FELTMAN AS RECEIVER IN CONSOLIDATED ACTION, AND (III) GRANT UNOPPOSED RECEIVERSHIP EXPANSION MOTION

WHEREAS plaintiff Silicon Valley Bank ("SVB") commenced this action against defendants Elliot S. Smerling and JES Global Capital GP III, LLC (together, the "New York Defendants") on March 24, 2021, alleging claims for breach of contract, fraudulent inducement, conversion, and unjust enrichment and seeking, among other things, to recover from the New York Defendants approximately $80 million;

WHEREAS this Court has granted SVB's applications for expedited discovery and for various orders of attachment and preliminary injunctions with respect to the assets of the New York Defendants (*see* ECF Nos. 19, 20, 26, 31, 37, 67, and 80);

WHEREAS Citizens Bank, N.A. ("Citizens Bank") commenced, on May 5, 2021, a related action captioned *Citizens Bank, N.A.* v. *JES Global Capital II, L.P., JES Global Capital GP II, LLC and Elliot S. Smerling*, No. 21 Civ. 80815 (S.D. Fla.) (the "Citizens Bank Action") in the District Court for the Southern District of Florida (the "Florida Court"), in which Citizens Bank asserted similar claims against Mr. Smerling, as well as against JES Global Capital II, L.P. and JES Global Capital GP II, LLC (collectively, the "Florida Defendants");

WHEREAS in the Citizens Bank Action, the Florida Court entered the Order Appointing Receiver (the Citizens Bank Action, ECF No. 28 (the "Receivership Order")), ~~a copy of which is attached as Exhibit A,~~ pursuant to which James Feltman of Kroll, LLC (the "Receiver") was appointed to serve as receiver for, and to marshal and preserve the estates of the Florida Defendants;

WHEREAS the conduct of Mr. Smerling and the other Florida Defendants as alleged in the Citizens Bank Action is similar in nature to the conduct of the New York Defendants as alleged in the Complaint filed in this matter;

WHEREAS Elliot S. Smerling is named as a defendant both in the Complaint in the SVB Action and the Citizens Bank Action;

WHEREAS SVB in this action and Citizens Bank in the Citizens Bank Action have now obtained final judgments on consent against defendant Smerling in the amounts of approximately $80 million and $56 million, respectively (SVB Action, ECF No. 83; Citizens Bank Action, ECF No. 61);

WHEREAS on July 2, 2021, the Florida Court transferred the Citizens Bank Action to the Southern District of New York on the basis that the "interests of justice would be served by transferring [the Citizens Bank Action] to the Southern District of New York, preferably to be assigned to Judge Cronan to be consolidated with [this action] under a single receivership with authority over the expanded receivership property" (SVB Action, ECF No. 66), and the Citizens Bank Action was assigned case number 21-cv-05766, designated as related to this action, and assigned to this Court;

WHEREAS the related SVB and Citizens Bank Actions now before this Court involve common questions of law or fact;

WHEREAS the Receiver's investigation to date has revealed that the 61 entities listed on Exhibit "A" ~~of the Unopposed Receivership Expansion Motion~~ are linked together with the Florida Defendants and the New York Defendants in a vast corporate web that directly or indirectly owns, possesses, has a beneficial interest in, or controls directly or indirectly, assets which qualify as Receivership Property under the Receivership Order, and that, to carry out his responsibilities in locating and collecting the assets needed to satisfy Mr. Smerling's obligations to both SVB and Citizens (and potentially other creditors) the Receiver needs to locate and capture all such assets as part of the Receivership Property;

WHEREAS the Court finds, based on the record in this SVB Action and the Citizens Bank Action, including (1) prior evidentiary submissions made by SVB in connection with applications for attachment and preliminary injunctions in this SVB Action, (2) the Court's prior orders of attachment in this matter (SVB Action, ECF Nos. 37, 80), (3) the judgments entered against defendant Smerling in the SVB Action and the Citizens Bank Action, (SVB Action, ECF No. 83; Citizens Bank Action, ECF No. 61), and (4) the Receiver's declaration in support of the Unopposed Receivership Expansion Motion (Citizens Bank Action, ECF No. 46), that, to facilitate the identification, collection and preservation of the assets of Mr. Smerling and affiliated entities for the benefit of SVB, Citizens Bank, and other creditors, it is now appropriate to (i) consolidate the SVB Action and the Citizens Bank Action into a Consolidated Action before this Court, (ii) appoint Mr. Feltman as the receiver in the Consolidated Action, and (iii) grant the Unopposed Receivership Expansion Motion, which seeks to expand the definitions of Receivership Property and Receivership Estate in the Receivership Order to include the assets owned or controlled, directly or indirectly, by the affiliates of the Florida Defendants and the New York Defendants that are listed on Exhibit "A" ~~to the Unopposed Receivership Expansion Motion~~; and

