UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SMERLING LITIGATION, | 21 Civ. 2552 (JPC) |

**[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION TO SELL VEHICLES AND RELATED RELIEF**

THIS MATTER is before the Court upon the unopposed motion (the "Unopposed Motion") of James Feltman, in his capacity as the receiver (the "Receiver") appointed pursuant to that certain (a) *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and (b) *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion* (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders"), seeking entry of an order (this "Order"), *inter alia*: (i) authorizing the Receiver to sell ten Vehicles[1] to Miami Automotive Retail Inc. free and clear of all liens and encumbrances; (ii) terminating this Court's prior order of prejudgment attachment and preliminary injunction that applies to nine of the ten Vehicles (*see* Consolidated Action, ECF No. 80); (iii) authorizing the Receiver separately to sell an additional vehicle, a 2019 Infinity QX60, to Richard Annunziata free and clear of all liens and encumbrances; (iv) modifying the sale procedures set forth in 28 U.S.C. §§ 2001 and 2004 with respect to the

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Unopposed Motion.

10784131-4

proposed sale; and (v) granting the Receiver such other and further relief as the Court deems just and proper; and

WHEREAS the Court finds, based on the record in this Consolidated Action, including the *Declaration of Paul Steven Singerman in Support of the Unopposed Motion to Sell Vehicles and Related Relief* (Consolidated Action, ECF No. 102), that it is appropriate to grant the relief requested in the Unopposed Motion; and

WHEREAS the Orders authorize James Feltman, in his capacity as the Receiver, *inter alia*: (i) to take complete custody, control, and possession of any and all Receivership Property; (ii) to manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court; (iii) to use Receivership Property for the benefit of the Receivership Estate; (iv) to take any action in relation to any Receivership Property which, prior to the entry of this Order, could have been taken by the Defendant Smerling; (v) to take such other action as may be approved by this Court; and (vi) to deposit all cash proceeds of Receivership Property, into the account being held by the Receiver; and

WHEREAS, the ten Vehicles and the Infinity represent Receivership Property; and

WHEREAS, this Court has jurisdiction over the Receivership Property and constitutional authority to enter this Order; and

WHEREAS, the authority granted herein is consistent with of Receiver's authority and duties under the Orders, and in furtherance of the Receiver's efforts to maximize the value of the Receivership Property.  The entry of this Order is in the best interests of all parties in interest as its implementation will, among other things, permit the Receiver to sell the ten Vehicles and the Infinity and obviate additional expenses related to storage and insuring the ten Vehicles and the Infinity, thereby producing cash for the Receivership Estate; and

10784131-4

WHEREAS, the terms of the transactions proposed in the Unopposed Motion are fair and reasonable under the circumstances, were negotiated in good faith and at arm's length, reflect the Receiver's exercise of prudent business judgment consistent with his fiduciary duties, and, where applicable, are supported by reasonably equivalent value and fair consideration; and

WHEREAS, the Receiver has shown good cause for the entry of this Order and the Court concludes that entry of this Order is necessary to preserve and maximize the value of the Receivership Property in the best interests of the creditors of the Receivership Estate; and

WHEREAS, the Receiver has provided adequate and sufficient notice of the Unopposed Motion by providing written notice to creditors and interested parties identified on the Receiver's declaration of service filed in conjunction of the Unopposed Motion, and therefore, such notice is appropriate, adequate, and proper under the circumstances involved in this case; and

WHEREAS, defendant Smerling consents to the entry of this Order.

IT IS ACCORDINGLY HEREBY:

ORDERED that the Unopposed Motion is granted subject to the terms and conditions set forth in this Order, any objections that have not previously been withdrawn are hereby overruled; and it is further

ORDERED that the Receiver is hereby authorized to sell the ten Vehicles to Miami Automotive Retail Inc. free and clear of all liens and encumbrances in exchange for a payment to the Receivership Estate in the amount of $672,000.00 ~~and such transaction is exempt from any sales and uses taxes under Florida law~~; and it is further

> The Singerman Declaration says the sale is exempt from sales and use taxes. Dkt. 102 at 10. The Court makes no finding as to whether this is the case.

ORDERED that the Receiver is hereby authorized to sell the Infinity to Mr. Annunziata free and clear of all liens and encumbrances in exchange for a payment to the Receivership Estate in the amount of $29,000.00; and it is further

3

ORDERED that the Receiver is hereby authorized to execute such agreements, transfer documents, and such other documents as the Receiver may determine are necessary or desirable in connection with the sales of the ten Vehicles to Miami Automotive Retail Inc. and the Infinity to Mr. Annunziata; and it is further

ORDERED that the Court hereby immediately terminates its prior order of prejudgment attachment and preliminary injunction (*See* Consolidated Action, ECF No. 80.) with respect to the Vehicles; and it is further

ORDERED that the sale procedures set forth in 28 U.S.C. §§ 2001 and 2004 shall not apply either to the sale of the ten Vehicles to Miami Automotive Retail Inc. or the Infinity to Mr. Annunziata; and it is further

ORDERED that, within ten (10) days following the entry of this Order, the Receiver shall serve a copy of this Order upon the Florida Defendants and the New York Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a) Upon Mr. Smerling through his counsel who has appeared in the Consolidated Action;

(b) Upon JES Global Capital GP III, LLC, directed to its registered agent in Delaware; and

(c) Upon JES Global Capital II, L.P. and JES Global Capital GP II, LLC, directed to the Secretary of State for the State of Florida as neither entity currently has a registered agent in Florida.

10784131-4

Dated:  August  30 , 2021
        New York, New York

_____
John P. Cronan, U.S.D.J.

10784131-4