UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SMERLING LITIGATION, | 21 Civ. 2552 (JPC) |

**[PROPOSED] ORDER GRANTING
AGREED MOTION TO TERMINATE THE ORDERS OF ATTACHMENT
AND TO COMPEL TURNOVER OF FUNDS TO THE RECEIVER**

THIS MATTER is before the Court upon the unopposed motion (the "Agreed Motion") of James S. Feltman, in his capacity as the receiver (the "Receiver") appointed pursuant to that certain (a) *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and that certain (b) *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James S. Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion* (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders"), seeking entry of an order (this "Order") (i) terminating the Orders of Attachment and Temporary Restraining Orders (ECF Nos. 19, 26, 31, 37) (the "Attachment Orders"); (ii) discharging the bond, BOND #3482556, posted by Silicon Valley Bank (ECF No. 25); and (iii) ordering the enjoined parties subject of the Attachment Orders to turnover to the Receiver the account balances on deposit in the bank accounts subject of the Attachment Orders; and

WHEREAS the Court finds, based on the record in this Consolidated Action that it is appropriate to grant the relief requested in the Agreed Motion; and

WHEREAS the Orders authorize James S. Feltman, in his capacity as the Receiver, *inter alia*: (i) to take complete custody, control, and possession of any and all Receivership Property; (ii) to manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court; (iii) to use Receivership Property for the benefit of the Receivership Estate; (iv) to take any action in relation to any Receivership Property which, prior to the entry of this Order, could have been taken by the Defendant Smerling; (v) to take such other action as may be approved by this Court; and (vi) to deposit all cash proceeds of Receivership Property, into the account maintained by the Receiver; and

WHEREAS, this Court has jurisdiction over the Receivership Property and constitutional authority to enter this Order; and

WHEREAS, the Receiver has provided adequate and sufficient notice of the Agreed Motion by providing written notice to creditors and interested parties identified on the Receiver's certificate of service filed in conjunction with the Agreed Motion, and therefore, such notice is appropriate, adequate, and proper under the circumstances involved in this case.

IT IS ACCORDINGLY HEREBY:

ORDERED that the Court hereby immediately terminates the Attachment Orders solely with respect to each of Pacific Western Bank, Sumitomo Mitsui Bank Corporation, JPMorgan Chase Bank, N.A., d/b/a Chase Bank, and Bank of America Corporation; and it is further

ORDERED that the Agreed Motion is granted subject to the terms and conditions set forth in this Order, any objections that have not previously been withdrawn are hereby overruled; and it is further

ORDERED that the Receiver shall serve on counsel for Pacific Western Bank a copy of this Order within 48 hours of entry; and it is further

ORDERED that, all property, assets or other funds held by Pacific Western Bank in the following accounts are hereby ordered to be turned over to the Receiver within five (5) business days of service of this Order: Alligator Trail LLC *Analyzed Checking Account No*. **XXXXXX9781**; Canes Eighteen LLC *Analyzed Checking Account No*. **XXXXXX9401**, Canes Fourteen LLC *Analyzed Checking Account No*. **XXXXXX9393**, Canes Nineteen LLC *Analyzed Checking Account No*. **XXXXXX7132**, Canes One LLC *Analyzed Checking Account No*. **XXXXXX9369**, Canes Twelve LLC *Analyzed Checking Account No*. **XXXXXX9385**, Canes Two LLC *Analyzed Checking Account No*. **XXXXXX9377**, JES Global Capital Cascade BBQ LLC *Analyzed Checking Account No*. **XXXXXX2278**, JES Global Capital GP II LLC *Analyzed Checking Account No*. **XXXXXX4269**, JES Global Capital GP III LLC *Analyzed Checking Account No*. **XXXXXX4277**, JES Global Capital GP LLC *Analyzed Checking Account No*. **XXX1717**, JES Global Capital II LP *Analyzed Checking Account No*. **XXXXXX1323**, JES Global Capital III LP *Analyzed Checking Account No*. **XXXXXX1331**, JES Global Capital LP *Analyzed Checking Account No*. **XXX1614**, JES Special Opportunities Venture Fund GP LLC *Analyzed Checking Account No*. **XXXXXX9277**, JES Special Opportunities Venture Fund LP *Analyzed Checking Account No*. **XXXXXX9269**, Renew Station LLC *Analyzed Checking Account No*. **XXXXXX9419**, Revivify LLC *Analyzed Checking Account No*. **XXXXXX7651**, Revivify of Fort Lauderdale LLC *Analyzed Checking Account No*. **XXXXXX9427**, and Smerling Financial Group Management Inc. *Analyzed Checking Account No*. **XXXXXX9567**.  For avoidance of doubt, the rights and remedies of the Receiver and Pac West are reserved with respect to the amounts held in the following two accounts, JES Global Capital GP LLC *Vb Business High Yield MMA Account No*. **XXXXXX6819** and Smerling Financial Group Management Inc. *Vb Business High Yield*

*MMA Account No.* **XXXXXX7767**, and Pac West is not required to turnover any funds in these two accounts at this time; and it is further

ORDERED that the Receiver shall serve on counsel for Sumitomo Mitsui Bank Corporation a copy of this Order within five (5) business days of entry; and it is further

