# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE SMERLING LITIGATION,

21 Civ. 2552 (JPC)

## [PROPOSED] ORDER GRANTING UNOPPOSED MOTION
## TO SELL 1970 CHEVROLET CHEVELLE AND RELATED RELIEF

THIS MATTER is before the Court upon the unopposed motion (the "Unopposed Motion")[1] of James Feltman, in his capacity as the receiver (the "Receiver") appointed pursuant to that certain (a) *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and (b) *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion*, dated July 19, 2021 (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders"), seeking entry of an order (this "Order"), *inter alia*: (i) authorizing the Receiver to sell the 1970 Chevrolet Chevelle Pro Touring (VIN No. 136670B165642) (the "Chevrolet Chevelle") to D&A Auto Brokers, Inc. (d/b/a D&A Fine Cars) free and clear of all liens and encumbrances for an all-cash purchase price payment of $103,000.00 to the Receivership Estate; (ii) modifying the sale procedures set forth in 28 U.S.C. §§ 2001 and 2004 with respect to the proposed sale; and (iii) granting the Receiver such other and further relief as the Court deems just and proper; and

---

[1]    Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Unopposed Motion.

10890283-5

WHEREAS the Court finds, based on the record in this Consolidated Action, including the *Declaration of Paul Steven Singerman in Support of the Unopposed Motion to Sell 1970 Chevrolet Chevelle and Related Relief* (Consolidated Action, ECF No. ___) (the "Declaration"), that it is appropriate to grant the relief requested in the Unopposed Motion; and

WHEREAS the Orders authorize James Feltman, in his capacity as the Receiver, *inter alia*: (i) to take complete custody, control, and possession of any and all Receivership Property; (ii) to manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court; (iii) to use Receivership Property for the benefit of the Receivership Estate; (iv) to take any action in relation to any Receivership Property which, prior to the entry of this Order, could have been taken by the Defendant Smerling; (v) to take such other action as may be approved by this Court; and (vi) to deposit all cash proceeds of Receivership Property, into the account being held by the Receiver; and

WHEREAS, the Chevrolet Chevelle represents Receivership Property; and

WHEREAS, the Receiver has complied with 28 U.S.C. § 754; and

WHEREAS, this Court has jurisdiction over the Receivership Property and constitutional authority to enter this Order; and

WHEREAS, the authority granted herein is consistent with of Receiver's authority and duties under the Orders, and in furtherance of the Receiver's efforts to maximize the value of the Receivership Property. The entry of this Order is in the best interests of all parties in interest as its implementation will, among other things, permit the Receiver to sell the Chevrolet Chevelle and obviate additional expenses related to a potential auction, as well as storage and insurance expenses, thereby producing cash for the Receivership Estate; and

2

10890283-5

WHEREAS, the terms of the transaction proposed in the Unopposed Motion are fair and reasonable under the circumstances, were negotiated in good faith and at arm's length, reflect the Receiver's exercise of prudent business judgment consistent with his fiduciary duties, and, where applicable, are supported by reasonably equivalent value and fair consideration; and

WHEREAS, the Receiver has shown good cause for the entry of this Order and the Court concludes that entry of this Order is necessary to preserve and maximize the value of the Receivership Property in the best interests of the creditors of the Receivership Estate; and

WHEREAS, the Receiver has provided adequate and sufficient notice of the Unopposed Motion by providing written notice to creditors and interested parties identified on the Receiver's declaration of service filed in conjunction of the Unopposed Motion, and therefore, such notice is appropriate, adequate, and proper under the circumstances involved in this case.

IT IS ACCORDINGLY HEREBY:

ORDERED that the Unopposed Motion is granted subject to the terms and conditions set forth in this Order, any objections that have not previously been withdrawn are hereby overruled; and it is further

ORDERED that the Receiver is hereby authorized to sell the Chevrolet Chevelle to D&A Auto Brokers, Inc. free and clear of all liens and encumbrances in exchange for a payment to the Receivership Estate in the amount of $103,000.00 pursuant to the terms of the *Vehicle Sales Agreement* attached as Exhibit "2" to the Declaration; and it is further

ORDERED that the Receiver is hereby authorized in his sole discretion to execute such agreements, transfer documents, and such other documents as the Receiver may determine in his sole discretion are necessary or desirable in connection with the sale of the Chevrolet Chevelle to D&A Auto Brokers, Inc.; and it is further

