UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SMERLING LITIGATION,　　　　　　　　21 Civ. 2552 (JPC)

**[PROPOSED] ORDER GRANTING
UNOPPOSED MOTION (I) TO SELL (A) RESIDENTIAL REAL
PROPERTY LOCATED AT 3049 HARTRIDGE TERRACE
(WELLINGTON, FLORIDA) AND (B) TWO WATCHES,
(II) TO OBTAIN APPROVAL OF PROSPECTIVE SALES OF RECEIVERSHIP
PROPERTY UP TO $15,000.00 PER SALE, AND (III) FOR RELATED RELIEF**

THIS MATTER is before the Court upon the unopposed motion (the "Unopposed Motion")[1] of James Feltman, in his capacity as the receiver (the "Receiver") appointed pursuant to that certain (a) *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and (b) *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion*, dated July 19, 2021 (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders"), seeking entry of an order (this "Order"), *inter alia*: (a) authorizing the Receiver (i) to sell (a) to Ashwin Mago ("Mago" or the "Real Property Purchaser") residential real property located at 3049 Hartridge Terrace, Wellington, Florida 33414 (the "Real Property") for the purchase price of $790,000.00, per the terms of the *"AS IS" Residential Contract for Sale and Purchase* (w/addendum) attached to the

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Unopposed Motion.

Declaration (defined herein) as Exhibit "2" and (b) to Gray & Sons ("G&S") a Hermes Arceau Quartz TGM wristwatch (serial no. 3383369, the "Hermes Watch") and the Rolex Datejust 41 wristwatch (serial no. 2M4C3673, the "Rolex Watch" and together with the Hermes Watch, collectively, the "Watches") for a total purchase price of $9,000.00; (b) approving the prospective sales of Receivership Property valued up to $15,000.00 per sale without the need for the Receiver to obtain additional orders of the Court (collectively, the "Future Sales") per the Sale Conditions described in the Declaration; (c) modifying the sale procedures set forth in 28 U.S.C. §§ 2001 and 2004, as applicable, with respect to the sales of the Real Property, the Watches, and the Future Sales; and (d) granting the Receiver such other and further relief as the Court deems just and proper; and

WHEREAS the Court finds, based on the record in this Consolidated Action, including the *Declaration of Paul Steven Singerman in Support of Unopposed Motion (I) to Sell (A) Residential Real Property Located at 3049 Hartridge Terrace (Wellington, Florida) and (B) Two Watches, (II) to Obtain Approval of Prospective Sales of Receivership Property Up to $15,000.00 Per Sale, and (III) for Related Relief* (Consolidated Action, ECF No. 152) (the "Declaration"), that it is appropriate to grant the relief requested in the Unopposed Motion; and

WHEREAS the Orders authorize James Feltman, in his capacity as the Receiver, *inter alia*: (i) to take complete custody, control, and possession of any and all Receivership Property; (ii) to manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court; (iii) to use Receivership Property for the benefit of the Receivership Estate; (iv) to take any action in relation to any Receivership Property which, prior to the entry of this Order, could have been taken by the Defendant Smerling; (v) to take such other action as may be approved by this Court; and (vi) to deposit all cash proceeds of Receivership Property, into the account being held by the Receiver; and

2

WHEREAS, the Real Property, the Watches and the property subject to the Future Sales represent Receivership Property; and

WHEREAS, an additional description of the Real Property is attached to this Order as **Exhibit "A"**; and

WHEREAS, the Receiver has complied with 28 U.S.C. § 754; and

WHEREAS, this Court has jurisdiction over the Receivership Property and constitutional authority to enter this Order; and

WHEREAS, the authority granted herein is consistent with of Receiver's authority and duties under the Orders, and in furtherance of the Receiver's efforts to maximize the value of the Receivership Property.  The entry of this Order is in the best interests of all parties in interest as its implementation will, among other things, permit the Receiver to sell the Real Property, the Watches and the property subject to the Future Sales, as well as to obviate additional expenses related to home owner association fees, real estate taxes and insuring the Real Property, and other expenses related to the Watches and the property subject to the Future Sales, thereby producing cash for the Receivership Estate; and

