UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SMERLING LITIGATION,

21 Civ. 2552 (JPC)

**RESPONSE OF JAMES S. FELTMAN TO OBJECTION OF NON-PARTY
WORLD CLASS AUTO REPAIR, LLC TO SUBPOENAS AND
MOTION FOR PROTECTIVE ORDER**

Pursuant to the Order issued by the Court on February 11, 2022 (ECF No. 161, "Order"), this Court's Receiver, James S. Feltman (the "Receiver"), respectfully submits this Response to Objection of Non-Party, World Class Auto Repair, LLC ("World Class"), to Subpoenas and Motion for Protective Order (the "Motion") (ECF No. 160, "Motion"). The Court should deny the Motion because (i) the Motion contains material misstatements of the facts and is substantively defective; and (ii) the Court, as the issuing court, is not the proper court to adjudicate the Motion pursuant to Rule 45 of the Federal Rules of Civil Procedure.

**ARGUMENT**

**A.     The Motion is Wrought with Substantive Deficiencies and Factual Misstatements.**

The Receiver is charged with the fiduciary duty of marshaling and preserving all assets of (i) Elliot S. Smerling ("Smerling"), and (ii) JES Global Capital GP II, LLC ("JES GP II"), (iii) JES Global Capital II, L.P. ("JES Fund II"), (iv) JES Global Capital GP III, LLC ("JES Fund III"), (together the "Receivership Entities"), and (v) the assets of sixty-one (61) Smerling-controlled entities (the "Smerling Entities") (collectively with Smerling and the Receivership Entities, the

"Receivership Property"). *See Citizens Bank, N.A. v. JES GLOBAL CAPITAL II, L.P. et al*, Case No. 9:21-cv-80815-AMC (ECF No. 28); *Silicon Valley Bank v. JES Global Capital GP III, LLC and Elliot S. Smerling*, Case No. 21 Civ. 2552 (JPC) (ECF No. 98). Accordingly, it is the Receiver's duty to investigate and preserve the value of the $500,000 Senior Secured Balloon Promissory Note (the "Note") and the collateral securing the repayment of the Note made by World Class in favor of Canes Twenty Two, LLC (one of the Smerling Entities). Furthermore, to carry out his charge, the Receiver must ensure that the Note is adequately collateralized and receive sufficient assurances that World Class is complying with its duties under the Loan Documents (as such term is defined hereinbelow), including, but not limited to, maintaining adequate insurance in respect of the collateral. *See* Declaration of Paul Steven Singerman ("Singerman Decl.") at ¶¶ 3, 6.[1]

As a preliminary matter, the documents subject of the Receiver's discovery to World Class are the Note, Side Letter Agreement (the "SLA"), and Pledge Agreement (collectively, "Loan Documents"). *Id*. at ¶ 4. Each of the Loan Documents was signed by World Class's owner, Jeffrey A. Kranitz, a longtime friend of Smerling; notably, the obligations of World Class under the Loan Documents are guaranteed by Mr. Kranitz, and his membership interests in World Class secure his obligations his guaranty. *Id*. Even a cursory review of the Loan Documents reveals utterly non-commercial terms which require the Receiver to conduct further investigation. *Id* at ¶ 5. By way of example, (i) the SLA contains a unique clause that forgives the obligation of World Class to repay the Note in the event of Smerling's death, (ii) the Note does not require any principal or interest payments until the maturity date—November 1, 2026—seven (7) years after the Note was signed and the $500,000 advanced to World Class, and (iii) while the Note requires World Class

---

[1]   The Declaration of Paul Steven Singerman is filed simultaneously with this response.

to insure the collateral, the inspection of World Class's premises on February 7, 2022 only revealed expired insurance policies. *Id*. at ¶¶ 5-6.

In addition to the unorthodox and non-commercial terms of the Loan Documents, World Class's Motion and conduct of counsel in response to the duly issued subpoenas raise more questions and concerns than answers. First, the Motion asserts World Class did not receive notice of the subpoenas at issue (Mot. at 4); however, in addition to the Returns of Service (ECF No. 160-4) which confirm service was effected, the Receiver's counsel also sent copies of the subpoenas to counsel for World Class on January 20, 2022, via email and explicitly asked whether counsel for World Class would accept service. (Singerman Decl. at ¶ 7). On the same day, counsel for World Class acknowledged receipt of the subpoenas and advised that she would confer with World Class regarding acceptance of service. *Id*. at ¶ 8. Counsel for World Class never responded after January 20, 2022, about service or otherwise. *Id*. Subsequently, World Class was served at the registered agent's listed address, ***World Class's address***, during business hours consistent with the dictates of Florida law. *Id*.

