UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SMERLING LITIGATION,

21 Civ. 2552 (JPC)

**DECLARATION OF PAUL STEVEN SINGERMAN IN SUPPORT OF
RESPONSE OF JAMES S. FELTMAN TO OBJECTION OF
NON-PARTY, WORLD CLASS AUTO REPAIR, LLC TO
SUBPOENAS AND MOTION FOR PROTECTIVE ORDER**

PAUL STEVEN SINGERMAN, pursuant to 28 U.S.C. § 1746, declares as follows:

1.       I am a member of the law firm of the law firm Berger Singerman LLP, counsel to James S. Feltman, the receiver (the "Receiver") appointed pursuant to those certain *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion* (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders").

2.       I respectfully submit this Declaration in support of the Response of James S. Feltman to Objection of Non-Party, World Class Auto Repair, LLC, to Subpoenas and Motion for Protective Order (the "Motion").

**Background:  Loan to World Class**

3.      World Class was the beneficiary of a $500,000 loan from Canes Twenty Two, LLC, which is one of the companies owned and controlled by Elliot Smerling and is under the Receiver's control pursuant to this Court's Order (ECF No. 98).

4.      The Loan was memorialized in three principal documents: the (i) Senior Secured Balloon Promissory Note dated November 19, 2019 (the "Note"), (ii) Side Letter Agreement dated April 21, 2020 (the "SLA"), and (iii) Pledge Agreement dated April 21, 2020 (collectively, "Loan Documents"). Each of the Loan Documents was signed by World Class's owner, Jeffrey A. Kranitz, a self-proclaimed longtime friend of Smerling. In addition, the obligations of World Class under the Loan Documents are guaranteed by Mr. Kranitz, and his membership interests in World Class secure his obligations his guaranty.

5.      The Loan Documents contain unorthodox and non-commercial terms such as, but not limited to, (i) the SLA contains a unique clause that forgives the obligation of World Class to repay the Note in the event of Smerling's death, (ii) the Note does not require any principal or interest payments until the maturity date—November 1, 2026—seven (7) years after the Note was signed and the $500,000 advanced to World Class, and (iii) while the Note requires World Class to insure the collateral, the inspection of World Class's premises on February 7, 2022 only revealed expired insurance policies.

6.      Accordingly, pursuant to the Orders, the Receiver served three subpoenas for (i) inspection of World Class's inventory and assets located at its principal place of business, 9787 Glades Road, Boca Raton, Florida 33434; (ii) deposition *duces tecum* of World Class's corporate representative in Florida; and (iii) deposition *duces tecum* of Jefferey A. Kranitz (collectively, the

"Subpoenas") to locate, investigate and secure the assets of the entities subject of the Order—including Canes Twenty-Two, LLC.

### Service of the Subpoenas on World Class

7.      The Motion asserts World Class did not receive notice of the Subpoenas (Mot. at 4); however, in addition to the Returns of Service (ECF No. 160-4), which confirm service was effected, I also sent copies of the subpoenas to counsel for World Class on January 20, 2022, via email, and I explicitly asked whether counsel for World Class would accept service.

8.      On the same day, counsel for World Class acknowledged receipt of the subpoenas and that she would confer with World Class regarding service. Counsel for World Class never responded after January 20, 2022, regarding acceptance of service or otherwise. Subsequently, World Class was served at the registered agent's listed address, ***World Class's address***, during business hours consistent with the dictates of Florida law.

### World Class's Failed to Meet-and-Confer in Good Faith

9.      The Motion also states that the parties' respective counsel "engaged in several written correspondence [*sic*] beginning … on January 10, 2022 to the RECEIVER's letter dated December 21, 2022" (Mot. at 8). But the Motion fails to address the gap in time between January 10 and February 7, when the Motion was filed. *See id.*  It was only after I sent a courtesy email to confirm the inspection of World Class on February 7, 2022, at 10:00 a.m. that counsel for World Class responded that she intended to file a motion for protective order.

10.     Subsequently, and knowing the subpoena for inspection was set for February 7, 2022, at 10:00 a.m., counsel for World Class was neither present at the inspection site nor timely filed the Motion. Indeed, the Motion was filed 9.5 hours ***after*** the inspection commenced, at approximately 7:33 p.m. on February 7, 2022. (ECF No. 160).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2022.

 

_____

Paul Steven Singerman

11225227-2