UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SMERLING LITIGATION, | 21 Civ. 2552 (JPC) |

**[PROPOSED] ORDER GRANTING AGREED MOTION FOR TURNOVER OF FUNDS TO THE RECEIVER AND SETOFF AGAINST FUNDS BY PACIFIC WESTERN BANK**

THIS MATTER is before the Court upon the unopposed motion (the "Agreed Motion")[1] of James S. Feltman, in his capacity as the receiver (the "Receiver") appointed pursuant to that certain (a) *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and that certain (b) *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James S. Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion* (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Receivership Orders"), seeking entry of an order (this "Order") granting the turnover to the Receiver of $94,242.43 held by PacWest and setoff by PacWest of $31,202.65 for obligations owing to it; and

WHEREAS the Court finds, based on the record in this action, including that certain Order Granting Agreed Motion to Terminate the Orders of Attachment and to Compel Turnover of Funds

---

[1] All undefined capitalized terms used herein shall have the meaning given to them in the Agreed Motion unless otherwise so stated.

11251381-2

to the Receiver entered on October 14, 2021 [ECF No. 119], that it is appropriate to grant the relief requested in the Agreed Motion; and

WHEREAS the Orders authorize James S. Feltman, in his capacity as the Receiver, *inter alia*: (i) to take complete custody, control, and possession of any and all Receivership Property (as defined in the Receivership Orders, which definition is incorporated herein); (ii) to manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further order of this Court; (iii) to use Receivership Property for the benefit of the Receivership Estate (as defined in the Receivership Orders, which definition is incorporated herein); (iv) to take any action in relation to any Receivership Property which, prior to the entry of this Order, could have been taken by the Defendant Smerling; (v) to take such other action as may be approved by this Court; and (vi) to deposit all cash proceeds of Receivership Property, into the account maintained by the Receiver; and

WHEREAS, this Court has jurisdiction over the Receivership Property and constitutional authority to enter this Order; and

WHEREAS, the Receiver has provided adequate and sufficient notice of the Agreed Motion by providing written notice to creditors and interested parties identified on the Receiver's certificate of service filed in conjunction with the Agreed Motion, and therefore, such notice is appropriate, adequate, and proper under the circumstances involved in this case.

IT IS ACCORDINGLY HEREBY:

ORDERED that [i] PacWest shall turnover the total balance held in the 7767 Account to the Receiver in the amount of $50,068.18; (ii) PacWest shall setoff and apply $6,101.65 from the 6819 Account to the credit card obligations owing to it by the account holder, (iii) PacWest shall setoff and apply $25,000 from the 6819 Account to a portion of the fees and costs owing to it by the

account holder, and (iv) PacWest shall turnover the remaining $44,174.25 in the 6819 Account to the Receiver; and it is further

ORDERED that the Agreed Motion is granted subject to the terms and conditions set forth in this Order, any objections that have not previously been withdrawn are hereby overruled; and it is further

ORDERED that the Receiver shall serve on counsel for PacWest a copy of this Order within 48 hours of entry;

ORDERED that, the Receiver shall serve a copy of this Order via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service within 48 hours of entry, as follows:

(a) JES Global Capital GP LLC, directed to its registered agent and

(b) Smerling Financial Group Management Inc., directed to its registered agent.

Dated: March 4, 2022
New York, New York

_____
John P. Cronan, U.S.D.J.