**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE SMERLING LITIGATION,

21 Civ. 2552 (JPC)

~~[PROPOSED]~~ ORDER GRANTING UNOPPOSED MOTION TO SELL
A VACANT PARCEL OF REAL PROPERTY LOCATED AT
11352 ALLIGATOR TRAIL, LAKE WORTH, FLORIDA AND RELATED RELIEF

THIS MATTER is before the Court upon the unopposed motion (the "Unopposed Motion")[1] of James Feltman, in his capacity as the receiver (the "Receiver") appointed pursuant to that certain (a) *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and (b) *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion*, dated July 19, 2021 (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders"), seeking entry of an order (this "Order"), *inter alia*: (a) authorizing the Receiver to sell to Rodney and Michele Poole ("Poole" or the "Real Property Purchaser") a vacant parcel of real property located at 11352 Alligator Trail, Lake Worth, Florida 33449 (the "Real Property") for the all-cash purchase price of $700,000.00 and without any due diligence contingency, per the terms of the *Vacant Land Contract* (w/addendum) attached to the Declaration as Exhibit "2"; (b) modifying the sale

---

[1]    Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Unopposed Motion.

procedures set forth in 28 U.S.C. § 2001 with respect to the sale of the Real Property; and (c) granting the Receiver such other and further relief as the Court deems just and proper; and

WHEREAS the Court finds, based on the record in this Consolidated Action, including the *Declaration of Paul Steven Singerman in Support of Unopposed Motion to Sell a Vacant Parcel of Real Property Located at 11352 Alligator Trail, Lake Worth, Florida and Related Relief* (Consolidated Action, ECF No. 169 ) (the "Declaration"), that it is appropriate to grant the relief requested in the Unopposed Motion; and

WHEREAS the Orders authorize James Feltman, in his capacity as the Receiver, *inter alia*: (i) to take complete custody, control, and possession of any and all Receivership Property; (ii) to manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court; (iii) to use Receivership Property for the benefit of the Receivership Estate; (iv) to take any action in relation to any Receivership Property which, prior to the entry of this Order, could have been taken by the Defendant Smerling; (v) to take such other action as may be approved by this Court; and (vi) to deposit all cash proceeds of Receivership Property, into the account being held by the Receiver; and

WHEREAS, the Real Property represents Receivership Property; and

WHEREAS, an additional description of the Real Property is attached to this Order as **Exhibit "A"**; and

WHEREAS, the Receiver has complied with 28 U.S.C. § 754; and

WHEREAS, this Court has jurisdiction over the Receivership Property and constitutional authority to enter this Order; and

WHEREAS, the authority granted herein is consistent with of Receiver's authority and duties under the Orders, and in furtherance of the Receiver's efforts to maximize the value of the Receivership Property.  The entry of this Order is in the best interests of all parties in interest

2

11172238-1

as its implementation will, among other things, permit the Receiver to sell the Real Property, as well as to obviate additional expenses related to home owner association fees, real estate taxes and insuring the Real Property, thereby producing cash for the Receivership Estate; and

WHEREAS, the terms of the transaction proposed in the Unopposed Motion are fair and reasonable under the circumstances, were negotiated in good faith and at arm's length, reflect the Receiver's exercise of prudent business judgment consistent with his fiduciary duties, and, where applicable, are supported by reasonably equivalent value and fair consideration; and

WHEREAS, the Receiver has shown good cause for the entry of this Order and the Court concludes that entry of this Order is necessary to preserve and maximize the value of the Receivership Property in the best interests of the creditors of the Receivership Estate; and

WHEREAS, the Receiver has provided adequate and sufficient notice of the Unopposed Motion by providing written notice to creditors and interested parties identified on the Receiver's declaration of service filed in conjunction of the Unopposed Motion, and therefore, such notice is appropriate, adequate, and proper under the circumstances involved in this case; and

IT IS ACCORDINGLY HEREBY:

ORDERED that the Unopposed Motion is granted subject to the terms and conditions set forth in this Order, any objections that have not previously been withdrawn are hereby overruled; and it is further

ORDERED that the terms of the Real Property Contract are approved in their entirety and the Receiver is authorized to perform under the Real Property Contract; and it is further

ORDERED that the Receiver is hereby authorized in his sole discretion to sell the Real Property to the Real Property Purchaser pursuant to the terms of the Real Property Contract

3

in exchange for the gross purchase price totaling $700,000.00 as described in the Real Property Contract; and it is further

ORDERED that the Receiver is hereby authorized in his sole discretion to execute such agreements, transfer documents, title documents, organizational documents and organizational consents, and such other documents as the Receiver may determine in his sole discretion are necessary or desirable in connection with the sales of the Real Property; and it is further

ORDERED that the sale procedures set forth in 28 U.S.C. § 2001, to the extent applicable, shall not apply with respect to the sales of the Real Property; and it is further

ORDERED that, within ten (10) days following the entry of this Order, the Receiver shall serve a copy of this Order upon the Florida Defendants and the New York Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a)     Upon Mr. Smerling through his counsel who has appeared in the Consolidated Action;

(b)     Upon JES Global Capital GP III, LLC, directed to its registered agent in Delaware and/or the Secretary of State for the State of Delaware in the event that such entity no longer has a registered agent; and

(c)     Upon JES Global Capital II, L.P. and JES Global Capital GP II, LLC, directed to the Secretary of State for the State of Florida as neither entity currently has a registered

agent in Florida.

Dated:   _____March 4_____ ___, 2022
         New York, New York

_____
John P. Cronan, U.S.D.J.

11172238-1

## **Exhibit "A"**

Legal description for the Real Property

Lot 238, HOMELAND, according to the map or plat thereof, as recorded in Plat Book 33, at Page(s) 111, of the Public Records of Palm Beach County, Florida.

11172238-1