```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
                                                                       :
                                                                       :
IN RE SMERLING LITIGATION                                              :      21 Civ. 2552 (JPC)
                                                                       :
                                                                       :      ORDER
                                                                       :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      Before the Court is non-party World Class Auto Repair, LLC's ("World Class") motion to quash and for a protection order in response to three subpoenas from the Court-appointed receiver, James Felton. Dkt. 160 ("Motion"). Under Federal Rule of Civil Procedure 45, "the power to quash or modify a subpoena" belongs "to the 'court for the district where compliance is required.'" *KGK Jewelry LLC v. ESDNetwork*, No. 11 Civ. 9236 (LTS) (RLE), 2014 WL 1199326, at *2 (S.D.N.Y. Mar. 21, 2014) (quoting Fed. R. Civ. P. 45(d)(3)). Because compliance is not required in this District, this Court lacks the power to quash the subpoenas. The Motion therefore is denied.

## I. Relevant Procedural History

      As a brief background, this consolidated case involves a complex fraud scheme in which Elliot S. Smerling fraudulently induced banks to lend him tens of millions of dollars. In March 2021, Silicon Valley Bank sued Smerling and JES Global Capital GP III, LLC in this Court ("Silicon Valley Bank Action"). Dkt. 1. Two months later, Citizens Bank, N.A. sued Smerling, JES Global Capital II, L.P., and JES Global Capital GP II, LLC in the Southern District of Florida, captioned *Citizens Bank v. JES Global Capital II, L.P.*, No. 21 Civ. 80815 (S.D.F.L.) ("Citizens Bank Action"). The Citizens Bank Action was transferred to this Court, which the Court consolidated with the Silicon Valley Bank Action, and the Court appointed Feltman as receiver in

the consolidated action. Dkt. 98. Feltman is charged with organizing and preserving all assets of (1) Smerling, (2) JES Global Capital II, L.P., (3) JES Global Capital GP II, LLC, (4) JES Global Capital GP III, LLC, and (5) the assets of sixty-one Smerling-controlled entities. *Id.*

In carrying out his duties, Feltman issued subpoenas for evidence relating to a $500,000 senior secured promissory note made by World Class in favor of Canes Twenty Two LLC, one of the Smerling-controlled entities. *See* Motion, Exh. B. On February 7, 2022, World Class challenged three subpoenas issued from this Court by Feltman: (1) a subpoena requiring Jeff Kranitz, World Class's agent and owner, to testify at a deposition, (2) a subpoena for World Class's corporate representative to testify at a deposition, and (3) a subpoena to inspect World Class's inventory and assets at its principal place of business in Boca Raton, Florida. *Id.*, Exh. A at 1, 4, 22. World Class contends that Feltman did not properly serve the subpoenas and that he lacks the legal authority to inspect its premises and records. Motion at 3-8. Feltman opposes the motion. *See* Dkt. 163 ("Opposition"). As relevant here, Feltman argues that this Court lacks jurisdiction to consider the motion because this Court is not located where compliance is required. *Id.* at 4-5.

## II.  Discussion

The Motion implicates Federal Rule of Civil Procedure 45, which governs subpoenas. Under Rule 45(a)(2), "[a] subpoena must issue from the court where the action is pending," and it may be signed and issued by a lawyer authorized to practice in the issuing court. Fed. R. Civ. P. 45(a)(2), (a)(3). A subpoena commanding "a person to attend a trial, hearing, or deposition," may command compliance "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). For subpoenas involving the "production of documents, electronically stored information, or tangible things," the subpoena may command compliance "at a place within 100 miles of where the person resides, is employed,

or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).  A subpoena can also command "inspection of premises at the premises to be inspected." Fed. R. Civ. P. 45(c)(2)(B).

When the commanded party objects to a subpoena, "the court for the district *where compliance is required* must quash or modify a subpoena that" does not meet certain requirements. Fed. R. Civ. P. 45(d)(3) (emphasis added).  Rule 45(d)(3), in other words, "reserves the power to quash or modify a subpoena to the 'court for the district where compliance is required.'" *KGK Jewelry LLC*, 2014 WL 1199326, at *2 (quoting Fed. R. Civ. P. 45(d)(3)); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c).").  So outside of Rule 45(f)—which allows the court where compliance is required to transfer subpoena-related motions to the issuing court in certain circumstances—the issuing court lacks "jurisdiction over . . . motion[s] to quash" if it is not also the court where compliance is required. *KGK Jewelry LLC*, 2014 WL 1199326, at *2.

While this Court was properly named as the issuing court on the subpoenas, "it is not the proper court to receive [World Class]'s motion to quash." *Arrowhead Cap. Fin., Ltd. v. Seven Arts Ent., Inc.*, No. 14 Civ. 6512 (KPF), 2021 WL 411379, at *3 (S.D.N.Y. Feb. 5, 2021).  Because the subpoenas issued to World Class require compliance in Boca Raton, Florida, where World Class has its principal place of business, *see* Opposition at 3; Dkt. 167 ("Reply"), Exh. A ¶ 3, World Class should have brought its motion in the United States District Court for the Southern District of Florida.  *See Arrowhead Cap. Fin., Ltd.*, 2021 WL 411379, at *3 ("Because the subpoenas issued to [the intervenor] require compliance in Los Angeles, where [the intervenor] has its principal place of business, [it] should have brought its motion in the United States District Court

for the Central District of California."). The same is true for the subpoena issued to Kranitz, which requires compliance in Boca Raton, Florida, where Kranitz resides. *See* Reply, Exh. A ¶ 1.

World Class resists this conclusion by pointing to the order consolidating the Citizens Bank Action with the Silicon Valley Bank Action. Reply at 1-2. That order, as World Class points out, gave this Court jurisdiction over the consolidated case. *See* Dkt. 98 at 2. Because this Court has jurisdiction over the case, World Class argues that it has jurisdiction over the Motion. *See* Reply at 2. World Class further contends that, given the complexity of the case, it would serve "the interest of judicial economy" for this Court to decide the Motion. *Id.*

That is not how it works. Having jurisdiction over the case only affects this Court's power to issue the subpoena, not to quash it—"the power to quash or modify a subpoena" belongs "to the 'court for the district where compliance is required.'" *KGK Jewelry LLC*, 2014 WL 1199326, at *2 (quoting Fed. R. Civ. P. 45(d)(3)).

### III.  Conclusion

For the reasons given, the Court denies World Class's motion to quash and for a protective order. The Clerk of the Court is respectfully directed to close the motion pending at Docket Number 160.

SO ORDERED.

Dated: March 7, 2022  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge