UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| IN RE SMERLING LITIGATION, | 21 Civ. 2552 (JPC) |

**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION
TO SELL 2016 LAND ROVER AND RELATED RELIEF**

THIS MATTER is before the Court upon the unopposed motion (the "Unopposed Motion")[1] of James S. Feltman, solely in his capacity as the receiver (the "Receiver") appointed pursuant to that certain (a) *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and (b) *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion*, dated July 19, 2021 (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders"), seeking entry of an order (this "Order"), *inter alia*: (i) authorizing the Receiver to sell the 2016 Land Rover (VIN No. SALAK2V66GA792286) (the "Land Rover") to Leasingway USA Corp. ("Leasingway") free and clear of all liens and encumbrances pursuant to the terms of the *Vehicle Sales Agreement* attached to the Declaration (defined herein) as Exhibit "2"; (ii) modifying the sale procedures set forth in 28 U.S.C. §§ 2001 and 2004 with respect to the proposed sale of

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Unopposed Motion.

11508400 1

the Land Rover to Leasingway; and (iii) granting the Receiver such other and further relief as the Court deems just and proper; and

WHEREAS the Court finds, based on the record in this Consolidated Action, including the *Declaration of Christopher Andrew Jarvinen in Support of the Unopposed Motion to Sell 2016 Land Rover and Related Relief* (Consolidated Action, ECF No. 202 ) (the "Declaration"), that it is appropriate to grant the relief requested in the Unopposed Motion; and

WHEREAS the Orders authorize James S. Feltman, in his capacity as the Receiver, *inter alia*: (i) to take complete custody, control, and possession of any and all Receivership Property; (ii) to manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court; (iii) to use Receivership Property for the benefit of the Receivership Estate; (iv) to take any action in relation to any Receivership Property which, prior to the entry of this Order, could have been taken by the Defendant Smerling; (v) to take such other action as may be approved by this Court; and (vi) to deposit all cash proceeds of Receivership Property, into the account being held by the Receiver; and

WHEREAS, the Land Rover represents Receivership Property; and

WHEREAS, the Receiver has complied with 28 U.S.C. § 754; and

WHEREAS, this Court has jurisdiction over the Receivership Property and constitutional authority to enter this Order; and

WHEREAS, the authority granted herein is consistent with of Receiver's authority and duties under the Orders, and in furtherance of the Receiver's efforts to maximize the value of the Receivership Property.  The entry of this Order is in the best interests of all parties in interest as its implementation will, among other things, permit the Receiver to sell the Land Rover and obviate

additional expenses related to retitling the Land Rover, as well as storage, insurance and future sale expenses, thereby producing cash for the Receivership Estate; and

WHEREAS, the terms of the transaction proposed in the Unopposed Motion are fair and reasonable under the circumstances, were negotiated in good faith and at arm's length, reflect the Receiver's exercise of prudent business judgment consistent with his fiduciary duties, and, where applicable, are supported by reasonably equivalent value and fair consideration; and

WHEREAS, the Receiver has shown good cause for the entry of this Order and the Court concludes that entry of this Order is necessary to preserve and maximize the value of the Receivership Property in the best interests of the creditors of the Receivership Estate; and

WHEREAS, the Receiver has provided adequate and sufficient notice of the Unopposed Motion by providing written notice to creditors and interested parties identified on the Receiver's declaration of service filed in conjunction of the Unopposed Motion, and therefore, such notice is appropriate, adequate, and proper under the circumstances involved in this case.

IT IS ACCORDINGLY HEREBY:

ORDERED that the Unopposed Motion is granted subject to the terms and conditions set forth in this Order, any objections that have not previously been withdrawn are hereby overruled; and it is further

ORDERED, that the terms of the *Vehicle Sales Agreement* attached as Exhibit "2" to the Declaration are approved in their entirety and the Receiver is authorized to perform under the *Vehicle Sales Agreement*; and it is further

ORDERED that the Receiver is hereby authorized to sell the Land Rover to Leasingway free and clear of all liens and encumbrances in exchange for a payment to the Receivership Estate

in the amount of $19,250.00 pursuant to the terms of the *Vehicle Sales Agreement* attached as Exhibit "2" to the Declaration; and it is further

ORDERED that the Court hereby immediately terminates its prior attachment orders (e.g., ECF Nos. 26, 37, 67 80) relating to the Land Rover; and it is further

ORDERED that the Receiver is hereby authorized in his sole discretion to execute such agreements, transfer documents, and such other documents as the Receiver may determine in his sole discretion are necessary or desirable in connection with the sale of the Land Rover to Leasingway (collectively, the "<u>Documents</u>"); and it is further

ORDERED that World Class Auto Repair Center, LLC and Jeffrey Kranitz shall each fully cooperate with the Receiver and Leasingway with respect to the transfer of the Land Rover to Leasingway, including but not limited to executing any Documents and assisting with the physical transfer of the Land Rover to Leasingway; and it is further

ORDERED that World Class Auto Repair Center, LLC and Jeffrey Kranitz have each waived and shall not receive any of the all-cash payment in the amount of $19,250.00 that will be made by Leasingway to the Receivership Estate to purchase the Land Rover; and it is further

ORDERED that the sale procedures set forth in 28 U.S.C. §§ 2001 and 2004 shall not apply to the sale of the Land Rover to Leasingway; and it is further

ORDERED that, within ten (10) days following the entry of this Order, the Receiver shall serve a copy of this Order upon the Florida Defendants and the New York Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a)     Upon Mr. Smerling through his counsel who has appeared in the Consolidated Action;

  (b) Upon JES Global Capital GP III, LLC, directed to its registered agent in Delaware; and

  (c) Upon JES Global Capital II, L.P. and JES Global Capital GP II, LLC, directed to the Secretary of State for the State of Florida as neither entity currently has a registered agent in Florida.

Dated: July 12, 2022
   New York, New York

                _____
                John P. Cronan, U.S.D.J.

11508400 1