UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re SMERLING LITIGATION | 21 Civ. 2552 (JPC) |

**DECLARATION OF ALLAN J. ARFFA IN SUPPORT OF PLAINTIFFS'
JOINT MOTION FOR AN ORDER CONFIRMING THE FINALITY OF JUDGMENTS
AGAINST DEFENDANTS**

ALLAN J. ARFFA declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to Plaintiff Silicon Valley Bank ("SVB") in the above action (the "Consolidated Action"). I am a member in good standing of the bars of New York State and this Court.

2. I respectfully submit this Declaration in support of Plaintiffs' Joint Motion for an Order Confirming the Finality of Judgments Against Defendants (the "Joint Motion"). Specifically, the Joint Motion seeks an Order from this Court confirming that (a) the four judgments that Plaintiffs have obtained against the Defendants in this matter (the "Judgments") are final and enforceable, (b) more than 30 days have elapsed since each such Judgment has been issued and entered by the Court, and (c) no appeal was filed with respect to any such Judgment during the 30-day period following entry of each Judgment.

3. Plaintiffs also wish to advise the Court that, as explained further below, the Joint Motion is time sensitive because it relates to ongoing proceedings in Switzerland to enforce the Judgments and obtain the recovery of assets held in Swiss bank accounts, which appear to hold assets that are subject to this Court's Receivership Order.

**Background:  the Judgments at Issue**

4. On March 24, 2021, SVB filed a complaint in this Court against Defendants Elliot S. Smerling ("Smerling") and JES Global Capital GP III, LLC (together with Smerling, the "SVB Defendants"), alleging that they misappropriated, through fraud and deceit, nearly $95 million from SVB (of which approximately $80 million remains outstanding). (Consolidated Action, ECF No. 1.) The Court ultimately entered judgment in SVB's favor against Smerling in the amount of $79,957,322.65 plus interest. (Ex. 1; Consolidated Action, ECF No. 83.) SVB also subsequently obtained a default judgment against Defendant JES Global Capital GP III, LLC in the same amount. (Ex. 2; Consolidated Action, ECF No. 150.)

5. Following SVB's filing of its complaint, Citizens Bank, N.A. ("Citizens Bank") filed a similar complaint on May 5, 2021 against Smerling, JES Global Capital II, L.P., and JES Global Capital GP II, LLC (collectively with Smerling, the "Citizens Bank Defendants") in the United States District Court for the Southern District of Florida, alleging that those Defendants had misappropriated, through fraud and deceit, approximately $54 million from Citizens Bank. (*Citizens Bank, N.A.* v. *JES Global Capital II, L.P. et al.*, No. 21-cv-80815 (S.D. Fla.), now captioned No. 21-cv-05766 (S.D.N.Y.) (the "Citizens Bank Action"), ECF No. 1.) That Court ultimately entered judgment in favor of Citizens Bank against Smerling in the amount of $54,599,930.00 plus interest. (Ex. 3; Citizens Bank Action, ECF No. 61.) Citizens Bank also obtained a default judgment against Defendants JES Global Capital GP II, LLC and JES Global Capital II, L.P. on June 22, 2021 for that same amount. (Ex. 4; Citizens Bank Action, ECF No. 60.)

6. The Citizens Bank Action was subsequently transferred to the United States District Court for the Southern District of New York and, on July 19, 2021, the Court consolidated the

Citizens Bank Action with SVB's action under the above caption. (Consolidated Action, ECF No. 98.)

7. Accordingly, the following Judgments have now been entered in this matter against the SVB and Citizens Bank Defendants:

    a. SVB's Final Judgment on Consent as to Elliot Smerling dated June 14, 2021 (Ex. 1; Consolidated Action, ECF No. 83);

    b. SVB's Default Judgment as to JES Global Capital III, LLC dated January 6, 2022 (Ex. 2; Consolidated Action, ECF No. 150);

    c. Citizens Bank's Final Judgment dated June 22, 2021 (Ex. 3; Citizens Bank Action, ECF No. 61); and

    d. Citizens Bank's Default Final Judgment dated June 22, 2021 (Ex. 4; Citizens Bank Action, ECF No. 60).

