**BERGER SINGERMAN**

Paul Steven Singerman
(305) 714-4343
singerman@bergersingerman.com

November 23, 2022

**By ECF and Email**

Honorable John P. Cronan
United States District Judge
Southern District of New York
United States Courthouse
New York, NY 10007

Re:   *In re Smerling Litigation*
      Case No. 1:21-cv-02552-JPC

> This request is granted. The Court finds that the proposed redactions in the billing records are narrowly tailored to cover only issues implicating the attorney-client privilege and work-product doctrine. *See United States v. Calonge*, No. 20 Cr. 523 (GHW), 2022 WL 1805852, at *12 n.8 (S.D.N.Y. June 1, 2022) ("[P]rivileged components of billing records can be the subject of targeted redactions."); *Diversified Grp., Inc. v. Daugerdas*, 304 F. Supp. 2d 507, 514 (S.D.N.Y. 2003) ("[T]ime records which . . . reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, fall within the [attorney-client] privilege." (alterations omitted)).
>
> SO ORDERED
> Date: November 29, 2022
> New York, New York
>
> _____
> JOHN P. CRONAN
> United States District Judge

Dear Judge Cronan:

On behalf of James S. Feltman of Kroll, LLC (the receiver appointed in the above-referenced consolidated action, the "Receiver"), I am writing pursuant to Section 4.B. of the Court's *Individual Rules and Practices in Civil Cases* (rev. 1-18-2022) (the "Court's Rules"), to request authorization to file in redacted form the detailed time and expense records of the following: (i) Kroll Associates, Inc. ("Kroll"); (ii) Berger Singerman LLP ("Berger Singerman"); (iii) Faegre Drinker Biddle & Reath LLP ("Faegre Drinker"); (iv) Pestalozzi Attorneys at Law Ltd. ("Pestalozzi"); (v) LeeSalmonLong ("LeeSalmonLong"); (vi) Little & Matysik P.C. ("L&M"); (vii) Daniel, Brantley & Associates ("DB"); and the Receiver (and together with Kroll, Berger Singerman, Faegre Drinker, Pestalozzi, LeeSalmonLong, L&M and DB, collectively, the "Applicants").

Immediately prior to filing this letter motion, the Receiver has filed an unopposed application (21 Civ. 2552, ECF Nos. 237 to 238) (the "Unopposed Application") by which the Receiver seeks this Court's authorization to approve the Applicants' third interim requests for compensation and reimbursement of expenses for the period of May 1, 2022 to October 31, 2022. The Receiver incorporates by reference herein the Unopposed Application. The Receiver has attached to the Unopposed Application redacted versions of the Applicants' detailed time and expense records as Exhibit "3(a)" (Kroll), Exhibit "3(b)" (Berger Singerman), Exhibit "3(c)" (Faegre Drinker), Exhibit "3(d)" (Pestalozzi), Exhibit "3(e)" (LeeSalmonLong), Exhibit "3(f)" (L&M), Exhibit "3(g)" (DB) and Exhibit "3(h)" (Receiver) (21 Civ. 2552, ECF No. 238) (collectively, the "Redacted Detailed Time and Expense Records").

In accordance with this Court's Rules, the Standing Order 19-MC-583 dated December 19, 2019, and Section 6 of the S.D.N.Y. ECF Rules and Instructions (Nov. 1, 2022 ed.), the Receiver requests authorization to file, as redacted, the Redacted Detailed Time and Expense Records.

First, in compliance with Section 4.B.i of the Court's Rules, the undersigned counsel has met and conferred with counsel representing the two principal creditors in this consolidated action—Citizens Bank, N.A. and Silicon Valley Bank. These parties are the plaintiffs in this

11726660-1

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131
t: (305) 755-9500 | f: (305) 714-4340 | WWW.BERGERSINGERMAN.COM

consolidated action and each supports the relief requested in this letter motion. The current and anticipated assets of the receivership estate are materially less than the judgment claims of Citizens Bank, N.A. and Silicon Valley Bank. Accordingly, none of the defendants in the consolidated action have any economic interest in the assets of the receivership estate.

In addition, defendants JES Global Capital GP III, LLC, JES Global Capital II, L.P., and JES Global Capital GP II, LLC has each failed to appear in this consolidated action. Furthermore, Mr. Smerling has appeared in this consolidated action through his counsel.

Second, the Receiver respectfully requests that the Court approve, as redacted, the filing of the Redacted Detailed Time and Expense Records because such detailed time and expense records contain descriptions implicating the work product protection doctrine and the attorney-client privilege that should not be publicly divulged at this early stage in this receivership matter. *See, e.g., Sorin* v. *U.S. Dep't of Justice*, 758 Fed.Appx. 28, 33 (2d Cir. Dec. 6, 2018) (summary order) (work-product protection doctrine protects redacted documents from public disclosure); *Rapp* v. *Fowler*, 20-cv-9586 (LAK), 21 WL 4804096 (S.D.N.Y. Oct. 13, 2021) (noting that documents may be protected from disclosure, either under the attorney-client privilege or work product protection doctrine, and properly may be redacted); *see also Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) (documents subject to attorney-client privilege may be a compelling reason to keep documents under seal); *In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003) (the attorney work product protection doctrine provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial) *U.S.* v. *Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995) (attorney-client privilege forbids attorney from disclosing confidential communication from client during course of professional consultations).

In compliance with Section 4.B.ii. of the Court's Rules, the undersigned is (i) e-mailing to your Chambers (CronanNYSDChambers@nysd.uscourts.gov) unredacted copies of the Redacted Detailed Time and Expense Records highlighting the proposed redactions (the other counsel in this matter are not courtesy copied on the e-mail to Chambers), and (ii) filing under seal on the ECF system (with the appropriate level of restriction), and electronically related to this letter motion, unredacted versions of the Redacted Detailed Time and Expense Records.

We thank Your Honor for Your Honor's consideration of this matter.

Respectfully yours,

*/s/ Paul Steven Singerman*

Paul Steven Singerman

cc:   Counsel of record (via ECF)
      The entities listed on the certificate of service

11726660-1

BERGER SINGERMAN