UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SMERLING LITIGATION,

21 Civ. 2552 (JPC)

**DECLARATION OF CHRISTOPHER ANDREW JARVINEN
IN SUPPORT OF THE UNOPPOSED MOTION TO AMEND ORDER
GRANTING JOINT MOTION TO (I) CONSOLIDATE SVB ACTION
AND CITIZENS BANK ACTION INTO A SINGLE ACTION; (II) APPOINT
JAMES FELTMAN AS RECEIVER IN CONSOLIDATED ACTION; AND
(III) GRANT UNOPPOSED RECEIVERSHIP EXPANSION MOTION [ECF NO. 98]**

I, CHRISTOPHER ANDREW JARVINEN, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     Through my professional association, Christopher A. Jarvinen, P.A., I am a member of the law firm of Berger Singerman LLP, counsel to James S. Feltman, who is the receiver (the "Receiver") appointed pursuant to that certain *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and that certain *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion*, dated July 19, 2021 (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders").  I respectfully submit this Declaration in support of the unopposed motion (the "Unopposed Motion") of the Receiver requesting the Court to enter an order, substantially in the form attached hereto as **Exhibit "1"**, amending paragraph 9 of the Receivership Consolidation/Expansion Order to replace the current requirement for the Receiver

to meet or to talk on a biweekly basis with Citizens Bank, N.A. ("Citizens Bank") and the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as the receiver (the "FDIC-SVB Receiver") of Silicon Valley Bank (the "SVB"), either together or separately, to discuss the Receiver's performance of his duties under the Receivership Consolidation/Expansion Order with a discretionary approach providing that the Receiver, Citizens Bank, and/or the FDIC-SVB Receiver may each request to meet or to talk with one another upon request and with reasonable notice.

2.      The Receiver is proceeding by motion, rather than filing an initial pre-motion letter, because: (i) both Citizens Bank and the FDIC-SVB Receiver, which are the plaintiffs in this consolidated action (the "Consolidated Action")[1], support the relief requested in the Unopposed Motion; (ii) Mr. Elliot Smerling ("Defendant Smerling") is being properly served with the Unopposed Motion through his counsel as reflected by the Certificate of Service filed concurrently with the Unopposed Motion;[2] (iii) defendant JES Global Capital GP III, LLC has failed to appear in either the SVB Action (defined herein) or the Consolidated Action; and (iv) defendants JES Global Capital II, L.P. and JES Global Capital GP II, LLC have failed to appear in the Citizens Bank Action (defined herein) or the Consolidated Action.

3.      On May 14, 2021, the Florida Court entered the Receivership Order appointing Mr.

---

[1]      The Receivership Consolidation/Expansion Order, among other things, consolidated the following two separate actions into this Consolidated Action: (i) *Citizens Bank, N.A.* v. *JES Global Capital II, L.P., JES Global Capital GP II, LLC and Elliot S. Smerling*, original case no. 21 Civ. 80815 (S.D. Fla.) initially filed in the District Court for the Southern District of Florida (the "Florida Court") and transferred to this Court by order of the Florida Court dated July 2, 2021 (post-transfer S.D.N.Y. case no. 1:21-cv-05766-JPC, ECF No. 66 (the "Citizens Bank Action")); and (ii) *Silicon Valley Bank* v. *JES Global Capital GP III, LLC; and Elliot S. Smerling*, case no 1:21-cv-02552-JPC (S.D.N.Y) (the "SVB Action") filed in this Court.  As the case number for the SVB Action and the Consolidated Action are the same, this Declaration refers to the "Consolidated Action" when referencing docket numbers for filings related to either the SVB Action or the Consolidated Action.

[2]      The Receiver also notes that, having appeared in this Consolidated Action, counsel for Defendant Smerling should also separately receive an additional copy of the Unopposed Motion directly through the CM/ECF system, and further, such counsel will be included on the email forwarding to Chambers a courtesy copy of the Unopposed Motion.

11987883-2

Feltman as the Receiver for the estates of the Florida Defendants.  (*See* Citizens Bank Action, ECF No. 28.)

4.      On July 19, 2021, this Court entered the Receivership Consolidation/Expansion Order).

5.      Paragraph 9 of the Receivership Consolidation/Expansion Order provides, in relevant part, that (the "Meeting Requirement"):

> The Receiver shall meet or talk on a biweekly basis with SVB and Citizens Bank, either together or separately, to discuss the Receiver's performance of his duties under this Order, with the first such meeting to occur within seven (7) days of the entry of this Order.

*See* Receivership Consolidation/Expansion Order, ¶ 9.

6.      Since the entry of the Receivership Consolidation/Expansion Order, the Receiver complied with the Meeting Requirement through earlier this year when the California Department of Financial Protection and Innovation closed SVB and appointed the FDIC-SVB Receiver.  Until the FDIC-SVB Receiver was officially substituted for SVB as a plaintiff in this receivership case, there was no legal party representing SVB with whom the Receiver could officially confer.

7.      On May 30, 2023, the FDIC-SVB Receiver filed the *Notice of Substitution of Party* (*See* Consolidated Action, ECF No. 254).  On that same date, the FDIC-SVB Receiver filed the *Notice of Appearance of Anne M. Devens for Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank* (*See* Consolidated Action, ECF No. 255).

8.      On June 1, 2023, the Court entered an order taking notice of the substitution of the FDIC-SVB Receiver for SVB as a plaintiff in this receivership case (*See* Consolidated Action, ECF No. 256).