WHEREAS defendant Smerling consents to the entry of this Order, but, in doing so, does not automatically consent that all property identified and subject to the receivership is in fact subject to being used to satisfy either judgment and reserves the right to contest the use of property identified and controlled by the Receiver for use in satisfying the judgments if applicable.

IT IS ACCORDINGLY HEREBY

ORDERED that this SVB Action and the Citizens Bank Action are consolidated immediately upon the entry of this Order as a single Consolidated Action under [ 21 Civ. 2552 ]; and it is further    *The Clerk of Court is respectfully directed to change the caption of Case Number 21 Civ. 2552 to "In re Smerling Litigation."*

ORDERED that, until further Order of this Court, and effectively immediately upon entry of this Order, the Receiver, James Feltman, at Kroll, LLC, 15280 Northwest 79th Court, Suite 100, Miami, Florida 33016, (212) 450-2854, james.feltman@kroll.com, is hereby appointed to serve as receiver in the Consolidated Action, including as the receiver for the estates of the New York Defendants pursuant to the Receivership Order, which is hereby adopted as an order of this Court in the Consolidated Action as modified in this Order; and it is further

ORDERED that, until further Order of this Court, and effectively immediately upon entry of this Order, the receivership is expanded to all of the assets that each of the entities listed on Exhibit "A" ~~to the Unopposed Receivership Expansion Motion~~ owns, possesses, has a beneficial interest in, or controls directly or indirectly, as Receivership Property (as defined in the Unopposed Receivership Expansion Motion, the "Smerling Assets"); and it is further

ORDERED that James Feltman is hereby appointed as the receiver over the Smerling Assets, and is hereby authorized, empowered, and directed to take all action set forth or contemplated by the Receivership Order with respect to the Receivership Property; and it is further

ORDERED that the Receiver's general powers and duties, access to information, access to books, records and accounts, reporting obligations, requirements to provide notice to third parties, ability to prosecute claims, ability to maintain a receivership account, sources of funding, bond obligations, scope of liability, and rules regarding fees, expenses and accountings all shall be governed by the Receivership Order, with the additional following modifications:

1.      The Receiver will file in the Consolidated Action motions and applications requiring Court approval under the Receivership Order;

2.      The term "Entity Defendants" used in the Receivership Order also shall include Defendant JES Global Capital GP III, LLC;

3.      The term "Receivership Defendants" used in the Receivership Order shall include the New York Defendants;

4.      The terms "Receivership Property" and "Receivership Estate" used in the Receivership Order shall include all property interests of any kind whatsoever of the New York Defendants;

5.      Consistent with Paragraph 11 of the Florida Receivership Order, SVB, in addition to Citizens Bank shall be permitted to make written requests to the Receiver to prepare and file updated reports regarding the status of the execution of the Receiver's duties under this Order; further, the Receiver shall consult with SVB and its counsel as provided in Paragraph 11 with respect to Citizens Bank and its counsel;

6.      The bonds previously posted by the Receiver in the Citizens Bank Action, ECF No. 35, and by SVB in this SVB Action, (ECF No. 25), shall be considered reasonable and adequate with respect to the establishment of the receivership in the Consolidated Action;