ORDERED that, all property, assets or other funds held by Sumitomo Mitsui Bank Corporation, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, including but not limited to the following accounts: JES Global Capital GP III LLC *Account No.* **XX8875**, JES Global Capital III LP *Account No.* **XX5968**, and JES Global Capital III LP *Account No.* **XX7979**; and all such other property, assets or other funds held by Sumitomo Mitsui Bank Corporation, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, are hereby ordered to be turned over to the Receiver within five (5) business days of service of this Order; and it is further

ORDERED that the Receiver shall serve on counsel for JPMorgan Chase Bank, N.A., d/b/a Chase Bank a copy of this Order within five (5) business days of entry; and it is further

ORDERED that, all property, assets or other funds held by JPMorgan Chase Bank, N.A., d/b/a Chase Bank, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, including but not limited to the following accounts: Alligator Trail LLC *Chase Platinum Business Checking Account No.* **XXXXX5982**, Canes Eighteen LLC *Chase Platinum Business Checking Account No.* **XXXXX3027**, Canes Eleven LLC *Account No.* **XXXX6103**, Canes Eleven LLC *Account No.* **XXXXX2004**, Canes Fifteen LLC *Chase Platinum Business Checking Account No.* **XXXXX0197**, Canes Four LLC *Chase Platinum Business Checking Account No.* **XXXXX7358**, Canes Fourteen LLC *Chase Platinum Business Checking Account No.* **XXXXX8172**, Canes Nineteen LLC *Chase Platinum Business Checking*

*Account No*. **XXXXX9271**, Canes One LLC *Chase Platinum Business Checking Account No*. **XXXXX1123**, Canes Six LLC *Chase Platinum Business Checking Account No*. **XXXXX3873**, Canes Sixteen LLC *Chase Platinum Business Checking Account No*. **XXXXX5950**, Canes Thirteen LLC *Chase Platinum Business Checking Account No*. **XXXXX7326**, Canes Twelve LLC *Chase Platinum Business Checking Account No*. **XXXXX0633**, Canes Twenty Four LLC *Chase Platinum Business Checking Account No*. **XXXXX7396**, Canes Twenty LLC *Chase Platinum Business Checking Account No*. **XXXXX0198**, Canes Twenty Three LLC *Chase Platinum Business Checking Account No*. **XXXXX3635**, Canes Two LLC *Chase Platinum Business Checking Account No*. **XXXXX2962**, Elliot S. Smerling Private Client *Checking Plus Account No*. **XXXXX9434**, Elliot S. Smerling Irrevocable Trust *JPMorgan Classic Business Checking Account No*. **XXXXX2657**, Renew Station LLC *Chase Platinum Business Checking Account No*. **XXXXX3517**, Revivify Dermatology LLC *Chase Platinum Business Checking Account No*. **XXXXX8253**, Revivify LLC *Chase Platinum Business Checking Account No*. **XXXXX0150**, Revivify of Fort Lauderdale LLC *Chase Platinum Business Checking Account No*. **XXXXX2772**, Smerling Financial Group LLC *Chase Platinum Business Checking Account No*. **XXXXX6038**, and Smerling Financial Group Management Inc. *Chase Platinum Business Checking Account No*. **XXXXX6503**; and all such other property, assets or other funds held by JPMorgan Chase Bank, N.A., d/b/a Chase Bank, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, are hereby ordered to be turned over to the Receiver within five (5) business days of service of this Order; and it is further

  ORDERED that the Receiver shall serve on counsel Bank of America Corporation a copy of this Order within five (5) business days of entry; and it is further

10834167-6

ORDERED that, all property, assets or other funds held by Bank of America Corporation, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, including but not limited to the following accounts: Alligator Trail LLC *Business Advantage Fundamentals Banking Account No*. **XXXXXXXX0979**, Revivify LLC *Business Advantage Relationship Banking Preferred Rewards for Bus Platinum Account No*. **XXXXXXXX6241**, and Revivify LLC *Business Advantage Relationship Banking Preferred Rewards for Bus Platinum Account No*. **XXXXXXXX6426**; and all such other property, assets or other funds held by Bank of America Corporation, on behalf of JES Global Capital III, L.P., JES Global Capital GP III, L.LC., Elliot S. Smerling, or any affiliated entities, are hereby ordered to be turned over to the Receiver within five (5) business days of service of this Order; and it is further

ORDERED that the Receiver is hereby ordered to provide wire instructions or such other payment instructions to the respective counsel for each of Pacific Western Bank, Sumitomo Mitsui Banking Corporation, JPMorgan Chase Bank, N.A., d/b/a Chase Bank, and Bank of America Corporation, in conjunction with service of this Order; and it is further

ORDERED that the bond, BOND #3482556, posted by Silicon Valley Bank (ECF No. 25) is hereby discharged; and it is further

ORDERED that, the Receiver shall serve a copy of this Order Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a)   Elliot S. Smerling through his counsel who has appeared in the Consolidated Action;

(b)   JES Global Capital GP III, LLC, directed to its registered Delaware agent; and

      (c)    JES Global Capital III, L.P., directed to its registered Delaware agent.

Dated:    October 13, 2021
~~September ___, 2021~~
New York, New York

_____
John P. Cronan, U.S.D.J.