3

ORDERED that the sale procedures set forth in 28 U.S.C. §§ 2001 and 2004 shall not apply to the sale of the Chevrolet Chevelle to D&A Auto Brokers, Inc.; and it is further

ORDERED that, within ten (10) days following the entry of this Order, the Receiver shall serve a copy of this Order upon the Florida Defendants and the New York Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a)     Upon Mr. Smerling through his counsel who has appeared in the Consolidated Action;

(b)     Upon JES Global Capital GP III, LLC, directed to its registered agent in Delaware; and

(c)     Upon JES Global Capital II, L.P. and JES Global Capital GP II, LLC, directed to the Secretary of State for the State of Florida as neither entity currently has a registered agent in Florida.

Dated: October  18 , 2021
New York, New York

_____
John P. Cronan, U.S.D.J.

# Exhibit 2

10890250-5

EXECUTION VERSION

# VEHICLE SALES AGREEMENT

THIS VEHICLE SALES AGREEMENT (this "Agreement") is made this 12th day of October, 2021, by and among JAMES FELTMAN, SOLELY IN HIS CAPACITY AS THE COURT-APPOINTED RECEIVER, AND NOT IN HIS INDIVIDUAL CAPACITY (hereinafter known as "Seller") and D&A AUTO BROKERS, INC. (D/B/A D&A FINE CARS) (hereinafter known as "Buyer"). Buyer and Seller shall collectively be known herein as the "Parties" and each singularly as, a "Party".

# BACKGROUND

WHEREAS, Seller desires to sell the vehicle described below, known herein as the "Chevrolet Chevelle", under the terms and conditions set forth below, subject to the approval of the proposed sale by the U.S. District Court for the Southern District of New York (the "Court") having oversight over the receivership case (case no. 1:21-cv-02552-JPC) (the "Receivership");

WHEREAS, Buyer desires to purchase the Chevrolet Chevelle offered for sale by Seller under the terms and conditions set forth below;

WHEREAS, Buyer represents that Buyer is a Florida registered motor vehicle dealer and it is Buyer's intention to resell the Chevrolet Chevelle, and therefore, the Parties believe that the sale of the Chevrolet Chevelle from Seller to Buyer is exempt from Florida sales and use taxes;

WHEREAS, the sale of the Chevrolet Chevelle from Seller to Buyer is subject to an order of the Court approving the sale which is acceptable to the Receiver (the "Order") upon a motion to be prepared and filed with the Court by the Receiver; and

WHEREAS, Buyer's execution of this Agreement legally obligates Buyer to purchase the Chevrolet Chevelle, and Seller's obligation to sell the Chevrolet Chevelle to Buyer is subject to the entry of the Order by the Court; and, therefore,

# TERMS AND CONDITIONS

IN CONSIDERATION of the mutual promises and other valuable consideration exchanged by the Parties as set forth herein, the Parties, intending to be legally bound, and in the case of Seller subject to entry of the Order, hereby agree as follows (and the terms of the "Background" section are incorporated herein and form a part of the "Terms and Conditions" of this Agreement):

A. **Description of the "Chevrolet Chevelle".**

    1.    Make: Chevrolet
    2.    Model: Chevelle
    3.    Year: 1970
    3.    VIN No.: 136670B165642

B. **Location of the Chevrolet Chevelle.** The Chevrolet Chevelle is currently being held in storage at The American Vault LLC d/b/a Doral Specialized Storage located at 2100 NW 82nd Avenue, Doral, Florida 33122 ("DSS"). Within two business days following the



1

10924890-3

entry of the Order and subject to the receipt of the entire Purchase Price by Seller, Buyer shall take possession of the Chevrolet Chevelle at DSS.

C.  **Consideration/Closing**.

    1.    <u>Purchase Price</u>.  The total, all-cash, purchase price to be paid by Buyer to Seller for the Chevrolet Chevelle is One Hundred Three Thousand and 00/100 dollars ($103,000.00) (U.S.).  Payment by Buyer to Seller must be made in cash, by certified check, or through another instrument acceptable to Seller in its sole discretion.

        i.    <u>Good Faith Deposit (10% of the Purchase Price)</u>:  A good faith deposit in the amount of $10,300.00 (i.e., 10% of the Purchase Price) shall be wired by Buyer to the law firm representing Seller within one business day following the signing of this Agreement by the Parties and the Good Faith Deposit will be held by such law firm in its escrow account; and

        ii.    <u>Balance of Purchase Price to be Paid by Buyer at Closing</u>:  The remaining amount of the Purchase Price totaling $92,700.00 shall be paid by Buyer to Seller within two business days of the entry of the Order by the Court (the "<u>Closing</u>").