WHEREAS, the terms of the transactions proposed in the Unopposed Motion are fair and reasonable under the circumstances, were negotiated in good faith and at arm's length, reflect the Receiver's exercise of prudent business judgment consistent with his fiduciary duties, and, where applicable, are supported by reasonably equivalent value and fair consideration; and

WHEREAS, the Receiver has shown good cause for the entry of this Order and the Court concludes that entry of this Order is necessary to preserve and maximize the value of the Receivership Property in the best interests of the creditors of the Receivership Estate; and

11144859-1

WHEREAS, the Receiver has provided adequate and sufficient notice of the Unopposed Motion by providing written notice to creditors and interested parties identified on the Receiver's declaration of service filed in conjunction of the Unopposed Motion, and therefore, such notice is appropriate, adequate, and proper under the circumstances involved in this case; and

IT IS ACCORDINGLY HEREBY:

ORDERED that the Unopposed Motion is granted subject to the terms and conditions set forth in this Order, any objections that have not previously been withdrawn are hereby overruled; and it is further

ORDERED that the terms of the Real Property Contract are approved in their entirety and the Receiver is authorized to perform under the Real Property Contract; and it is further

ORDERED that the Receiver is hereby authorized in his sole discretion to sell the Real Property to the Real Property Purchaser pursuant to the terms of the Real Property Contract in exchange for the gross purchase price totaling $790,000.00 as described in the Real Property Contract; and it is further

ORDERED that the Court hereby immediately terminates its prior attachment orders (e.g., ECF Nos. 26, 37, 67 80) relating to the Real Property; and it is further

ORDERED that the Receiver is hereby authorized in his sole discretion to sell the Watches to G&S in exchange for the gross purchase price totaling $9,000.00; and it is further

ORDERED that the Receiver is hereby authorized in his sole discretion prospectively to engage in one or more Future Sales without being required to obtain a further order of the Court, subject to the following Sale Conditions which are approved in their entirety:

11144859-1

  a. No Future Sale shall exceed $15,000.00 to a single purchaser in a single transaction;

  b. No Future Sale may be made to a party affiliated with the New York Defendants, the Florida Defendants, the 61 Additional Entities or the Receiver;

  c. No Future Sale shall be of property subject to a lien unless the proceeds from the Future Sale would satisfy the lien or the lienholder grants prior written consent; and

  d. The Receiver shall include such Future Sales in the Receiver's interim reports going forward; and it is further

  ORDERED that the Receiver is hereby authorized in his sole discretion to execute such agreements, transfer documents, title documents, organizational documents and organizational consents, and such other documents as the Receiver may determine in his sole discretion are necessary or desirable in connection with the sales of the Real Property, the Watches and/or the Future Sales; and it is further

  ORDERED that the sale procedures set forth in 28 U.S.C. §§ 2001 and 2004, as applicable, shall not apply with respect to the sales of the Real Property, the Watches, and the property subject to the Future Sales; and it is further

  ORDERED that, within ten (10) days following the entry of this Order, the Receiver shall serve a copy of this Order upon the Florida Defendants and the New York Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

  (a) Upon Mr. Smerling through his counsel who has appeared in the Consolidated Action;

11144859-1

      (b)    Upon JES Global Capital GP III, LLC, directed to its registered agent in Delaware and/or the Secretary of State for the State of Delaware in the event that such entity no longer has a registered agent; and

      (c)    Upon JES Global Capital II, L.P. and JES Global Capital GP II, LLC, directed to the Secretary of State for the State of Florida as neither entity currently has a registered agent in Florida.

Dated:    January 25, 2022
              New York, New York

_____
                        John P. Cronan, U.S.D.J.

**Exhibit "A"**

Legal description for the Real Property

Lot 1197, in Block D, of OLYMPIA – Plat II, according to the map or plat thereof, as recorded in Plat Book 98, at Page 1, of the Public Records of Palm Beach County, Florida.

11144859-1