Moreover, the Motion also states that the parties' respective counsel "engaged in several written correspondence [*sic*] beginning … on January 10, 2022 to the RECEIVER's letter dated December 21, 2022" (Mot. at 8).  But the Motion fails to address the gap in time between January 10 and February 7, when the Motion was filed. *See id.*  It was only after counsel for the Receiver sent a courtesy email to confirm the inspection of World Class on February 7, 2022, at 10:00 a.m. pursuant to the Receiver's subpoena for inspection of World Class's inventory and assets located at its principal place of business, 9787 Glades Road, Boca Raton, Florida 33434, that counsel for World Class responded that she intended to file a motion for protective order. *See* Fed. R. Civ. P. 45(d); (Singerman Decl. at ¶ 9). Importantly, knowing the subpoena for inspection was set for

February 7, 2022, at 10:00 a.m., counsel for World Class was neither present at the inspection site nor timely filed the Motion. *Id*. at ¶ 10. Indeed, the Motion was filed 9.5 hours *after* the inspection commenced, at approximately 7:33 p.m. on February 7, 2022 (ECF No. 160). (Singerman Decl. at ¶ 10).

Despite the opportunity to engage in meaningful meet and confer opportunities, timely serve objections, or file a motion before the proper court—in the Southern District of Florida where compliance with the subpoenas is required, World Class has chosen to ignore the dictates of Fed. R. Civ. P. 45; instead, World Class has sought to thwart the Receiver from fulfilling his duties, and has unnecessarily burdened the Court with a frivolous motion that includes an affidavit that is neither dated nor notarized. As such, the Motion should be denied.

### B.   World Class Filed the Motion in the Wrong Jurisdiction.

As mentioned above, there are numerous substantive deficiencies in the Motion, including but not limited to (i) an inaccurate recitation of the facts, (ii) misapplication of the law, and (iii) the supporting "affidavit" that is neither notarized nor dated. That said, the Court, as the issuing court from which the subpoenas in question were issued, does not have jurisdiction to adjudicate the relief sought by the Motion.  Rule 45 governs subpoenas to non-parties and states in pertinent part:

> (3) Quashing or Modifying a Subpoena.
>
> (A) When Required. On timely motion, **the court for the district where compliance is required** must quash or modify a subpoena that:

Fed. R. Civ. P. 45(d)(3) (emphasis added); *see also Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, No. 14 CIV. 6512 (KPF), 2021 WL 411379, at *2 (S.D.N.Y. Feb. 5, 2021) ("The purpose of this requirement is to protect non-parties subject to subpoenas from the burdens of litigating in the issuing district rather than in their home district and to ensure that the court adjudicating a

4

subpoena dispute has personal jurisdiction over the non-party.") (citing Fed. R. Civ. P. 45 advisory committee notes) (additional citations omitted).

The Motion challenges three subpoenas the Receiver served for (i) inspection of World Class's inventory and assets located at its principal place of business, 9787 Glades Road, Boca Raton, Florida 33434; (ii) deposition *duces tecum* of World Class's corporate representative in Florida; and (iii) deposition *duces tecum* of Jefferey A. Kranitz (collectively, the "Subpoenas"), who also resides in Boca Raton, Florida.

Accordingly, pursuant to Rule 45, the Subpoenas require compliance in the United States District Court in and for the Southern District of Florida. However, instead of filing the Motion in the proper jurisdiction, World Class filed the Motion in this Court, the issuing district, which is prohibited by the explicit requirements of Rule 45. Unless and until the United States District Court in and for the Southern District of Florida enters an order transferring the Motion to this Court for adjudication, the Court cannot adjudicate the Motion. *See* Fed. R. Civ. P 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."). No such order has been sought nor entered by the District Court in and for the Southern District of Florida.

11146114-22

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion should be denied.


Dated:  February 18, 2022

Respectfully Submitted:

By: /s/ Paul Steven Singerman
       Paul Steven Singerman, Esq.
       singerman@bergersingerman.com
       Marianne Curtis, Esq.
       mcurtis@bergersingerman.com
       drt@bergersingerman.com
       BERGER SINGERMAN LLP
       1450 Brickell Avenue, Ste. 1900
       Miami, FL 33131
       Telephone: (305) 755-9500
       Facsimile: (305) 714-4340

       *Attorneys for James S. Feltman, Receiver*

11146114-22