**Efforts to Enforce the Judgments in Switzerland**

8. At the same time as the Court consolidated the two actions against Smerling and the other Defendants in this Court, the Court appointed James S. Feltman of Kroll, LLC as the Receiver in the Consolidated Action to identify, marshal and preserve the assets of the Citizens Bank Defendants and the SVB Defendants, as well as certain other entities also affiliated with Smerling, including the Canes Three Trust, the Hurricanes Four Trust, and Canes International Holdings Ltd. (Consolidated Action, ECF No. 98.)

9. The Receiver has identified certain bank accounts held at a Switzerland-domiciled bank, Union Bancaire Privée, UBP SA ("UBP"), in the names of Canes Three Trust, Hurricanes Four Trust, and Canes International Holdings Ltd. (the "Bank Accounts"), which appear to hold assets within the scope of his Receivership.

10. On December 13, 2021, the Receiver commenced a civil action (the "Receiver Action") in the civil tribunal of the Republic and Canton of Geneva, Switzerland (the "Tribunal"), advising the Tribunal of the existence of the Judgments and seeking an order of the Tribunal recognizing and executing the orders of this Court appointing the Receiver, requiring UBP to turn over the funds in the Bank Accounts to the Receiver, and prohibiting UBP from executing any other transfer orders to or from the Bank Accounts. On December 14, 2021, the Tribunal entered an order temporarily prohibiting UBP from executing any transfer orders with respect to the Bank Accounts pending the Tribunal's consideration of the relief requested by the Receiver.

11. On May 17, 2022, without holding a hearing and without any objection filed by any party in opposition to the relief requested by the Receiver in the Receiver Action, the Tribunal entered an order (the "Decision") denying the Receiver's requests to make its temporary order a permanent one and for an order turning over the funds in the Bank Accounts to the Receiver. In substance, the Tribunal held that the Receiver did not have standing to obtain the relief it sought, but noted that SVB and Citizens Bank themselves would have such standing to seek to enforce their own Judgments in Switzerland. The Receiver has appealed the Decision.

12. In light of the Tribunal's Decision and at the urging of the Receiver, SVB and Citizens Bank decided to file their own actions before the Tribunal. On August 3, 2022, Citizens Bank filed a civil action seeking an order from the Tribunal requiring UBP to turn over the funds in the Bank Accounts to Citizens Bank and prohibiting UBP from executing any other transfer orders to or from the Bank Accounts. SVB anticipated filing a similar action shortly thereafter.

13. However, on August 3, 2022, the Tribunal dismissed Citizens Bank's action because it had failed to provide a "certificate" from a United States court finding that the

4

Judgments entered against the Citizens Bank Defendants are final, enforceable, and no longer subject to an ordinary appeal. (Ex. 5, Order of Refusal of Sequestration.)

**The Joint Motion**

14. As a result, SVB and Citizens Bank now bring the Joint Motion. In light of the Tribunal's August 3 decision, and to facilitate SVB's and Citizens Bank's (and the Receiver's) recovery of assets from the Bank Accounts, SVB and Citizens Bank seek an order from this Court confirming that the Judgments are final and enforceable, that more than 30 days have elapsed since each such Judgment has been issued and entered by the Court, and that no appeal was filed with respect to any such Judgment during the 30-day period following entry of each Judgment.

15. This Joint Motion is time sensitive. The Swiss appellate court granted the Receiver's request for a stay of the Decision pending appeal, and therefore UBP is currently prohibited from executing transfer requests with respect to the Bank Accounts. But, if the appeal is decided against the Receiver, the stay will be lifted and there will no longer be any impediment to the dissipation of the funds in the Bank Accounts, particularly given the dismissal of Citizens Bank's proceeding in Switzerland. We therefore respectfully request that the Court address the Joint Motion at its earliest convenience.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on August 22, 2022.

            /s/ Allan J. Arffa
              Allan J. Arffa