9.      This receivership action is now over two years old and a substantial amount of the professional services required to collect and to monetize assets have been completed.

10.     In order to conserve the assets of the receivership estate by minimizing the incurrence of professional fees, and after consultation with the FDIC-SVB Receiver and Citizens Bank, the Receiver now seeks an unopposed, non-material modification to the Receivership Consolidation/Expansion Order to amend the Meeting Requirement by making such meetings between and among the Receiver, Citizens Bank and/or the FDIC-SVB Receiver discretionary upon request and with reasonable notice by any of these parties.  Even with the proposed revision to the Meeting Requirement, the Receiver will continue to inform Citizens Bank and the FDIC-SVB Receiver, as necessary, regarding any material developments in this receivership action.

11.     Accordingly, the Receiver now seeks entry of a proposed order, substantially in the form of the proposed order attached hereto as **Exhibit "1"**, revising the Meeting Requirement set forth in paragraph 9 of the Receivership Consolidation/Expansion Order as described herein.

**Conclusion**

12.     Counsel for each of Citizens Bank and the FDIC-SVB Receiver has reviewed and approved the form of the proposed order attached to the Unopposed Motion as **Exhibit "1"** and has advised undersigned counsel for the Receiver that their respective clients affirmatively support the relief requested in the Unopposed Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 29, 2023.

Christopher Andrew Jarvinen

# **Exhibit "1"**

# **Proposed Order**

11987883-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE SMERLING LITIGATION,

21 Civ. 2552 (JPC)

**[PROPOSED] ORDER GRANTING**
**THE UNOPPOSED MOTION TO AMEND ORDER GRANTING**
**JOINT MOTION TO (I) CONSOLIDATE SVB ACTION AND CITIZENS**
**BANK ACTION INTO A SINGLE ACTION; (II) APPOINT JAMES**
**FELTMAN AS RECEIVER IN CONSOLIDATED ACTION; AND**
**(III) GRANT UNOPPOSED RECEIVERSHIP EXPANSION MOTION [ECF NO. 98]**

THIS MATTER is before the Court upon the unopposed motion (the "Unopposed Motion")[1] of James S. Feltman, solely in his capacity as the receiver (the "Receiver") appointed pursuant to that certain (a) *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and (b) *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion*, dated July 19, 2021 (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders"), seeking entry of an order (this "Order"), (i) amending paragraph 9 of the Receivership Consolidation/Expansion Order to replace the current requirement for the Receiver to meet or to talk on a biweekly basis with Citizens Bank, N.A. ("Citizens Bank") and the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as the receiver (the "FDIC-SVB Receiver") of

---

[1]   Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Declaration (as defined herein) being submitted in support of the Unopposed Motion.

Silicon Valley Bank (the "SVB"), either together or separately, to discuss the Receiver's performance of his duties under the Receivership Consolidation/Expansion Order with a discretionary approach providing that the Receiver, Citizens Bank and/or the FDIC-SVB Receiver may each request to meet or to talk with one another upon request and with reasonable notice; and

WHEREAS the Court finds, based on the record in this Consolidated Action, including the *Declaration of Christopher Andrew Jarvinen in Support of the Unopposed Motion to Amend Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action into a Single Action; (II) Appoint James Feltman as Receiver in Consolidated Action; and (III) Grant Unopposed Receivership Expansion Motion [ECF No. 98]* (Consolidated Action, ECF No. ___) (the "Declaration"), that it is appropriate to grant the relief requested in the Unopposed Motion; and

WHEREAS the Orders authorize James S. Feltman, in his capacity as the Receiver, *inter alia*, to take any action as may be approved by this Court; and

WHEREAS, Citizens Bank and the FDIC-SVB Receiver have received reasonable notice of the Unopposed Motion; and

WHEREAS, the Receiver has provided adequate and sufficient notice of the Unopposed Motion by providing written notice to creditors and interested parties identified on the Receiver's declaration of service filed in conjunction of the Unopposed Motion, and therefore, such notice is appropriate, adequate, and proper under the circumstances involved in this case; and

WHEREAS, the Receiver has shown good cause for the entry of this Order and the Court concludes that entry of this Order is in the best interests of the creditors of the Receivership Estate.

IT IS ACCORDINGLY HEREBY:

ORDERED that the Unopposed Motion is granted subject to the terms and conditions set forth in this Order, and any objections that have not previously been withdrawn are hereby overruled; and it is further

ORDERED, that the first sentence of paragraph 9 of the Receivership Consolidation/Expansion Order is amended to replace:

> The Receiver shall meet or talk on a biweekly basis with SVB and Citizens Bank, either together or separately, to discuss the Receiver's performance of his duties under this Order, with the first such meeting to occur within seven (7) days of the entry of this Order.

with

> Upon request and with reasonable notice by the Receiver, the FDIC-SVB Receiver and/or Citizens Bank, the parties shall meet or talk to discuss the Receiver's performance of his duties under this Order.

; and it is further

ORDERED that, within ten (10) days following the entry of this Order, the Receiver shall serve a copy of this Order upon the Florida Defendants and the New York Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a)     Upon Defendant Smerling through his counsel who has appeared in the Consolidated Action;

(b)     Upon JES Global Capital GP III, LLC, directed to its registered agent in Delaware; and

11987905-2

(c)    Upon JES Global Capital II, L.P. and JES Global Capital GP II, LLC, directed to

the Secretary of State for the State of Florida as neither entity currently has a registered agent in

Florida.

Dated: June ___, 2023
         New York, New York


_____
John P. Cronan, U.S.D.J.