7.    Effective from the date of this Order, Paragraph 20 of the Receivership Order is modified to provide in its entirety as follows:  "Citizens has previously advanced two hundred thousand dollars ($200,000) to the Receiver to cover the Receiver's expenses needed for the performance of the Receiver's duties under this Order (the "Citizens Loan").  That Loan will continue to bear simple interest at the rate of 3% per annum.  The Citizens Loan and interest, evidenced by First Lien Certificates of Indebtedness, shall be a first and prior lien and security interest upon the Receivership Estate and upon all monies generated by the Receivership Estate (junior in priority, in each instance, only to the extent of any valid, and properly perfected liens thereon existing as of the date of the entry of this Order).  Without limiting the generality of the foregoing, the lien of each Certificate shall be prior and superior to the rights, titles and interests in the Receivership Estate of all the parties to this action.  Once the Receiver has recovered or otherwise taken possession of cash proceeds of the Receivership Property in an amount sufficient to repay the Citizens Loan, plus accrued and unpaid interest thereon, and to continue the execution of the Receiver's duties, Citizens may demand and shall receive the prompt payment of such outstanding amount.  In the event the Receiver informs SVB and Citizens Bank that he reasonably requires additional amounts to cover expenses needed to carry out his responsibilities under this Order, he shall notify SVB and Citizens of the necessary amounts, at which point SVB and Citizens Bank shall discuss the respective allocation and other terms of the funding the Receiver reasonably requires."

8.    The Receiver shall prepare and submit to SVB and Citizens Bank for their approval a budget in form and substance (including with reasonable detail and explanation) acceptable to SVB and Citizens Bank and setting out the anticipated collections and other revenues to be realized, and the anticipated fees and expenses of the Receiver and those engaged or employed by

10695586-7

the Receiver pursuant to Paragraph 5(f), including but not limited to the anticipated fees of the Receiver, his counsel, and any other professionals he wishes to retain, to be incurred during the following 60 day period (the "Budget"). Such Budget shall be submitted to SVB and Citizens Bank at least ten (10) days prior to the end of each sixty (60) day period. The first such Budget shall be provided within thirty (30) days following the date of entry of this Order.

9.    The Receiver shall meet or talk on a biweekly basis with SVB and Citizens Bank, either together or separately, to discuss the Receiver's performance of his duties under this Order, with the first such meeting or discussion to occur within seven (7) days of the entry of this Order. The Receiver and those working under his direction shall not take any actions that will result in the expenditure of over $50,000 without the prior consent of SVB and Citizens Bank, unless such item has previously been specifically included in an approved budget.

ORDERED that no future modification to the Receivership Order shall be effective in this Court and under this Order without further order of this Court; and it is further

ORDERED that the Receiver is directed to carry out its responsibilities on behalf of all potential creditors of the Receivership Estate, including both SVB and Citizens Bank, equally, and shall not prefer any particular creditor in the course of that work; and it is further

ORDERED that the Receiver is not empowered, authorized or permitted to determine appropriate allocations of funds or distributions to potential creditors of the Receivership Estate, or to influence any such future allocations or distributions; and it is further

ORDERED that the Receiver is not permitted (1) to make any distribution to actual or potential creditors of the Receivership Estate absent express authorization through an order of this Court, obtained upon reasonable notice to SVB and Citizens Bank or (b) make any

determination as to the proper allocation of the Receivership Estate to SVB and Citizens (or any other party); and it is further

ORDERED that nothing in this Order shall stay this matter or otherwise prevent either SVB or Citizens Bank from seeking judgment against any defendant in the Consolidated Action; and it is further

ORDERED that, effective upon the entry of this Order, and notwithstanding any other provision of this Order to the contrary, in determining the relative priority between SVB and Citizens Bank in any "Receivership Property" or in the "Receivership Estate", any lis pendens, attachment, injunction, or judgment, or other related action filed, recorded, enforced, or otherwise taken to obtain or otherwise perfect any type of judicial or judgment lien against the Defendant parties' assets (each, a "Judgment Lien Perfection Action") in favor of SVB or Citizens Bank, as the case may be, prior to the entry of this Order shall not give SVB or Citizens Bank, any priority over the other in any such assets (but each bank shall be deemed to have the same priority of judicial or judgment lien in any such assets), and any Judgment Lien Perfection Action taken by SVB or Citizens Bank after the entry of this Order shall be for the sole purpose of perfecting the rights of SVB or Citizens Bank, as the case may be, against third parties, but, consistent with the foregoing, shall not result in any judicial or judgment lien priority over the other in any of the subject assets; and it is further

ORDERED that, except solely as provided in the preceding Ordering paragraph (and except as provided in paragraph 20 of the Receivership Order), nothing in this Order is intended to affect the respective rights, interests, or claims, of SVB or Citizens Bank, as the case may be, in any assets or property and/or against any other person or entity, including, without limitation, any rights, interests, or claims of SVB or Citizens Bank, as the case may be, *inter se*, in