D.  **Representations, Warranties, and Disclosures**

    1.    <u>Warranties</u>.

        **This Chevrolet Chevelle is sold "AS IS", and Seller does not in any way, expressly or impliedly, give any warranties to Buyer. Seller expressly disclaims any implied warranties of merchantability or of fitness for a particular purpose.**

    2.    <u>Buyer Representation</u>. The individual signing this Agreement on behalf of Buyer hereby represents to Seller that he or she (i) has the power and authority to sign this Agreement on behalf of Buyer, and (ii) has already inspected the Chevrolet Chevelle and agrees to pay the entire Purchase Price and take possession of the Chevrolet Chevelle at the Closing.

E.  **Buyer's Responsibility — Insurance and Tags**.  Buyer acknowledges that any insurance coverage, license, tags, plates or registration maintained by Seller on the Chevrolet Chevelle shall be canceled upon the delivery of the Chevrolet Chevelle to, and the acceptance of, by Buyer at DSS at the Closing.

F.  **Continuation of Representations and Warranties**.  All representations and warranties contained in this Agreement (if any) shall continue in full force and effect after execution of this Agreement. If either Party later learns that a warranty or representation that it made is untrue, it is under a duty to promptly disclose this information to the other Party

in writing. No representation or warranty contained herein shall be deemed to have been waived or impaired by any investigation made by or knowledge of the other party to this Agreement.

G.   **Integration**. This Agreement sets forth the entire agreement between the Parties with regard to the subject matter hereof. All prior agreements, representations and warranties, express or implied, oral or written, with respect to the subject matter hereof, are hereby superseded by this Agreement. This is an integrated Agreement.

H.   **Severability**. In the event any provision of this Agreement is deemed to be void, invalid, or unenforceable, that provision shall be severed from the remainder of this Agreement so as not to cause the invalidity or unenforceability of the remainder of this Agreement. All remaining provisions of this Agreement shall then continue in full force and effect. If any provision shall be deemed invalid due to its scope or breadth, such provision shall be deemed valid to the extent of the scope and breadth permitted by law.

I.   **Modification**. Except as otherwise provided in this document, this Agreement may be modified, superseded, or voided only upon the written and signed agreement of the Parties. Further, the physical destruction or loss of this document shall not be construed as a modification or termination of the agreements contained herein.

J.   **Acknowledgements**. Each Party acknowledges that he or she has had an adequate opportunity to read and study this Agreement, to consider it, to consult with attorneys if he or she has so desired.

K.   **Exclusive Jurisdiction and Venue.** The parties agree that (i) any claim of whatever character arising under or in any way relating to this Agreement shall be brought exclusively in the Court having oversight of the Receivership and (ii) that any claim described in the foregoing clause that is filed in any other court shall be conclusively deemed as violating the expressed intent of the parties in this mandatory forum selection clause. Buyer hereby expressly waive, to the fullest extent permitted by law, any objection that Buyer now or hereafter have to the laying of venue of any such litigation brought in any such court referred to above, including, without limitation, (a) any defense claiming lack of jurisdiction in any action brought in such court, and (b) any claim that any such litigation has been brought in an inconvenient forum.

L.   **State Law**. This Agreement shall be interpreted under, and governed by, the laws of the State of Florida, United States of America.

M.   **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which when taken together than constitute one and the same instrument. Facsimiles, e-mail transmission of ".pdf" signatures or other electronic copies of signatures shall be deemed to be originals.

[Signatures appear on the following page]

3

IN WITNESS WHEREOF and acknowledging acceptance and agreement of the foregoing, Seller and Buyer affix their signatures hereto.

**SELLER**

Print Name: James Feltman, solely in his capacity as the court-appointed Receiver of the assets of Canes Twelve, LLC, and not in his individual capacity

Dated: October 12 2021

**BUYER**

Print Name: PEDRO N. TORRES on behalf of D&A Auto Brokers, Inc. (d/b/a D&A Fine Cars)

Dated: October 12 2021

4

10924890-3