10695586-7

and to any "Receivership Property" or the "Receivership Estate"; provided, however, that the assertion of any such rights, interests, or claims shall not otherwise interfere with the Receiver's identification, collection, and liquidation efforts with respect to any "Receivership Property"; and it is further

ORDERED that both SVB and Citizens Bank may be heard in the Consolidated Action with respect to any matter relating to this Order or the Receivership Estate; and it is further

ORDERED that, within 24 hours of entry of this Order, SVB shall serve a copy of this Order upon the New York Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a)     Upon Mr. Smerling through his counsel who has appeared in the SVB Action and the Citizens Bank Action; and

(b)     Upon JES Global Capital GP III, LLC, directed to its registered Delaware agent.

Dated:      July  19 , 2021
            New York, New York

_____
            John P. Cronan, U.S.D.J.

10695586-7

**<u>EXHIBIT A</u>**

**Entities and Assets Chart**

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 1 | Alligator Trail, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents<br>• Interview | • Account, checking:  Bank of America xx0979<br>• Account, checking:  JPMorgan Chase xx5982<br>• Account, DDA:  Pacific Western Bank xx9781<br>• Real property:  11352 Alligator Trail - vacant |
| 2 | Canes Eight, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• JES Documents | [None identified to date] |
| 3 | Canes Eighteen, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• JES Documents | • Account, checking:  JPMorgan Chase xx3027<br>• Account, DDA:  Pacific Western Bank xx9401 |
| 4 | Canes Eleven, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Account, investment:  JPMorgan Chase xx2004<br>• Account, margin:  JPMorgan Chase xx6103 |
| 5 | Canes Fifteen, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents<br>• Interview | • Account, checking:  JPMorgan Chase xx0197<br>• Real property:  6316 Wild Orchid Trail - vacant |
| 6 | Canes Five, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Loan Receivable:  $500,000 loan to ABN Law |
| 7 | Canes Four, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx7358 |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 8 | Canes Fourteen, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents<br>• Transfer Records<br>• Interview | • Account, checking:  JPMorgan Chase xx8172<br>• Account, DDA:  Pacific Western Bank xx9393<br>• Real property:  11353 Manatee Terrace home<br>• Personal property insured by Chubb in the name of Canes Fourteen LLC:<br>   o  Custom 3-diamond platinum engagement-style ring<br>   o  Vacheron Constantine wristwatch<br>   o  18-karat white gold necklace<br>   o  Rolex wristwatch<br>   o  Custom platinum eternity-style engagement ring<br>   o  Grand piano |
| 9 | Canes International Holdings Limited (NEVIS) | Ownership - Whole | • Corporate Records<br>• Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet | • Account, cash/investments:  Union Bancaire Privee, Geneva, Switzerland xx9835 |
| 10 | Canes Nine, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | [None identified to date] |
| 11 | Canes Nineteen, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx9271<br>• Account, DDA:  Pacific Western Bank xx7132<br>• Loan Receivable (as of 12/31/19):  Revivify, LLC, $50,000 |
| 12 | Canes One, LLC | Ownership - Whole | • Campagna Char<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx1123<br>• Account, DDA:  Pacific Western Bank xx9369<br>• Loan Receivable:  $500,000 mortgage to J Rose Consulting, LLC for home at 11350 Manatee Terrace |
| 13 | Canes Seven, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | [None identified to date] |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 14 | Canes Seventeen, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | [None identified to date] |
| 15 | Canes Six, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents<br>• Interview | • Account, checking:  JPMorgan Chase xx3873<br>• Loan Receivable:  $655,780 mortgage to Innovative Sales Solutions, LLC for home at 2589 Treanor Terrace |
| 16 | Canes Sixteen, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents<br>• Interview | • Account, checking:  JPMorgan Chase xx5950<br>• Real property:  11466 Alligator Trail - vacant |
| 17 | Canes Ten, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Deposit:  $350,000 "Jet Deposit" (Unknown Holder)<br>• Potential preferential transfers:<br>  o $200,000 wired from Canes Ten, LLC to ABN Law escrow account on 10/22/19 for "escrow funds for G-550," subsequently paid to "Brazjet Express Inc. for Fernanda Cristina da Paixao" (Elaine Smerling's mother)<br>  o $100,000 wired from Canes Ten, LLC to ABN Law escrow account on 11/26/19 for "escrow funds for G-550," subsequently paid to "Brazjet Express Inc. for Fernanda Cristina da Paixao" (Elaine Smerling's mother) |
| 18 | Canes Thirteen, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents<br>• Interview | • Account, checking:  JPMorgan Chase xx7326<br>• Real property: 6330 Wild Orchid Trail - vacant |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 19 | Canes Thirty One, LLC | Ownership - Whole | • Campagna Chart | [None identified to date] |
| 20 | Canes Thirty, LLC | Ownership - Whole | • Campagna Chart | [None identified to date] |
| 21 | Canes Three Trust | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Account, cash/investments:  Union Bancaire Privee, Geneva, Switzerland xx8934 |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 22 | Canes Twelve, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents<br>• Transfer Records<br>• Interview | • Account, checking:  JPMorgan Chase xx0633<br>• Account, DDA:  Pacific Western Bank xx9385<br>• Motor vehicles, current:<br>  o 2014 Ford F150<br>  o 1991 Harley-Davidson Fat Boy<br>  o 1996 Triumph Thunderbird<br>  o 2019 Infiniti QX60<br>  o 2017 Ferrari California<br>  o 2017 Mercedes Benz G63W4<br>  o 1970 Chevrolet Chevelle<br>  o 2017 Porsche Panamera<br>  o 2017 Polaris General 4 1000E (ATV)<br>  o 2021 Audi SQ8<br>  o 2020 Chevrolet Corvette Stingray<br>  o 2020 Cadillac Escalade ESV<br>  o 2020 Mercedes Benz Sprinter (van)<br>• Motor vehicles, recent past:<br>  o 2016 Land Rover (title transferred to World Class Auto Repair Center, LLC on 6/23/20)<br>  o 2014 Maserati GranTurismo (title transferred to Smerling business partner Samuel Jesse Herr on 5/1/20)<br>  o 2012 Jeep Wrangler (title transferred to Jesus Dario Imbachi on 4/4/19 and then to Arturo Javier Rojas Garcia on 12/3/19)<br>  o 2019 Mercedes-Benz Sprinter van (title transferred to Ultimate Toys Inc. of Loveland, OH on 12/11/20)<br>  o 2018 Alfa Romeo Guilia (title transferred to Tyrone Jamaal Townsend on 2/8/20) |
| 23 | Canes Twenty Eight, LLC | Ownership - Whole | • Campagna Chart | [None identified to date] |
| 24 | Canes Twenty Five, LLC | Ownership - Whole | • Campagna Chart | [None identified to date] |
| 25 | Canes Twenty Four, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx7396 |
| 26 | Canes Twenty Nine, LLC | Ownership - Whole | • Campagna Chart | [None identified to date] |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 27 | Canes Twenty One, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Loan Receivables:  $300,000 loan to GWC Ventures LLC:<br>   ○ $200,000 balloon promissory note, 7/24/20<br>   ○ $100,000 demand promissory note, 2/3/21 |
| 28 | Canes Twenty Seven, LLC | Ownership - Whole | • Campagna Chart | [None identified to date] |
| 29 | Canes Twenty Six, LLC | Ownership - Whole | • Campagna Chart | [None identified to date] |
| 30 | Canes Twenty Three, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx3635<br>• Equity investment:  3N Outdoor Media, Inc. (7% interest) |
| 31 | Canes Twenty Two, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Loan Receivable:  $500,000 loan (or $250,000 loan) to World Class Auto Repair Center, LLC |
| 32 | Canes Twenty, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx0198 |
| 33 | Canes Two, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents<br>• Transfer Records<br>• Interview | • Account, checking:  JPMorgan Chase xx2962<br>• Account, DDA:  Pacific Western Bank xx9377<br>• Real property: 3049 Hartridge Terrace home |
| 34 | Canes UK Holdings Limited | Ownership - Whole | • Corporate Records<br>• Campagna Chart<br>• Campagna Documents<br>• JES Documents<br>• Interview | • Real property:  Flat 32, Riverside Court, Nine Elms Lane, London, UK SW8 5DB |
| 35 | Elliot S. Smerling Irrevocable Trust U/A/D 3/23/2017 | Ownership - Whole | • Campagna Documents | • Account, checking:  JPMorgan Chase xx2657 |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 36 | Hurricanes Five of Florida, Inc. | Ownership - Whole | • JES Documents | • Loan Receivable: $1,000,000 loan to ABN Law |
| 37 | Hurricanes Four Trust | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Account, cash/investments:  Union Bancaire Privee, Geneva, Switzerland xx9896 |
| 38 | Hurricanes One of Florida Inc. | Ownership - Whole | • Campagna Documents<br>• JES Documents | [None identified to date] |
| 39 | Hurricanes Two of Florida, Inc. | Ownership - Whole | • JES Documents | [None identified to date] |
| 40 | Renew Station, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx3517<br>• Account, DDA:  Pacific Western Bank xx9419<br>• Unknown receivable (as of 12/31/19):  Herrcules Brothers, $100 |
| 41 | Revivify of Fort Lauderdale, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Documents<br>• JES Documents | • Account, checking:  Bank of America xx2520<br>• Account, checking:  JPMorgan Chase xx2772<br>• Account, DDA:  Pacific Western Bank xx9427<br>• Prepaid Rent:  Approx. 3 years' rent for Ft. Lauderdale location - $300,000 (but unclear which Revivify entity is the true asset holder) |
| 42 | Smerling Financial Group Management, Inc. | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx6503<br>• Account, unknown:  JPMorgan Chase xx7033 (possibly a debit card number)<br>• Account, DDA:  Pacific Western Bank xx9567<br>• Account, savings:  Pacific Western Bank xx7767 |
| 43 | Smerling Financial Group, Inc. | Ownership - Whole | • Campagna Documents | • Account, checking:  Bank of America xx9733<br>• Account, brokerage:  TD Ameritrade xx5166 |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 44 | Smerling Financial Group, LLC | Ownership - Whole | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx6038<br>• Investment:  Market Central Private Assets Series 14-A (Unknown Company), $102,500<br>• Investment:  Market Central Private Assets Series15-1 (Unknown Company), 11.2625% ownership<br>• Investment:  Market Central Private Assets Series 26-A (Howitt Investments LLC), $102,500<br>• Investment:  AVRA Medical Robotics Inc., 25,000 shares, $31,250<br>• Receivable (as of 12/31/19):  Elliot Smerling Irrevocable Trust, $82,000<br>• Receivable (as of 12/31/19):  Smerling Financial Group Management, $80,000<br>• Receivable (as of 12/31/19):  Hurricanes Four Trust, $5,000 |
| 45 | JES Global Capital Cascade BBQ LLC | Ownership - Partial | • Campagna Chart<br>• Campagna Documents<br>• JES Documents | • Account, DDA:  Pacific Western Bank xx2278 |
| 46 | JES Global Capital Europe, LDA (f/k/a Stumarell LDA) | Ownership - Partial | • Corporate Records | • Account, unknown type:  Santander Bank xx34302<br>• Account, unknown type:  Millennium bcp xx0123 (in name of Stumarell LDA) |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 47 | JES Global Capital GP LLC | Ownership - Partial | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Account, unknown type:  Bank of America xx8390<br>• Account, unknown type:  Pacific Western Bank xx0000<br>• Account, DDA type:  Pacific Western Bank xx1717<br>• Account, savings:  Pacific Western Bank xx6819<br>• Account, unknown type:  Silicon Valley Bank xx0311<br>• Account, unknown type:  Western Alliance Bank (Bridge Bank) xx4778<br>• Account, 401(k) - in name "JES Global Capital GP LLC 401k PSP and Trust":  Fidelity xx5349<br>• Account, 401(k) - in name "JES Global Capital GP LLC 401k PSP and Trust for the Benefit of Elliot S Smerling":  Fidelity xx1991<br>• Loan Receivable/Note (as of 3/31/20):  Cascade BBQ; $25,000.00<br>• Loan Receivable/Note (as of 3/31/20):  Loan Lisbon Co; $351,164.51<br>• Loan Receivable/Note (as of 3/31/20):  Loan LP; ($15,267.50)<br>• Loan Receivable/Note (as of 3/31/20):  Loan Payable GP II; ($8,494.06)<br>• Loan Receivable/Note (as of 3/31/20):  Loan Payable Hebrock; $16,719.81<br>• Other Current Assets (as of 3/31/20):  Loan Payable #6; ($150,000.00)<br>• Fixed Assets (as of 3/31/20):  Furniture and Fixtures, net; $9,044.62<br>• Prepaid Expense (as of 3/31/20):  Prepaid Lease; $118,391.99 |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 48 | JES Global Capital LP | Ownership - Partial | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Account, DDA:  Pacific Western Bank xx1614<br>• Account, unknown type:  Silicon Valley Bank xx3468<br>• Account, unknown type:  Silicon Valley Bank xx0227<br>• Account, unknown type:  Western Alliance Bank xx0003<br>• Account, unknown type:  Western Alliance Bank (Bridge Bank) xx9221<br>• Account, brokerage:  TD Ameritrade xx4873<br>• Portfolio company equity investment (as of 3/31/20):  Benefit Hub; $14,060,228.00<br>• Portfolio company equity investment (as of 3/31/20):  Digital Gadgets; $31,721,889.00<br>• Portfolio company equity investment (as of 3/31/20):  Ican; $9,561,842.00<br>• Portfolio company equity investment (as of 3/31/20):  Meadowbrook Insurance; $26,647,012.00 |
| 49 | JES Global Capital LP I Ltd | Ownership - Partial | • Corporate Records<br>• JES Documents | • Potential checking account(s) at Barclays |
| 50 | JES Global Capital LP II Ltd | Ownership - Partial | • Corporate Records | • Potential checking account(s) at Barclays |
| 51 | JES Special Opportunities Venture Fund GP LLC | Ownership - Partial (or Whole) | • Campagna Chart<br>• Campagna Documents<br>• JES Documents | • Account, DDA:  Pacific Western Bank xx9277<br>• Account, unknown type:  Western Alliance Bank (Bridge Bank) xx5250<br>• Unknown investment (as of 9/30/20):  "Investments"; $450,000.00 |
| 52 | JES Special Opportunities Venture Fund LP | Ownership - Partial (or Whole) | • Campagna Chart<br>• Campagna Documents<br>• JES Documents | • Account, DDA:  Pacific Western Bank xx9269<br>• Account, unknown type:  Western Alliance Bank (Bridge Bank) xx9262<br>• Account, brokerage:  TD Ameritrade xx5890 |
| 53 | Revivify Dermatology LLC | Ownership - Partial | • Campagna Chart<br>• Campagna Documents<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  JPMorgan Chase xx8253 |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 54 | Revivify, LLC | Ownership - Partial | • Campagna Chart<br>• Campagna Spreadsheet<br>• JES Documents | • Account, checking:  Bank of America xx6241<br>• Account, checking:  Bank of America xx6426<br>• Account, checking:  JPMorgan Chase xx0150<br>• Account, DDA:  Pacific Western Bank xx7651<br>• Business personal property (owner identified in source document as "Revivify LLC / Revivify Dermatology LLC"):<br>    ○ Hydrofacial machines (2) - $90,000<br>    ○ Salt machines (2) - $44,000<br>    ○ Medical chairs (9) - $27,000<br>    ○ TVs (6) - $4,800<br>    ○ Couches (5) - $10,000<br>    ○ Chairs (8) - $4,000 |
| 55 | TTM Mgt Company, LLC | Ownership - Partial | • Campagna Chart<br>• Campagna Documents<br>• JES Documents | [None identified to date] |
| 56 | Cane Holdings Group, LLC | Control - Smerling Named as Manager in Florida Secretary of State Records | • Corporate Records | [None identified to date] |
| 57 | Cane Investment Group, LLC | Control - Smerling Named as Managing Member in Florida Secretary of State Records | • Corporate Records | [None identified to date] |
| 58 | CRS, LLC | Control - Smerling Named as Managing Member in Florida Secretary of State Records | • Corporate Records | [None identified to date] |
| 59 | Cypress Realty Group, Inc. | Control - Smerling Named as Director in Florida Secretary of State Records | • Corporate Records | [None identified to date] |

| # | Entity Name | Smerling Ownership or Control | Ownership or Control Order of Proof | Assets |
|---|---|---|---|---|
| 60 | MFS Restructuring Co. LLC | Control - Smerling Named as Managing Member in Florida Secretary of State Records | • Corporate Records | [None identified to date] |
| 61 | Toastabags U.S.A. Inc. | Control - Smerling Named as Managing Member in Florida Secretary of State Records | • Corporate Records | [None identified to date] |