UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SMERLING LITIGATION, | 21 Civ. 2552 (JPC) |

**DECLARATION OF CHRISTOPHER ANDREW JARVINEN IN SUPPORT OF THE UNOPPOSED MOTION AUTHORIZING (I) A THIRD INTERIM DISTRIBUTION TO CITIZENS BANK, N.A., (II) A FIRST INTERIM DISTRIBUTION TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, IN ITS CAPACITY AS THE FDIC-SVB RECEIVER OF SILICON VALLEY BANK, AND (III) RELATED RELIEF**

CHRISTOPHER ANDREW JARVINEN, pursuant to 28 U.S.C. § 1746, declares as follows:

1. Through my professional association, Christopher A. Jarvinen, P.A., I am a member of the law firm of Berger Singerman LLP, counsel to James S. Feltman, who is the receiver (the "Receiver") appointed pursuant to that certain *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and that certain *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion*, dated July 19, 2021 (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders"). I respectfully submit this Declaration in support of the unopposed motion (the "Unopposed Motion") of the Receiver requesting the Court to enter an order, substantially in the form attached hereto as **Exhibit "1"**, authorizing the Receiver to make a further interim distribution totaling $1,600,000.00, comprised of (i) a third interim

12900110-2

distribution totaling $655,040.00 (40.94% of the total distribution) to Citizens Bank, N.A. ("Citizens Bank") and (ii) a first interim distribution totaling $944,960.00 (59.06% of the total distribution) to the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as the receiver (as explained and defined herein, the FDIC-SVB Receiver) of Silicon Valley Bank ("SVB"), and (iii) granting related relief.

2. The Receiver is proceeding by motion, rather than filing an initial pre-motion letter, given that: (i) both Citizens Bank and the FDIC-SVB Receiver, which are now the plaintiffs in this consolidated action (the "Consolidated Action")[1], support the relief requested in the Unopposed Motion; (ii) Mr. Elliot Smerling ("Defendant Smerling") is being properly served with the Unopposed Motion through his counsel as reflected by the Certificate of Service filed concurrently with the Unopposed Motion;[2] (iii) defendant JES Global Capital GP III, LLC has failed to appear in either the SVB Action (defined herein) or the Consolidated Action; and (iv) defendants JES Global Capital II, L.P. and JES Global Capital GP II, LLC have failed to appear in the Citizens Bank Action (defined herein) or the Consolidated Action.

**Background:  The SVB Action and the Citizens Bank Action**

3. SVB instituted the SVB Action in this Court in March 2021, alleging in its Complaint that Defendant Smerling and JES Global Capital GP III, LLC (together, the "New York

---

[1] The Receivership Consolidation/Expansion Order, among other things, consolidated the following two separate actions into this Consolidated Action: (i) *Citizens Bank, N.A.* v. *JES Global Capital II, L.P., JES Global Capital GP II, LLC and Elliot S. Smerling*, original case no. 21 Civ. 80815 (S.D. Fla.) initially filed in the District Court for the Southern District of Florida (the "Florida Court") and transferred to this Court by order of the Florida Court dated July 2, 2021 (post-transfer S.D.N.Y. case no. 1:21-cv-05766-JPC, ECF No. 66 (the "Citizens Bank Action")); and (ii) *Silicon Valley Bank* v. *JES Global Capital GP III, LLC; and Elliot S. Smerling*, case no 1:21-cv-02552-JPC (S.D.N.Y) (the "SVB Action") filed in this Court.  As the case number for the SVB Action and the Consolidated Action are the same, this Declaration refers to the "Consolidated Action" when referencing docket numbers for filings related to either the SVB Action or the Consolidated Action.

[2] The Receiver also notes that, having appeared in this Consolidated Action, counsel for Defendant Smerling should also separately receive an additional copy of the Unopposed Motion directly through the CM/ECF system, and further, such counsel will be included on the email forwarding to Chambers a courtesy copy of the Unopposed Motion.

Defendants") had misappropriated nearly $95 million from SVB (of which approximately $74 million remains outstanding) through fraud and deceit. (*See* Consolidated Action, ECF No. 1.)

4.  SVB thereafter obtained in the SVB Action orders of pre-judgment attachment and preliminary injunctions with respect to assets of the New York Defendants. (*See* Consolidated Action, ECF Nos. 19, 26, 31, 37, 67, and 80.)

5.  Following SVB's filing of its Complaint in the SVB Action, Citizens Bank initiated the Citizens Bank Action in the Florida Court and filed a similar complaint on May 5, 2021, against Defendant Smerling, JES Global Capital II, L.P., and JES Global Capital GP II, LLC (collectively, the "Florida Defendants", and together with the New York Defendants, collectively, the "Defendants"), seeking to recover approximately $54 million that Citizens Bank alleged the Florida Defendants improperly misappropriated from that bank. (*See* Citizens Bank Action, ECF No. 1.)

### The Receiver and the Receivership

6.  On May 14, 2021, the Florida Court entered the Receivership Order appointing Mr. Feltman as the Receiver for the estates of the Florida Defendants. (*See* Citizens Bank Action, ECF No. 28.) Mr. Feltman and his retained professionals have since been researching, locating and collecting assets associated with Defendant Smerling and various entities affiliated with him. (*See Declaration of James Feltman with Respect to Original Inventory*, Citizens Bank Action, ECF No. 65; Receiver's Quarterly Reports, Consolidation Action, ECF Nos. 130, 157, 185 and 207.)

7.  On July 19, 2021, this Court entered the Receivership Consolidation/Expansion Order: (a) appointing Mr. Feltman as the Receiver in the Consolidated Action, including as the receiver for the estates of the New York Defendants pursuant to the Receivership Order which was adopted as an order of this Court in the Consolidated Action, as modified by the Receivership Consolidation/Expansion Order; (b) expanding the receivership to all of the assets that each of the

3

61 entities (collectively, the "Additional Entities") listed on Exhibit "A" of the Receivership Consolidation/Expansion Order owns, possesses, has a beneficial interest in, or controls directly or indirectly, as "Receivership Property" under the Receivership Order (collectively, the "Smerling Assets"); and (c) appointing Mr. Feltman as the Receiver over the Smerling Assets. (*See* Consolidated Action, ECF No. 98.)[3]

**Background: The FDIC is Appointed as the FDIC-SVB Receiver on March 10, 2023**

8.  On March 10, 2023, the California Department of Financial Protection and Innovation closed SVB and appointed the FDIC as the receiver for SVB (the "FDIC-SVB Receiver"). *See, e.g., Failed Bank Information for Silicon Valley Bank, Santa Clara, CA* (https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/silicon-valley.html) (last visited on May 26, 2023).

9.  Pursuant to its appointment, the FDIC-SVB Receiver took charge of SVB's affairs, including SVB's role in this receivership case. *See* Notice of Substitution of Party (defined below).

10. On May 30, 2023, the FDIC-SVB Receiver filed the *Notice of Substitution of Party* (*See* Consolidated Action, ECF No. 254) (the "Notice of Substitution of Party").

11. On that same date, the FDIC-SVB Receiver filed the *Notice of Appearance of Anne M. Devens for Federal Deposit Insurance Corporation as Receiver for Silicon Valley Bank* (*See* Consolidated Action, ECF No. 255).

12. On June 1, 2023, the Court entered an order taking notice of the substitution of the FDIC-SVB Receiver for SVB as a plaintiff in this receivership case (*See* Consolidated Action, ECF No. 256).

---

[3] As additional background, I commend the Court and parties-in-interest to the prior declarations that I or my law partners, Paul Steven Singerman and Marianne Curtis, have filed in this matter (*See* Consolidated Action, ECF Nos. 95, 102, 109, 116, 123, 132, 152, 164, 169, 180, 187, 191, 202, 209, 219, 223, 232 and 238), each of which I incorporate herein by reference.

4

**The Court Approved the First Interim Distribution Motion**

13. On September 12, 2022, the Receiver filed an initial, interim distribution motion (*see* Consolidated Action, ECF Nos. 218-221) (the "First Interim Distribution Motion"). In the First Interim Distribution Motion, the Receiver requested the Court's authorization to make an initial interim distribution totaling $10,516,978.69 (the "First Interim Distribution), comprised of *pro rata* distributions in the respective amounts of $4,305,391.55 (40.94% of the total distribution) to Citizens Bank and $6,211,587.14 (59.06% of the total distribution) to SVB. *See Id*.

14. On September 14, 2022, the Court entered an order granting the First Interim Distribution Motion (*see* Consolidated Action, ECF No. 226) (the "First Interim Distribution Order").

15. Shortly after the entry of the First Interim Distribution Order, the Receiver made the First Interim Distribution to Citizens Bank and SVB.

**The Court Approved the Second Interim Distribution Motion**

16. On December 12, 2022, the Receiver filed a second, interim distribution motion (*see* Consolidated Action, ECF Nos. 246-249) (the "Second Interim Distribution Motion"). In the Second Interim Distribution Motion, the Receiver requested the Court's authorization (a) to make a second interim distribution totaling $2,000,000.00 (the "Second Interim Distribution"), comprised of *pro rata* distributions in the respective amounts of $818,800.00 (40.94% of the total distribution) to Citizens Bank and $1,181,200.00 (59.06% of the total distribution) to SVB and (b) to pay Citizens Bank the full principal and interest due by the Receivership Estate under a certain Certificate (defined therein), as of December 1, 2022, in the amount of $208,898.00 (plus additional accrued interest at $16.44 per day from December 2, 2022 through the date of the payment), and (ii) granting related relief.

12900110-2

17. On December 29, 2022, the Court entered an order granting the Second Interim Distribution Motion (*see* Consolidated Action, ECF No. 250) (the "Second Interim Distribution Order").

18. Shortly after the entry of the Second Interim Distribution Order, the Receiver made the Second Interim Distribution to Citizens Bank and SVB and paid the amount owing under the Certificate to Citizens Bank.

**Claims of Citizens Bank and the FDIC-SVB Receiver**

19. Based upon the Receiver's investigation to date, Citizens Bank and the FDIC-SVB Receiver continue to be the sole creditors which would be entitled to the proposed interim distribution from the Receivership Estate.

20. Pursuant to discussions with, and receiving input from, each of Citizens Bank and the FDIC-SVB Receiver , and solely for the purpose of this Unopposed Motion, the combined original amount of the principal claims subject to the proposed interim distribution total $1,600,000.00 comprised of the following individual amounts, (i) Citizens Bank in the amount of $655,040.00 (40.94% of the total) and (ii) the FDIC-SVB Receiver in the amount of $944,960.00 (59.06% of the total).

**Assets Available for the Interim Distribution**

21. As of the date of this Unopposed Motion, the Receivership Estate has approximately $1.6 million in *net* cash on hand which takes into account (a) the gross amount of available cash on hand ($\approx$ $2.8 million) less (b) (i) the current amounts for accrued and unpaid professional fees for the period inclusive of June 1, 2023 through February 29, 2024, which will be subject of an interim fee application to be filed soon with the Court ($\approx$ $455,000.00), and (ii) a reserve to pay potential expenses of the receivership estate ($\approx$ $750,000.00), including professional

fees which are accruing post-February, 2024.  While the Receivership Estate continues to collect assets for distribution to creditors, it has ongoing expenses with respect to a pending collection action in Geneva, Switzerland, other expenses of the receivership, as well as for professional fees and related expense reimbursements.

22.     The Receiver estimates that the value of the sole remaining property subject to monetization and collection in this action are funds totaling approximately $3.75 million (at the current $/CHF exchange rate) held in three bank accounts located at Union Bancaire Privée ("UBP") in Geneva, Switzerland, and which are subject to an action to collect such funds initiated by the Receiver during December, 2021.  The Receiver's action is currently on appeal before the Swiss Supreme Court.  If the Receiver is ultimately successful in the appeal, the outcome could result in approximately $3.75 million (at the current $/CHF exchange rate) being collected by the Receivership estate, although no assurance can be made as to when these recoveries will be achieved.  With the support of the Receiver, Citizens Bank and SVB initiated separate debt collection actions in Geneva, Switzerland during August, 2022, to collect the funds located in the these three bank accounts at UBP, and if Citizens Bank and now the FDIC-SVB Receiver are successful in their separate debt collection actions, such funds will not be collected by the Receivership estate but will be transferred from UBP to Citizens Bank and the FDIC-SVB Receiver.

**Proposed Interim Distribution to Citizens Bank and the FDIC-SVB Receiver**

23.     Pursuant to discussions with, and receiving input from, Citizens Bank and the FDIC-SVB Receiver, and based upon the amount of $2.8 million of gross cash in the Receivership accounts and the expected net available cash in excess of $1.6 million (taking into account the expected payment of accrued/unpaid professional fees through February, 2024 ($\approx$ $455,000.00)

and an additional $750,000.00 reserve), the Receiver proposes to make a total combined interim distribution in the amount of $1.6 million (*i.e.*, approx. 57% of $2.8 million), comprised of (i) a third interim distribution totaling $655,040.00 (40.94% of the total distribution) to Citizens Bank the "Citizens Bank Third Interim Distribution") and (ii) a first interim distribution totaling $944,960.00 (59.06% of the total distribution) to the FDIC-SVB Receiver (the "FDIC-SVB Receiver First Interim Distribution", and together with the Citizens Bank Third Interim Distribution, collectively, the "Interim Distribution").

**Broad Authority Has Been Granted to the Receiver**

24. Pursuant to the Receivership Order, the Receiver has been granted broad and extensive authority including the authority:

- to take complete custody, control, and possession of any and all Receivership Property (*See* Receivership Order, ¶ 5(b));

- To manage, control, operate, and maintain the Receivership Property and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court (*See* Receivership Order, ¶ 5(c));

- To use Receivership Property for the benefit of the Receivership Estate (*See* Receivership Order, ¶ 5(d));

- To take any action in relation to any Receivership Property which, prior to the entry of this Order, could have been taken by the Defendant Smerling (*See* Receivership Order, ¶ 5(e));

- To take such other action as may be approved by this Court (*See* Receivership Order, ¶ 5(k)); and

- To deposit all cash proceeds of Receivership Property, into the account being held by the Receiver (*See* Receivership Order, ¶ 19).

**The Orders Appointing the Receiver Authorize Distributions with a Court Order**

25. The Receivership Consolidation/Expansion Order provides for distributions subject to an order of this Court and after reasonable notice to Citizens Bank and SVB. (*See* Consolidated

Action, ECF No. 98, pp.7-8.

### The Court Should Approving the Interim Distribution to Citizens Bank and the FDIC-SVB Receiver

26.     This Court "has broad powers and wide discretion to determine relief in an equity receivership" *S.E.C.* v. *Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) ("This discretion derives from the inherent powers of an equity court to fashion relief"); *S.E.C.* v. *Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986) (recognizing that an appellate court will uphold reasonable administrative procedures crafted by a district court to deal with the circumstances of an equity receivership case). It is also well-settled that this Court may "approve a distribution plan proposed by a receiver – and to defer to the receiver's choices for the plan's details – so long as the plan is 'fair and reasonable'" *See S.E.C.* v. *Amerindo Inv. Advisors Inc.*, No. 05 Civ. 5231, 2016 WL 10821985, at *3 (S.D.N.Y. May 20, 2016) (citing *SEC* v. *Byers,* 637 F. Supp. 2d 166, 174-175 (S.D.N.Y. 2009)); *see also SEC* v. *Wealth Management LLC,* 628 F.3d 323, 332 (7th Cir. 2010); *S.E.C.* v. *Wang*, 944 F.2d 80, 85 (2d Cir. 1991).

27.     In addition, courts in this District and elsewhere have routinely approved interim distributions in receivership cases. *See, e.g., S.E.C.* v. *McGinn, Smith & Co., Inc.*, Case No 1:10-cv-457 (GLS/CFH) (N.D.N.Y. Oct. 31, 2016), ECF No. 904 (order approving interim distribution in a receivership case); *S.E.C.* v. *Edward T. Stein, et al.*, Case No. 09 Civ. 3125 (RJS) (S.D.N.Y. Mar. 28, 2012), ECF No. 217 (same); *S.E.C.* v. *Amerindo Investment Advisors Inc.*, Case No. 05 Civ. 5231 (RJS) (S.D.N.Y.), ECF Nos. 432, 510, 618 and 669 (orders approving first, second, third and fourth interim distributions in a receivership case). The Orders appointing the Receiver authorize distributions, subject to an order of this Court, and after notice to Citizens Bank and SVB. (*See* Consolidated Action, ECF No. 98, pp.7-8.) Based upon such authorization, this Court has already approved both the First Interim Distribution and the Second Interim Distribution to

12900110-2

Citizens Bank and SVB.

28. After discussions with, and receiving input from, each of Citizens Bank and the FDIC-SVB Receiver, the Receiver is proposing a *pro rata* distribution plan to them. Under a *pro rata* distribution plan, each of these two creditors receives a distribution of receivership estate assets based on the relative percentage of their respective claims compared to the total amount of the claims subject to the distribution. "Courts have favored *pro rata* distribution of assets . . . where the funds of the defrauded victims were commingled and where victims were similarly situated with respect to the defrauders." *SEC* v. *Credit Bancorp, Ltd.,* 290 F.3d 80, 88-89 (2d Cir. 2002) (affirming a *pro rata* distribution as within the equitable discretion of the district court.); *see also SEC* v. *Orgel,* 407 Fed. Appx. 504, 505-06 (2d Cir. 2010) (affirming a *pro rata* distribution plan in an SEC civil fraud enforcement action as the "most equitable remedy" as opposed to a last-in, first out tracing method); *SEC* v. *Malek,* 397 Fed. Appx. 711, 716 (2d Cir. 2010) (accord); *Alonso* v. *Trigueros,* 369 Fed. Appx. 178, 179 (2d Cir. 2010) (affirming the district court's approval of a *pro rata* distribution plan in a commodity futures fraud case)*; Quilling* v. *Trade Partners,* 572 F.3d 293, 301 (6th Cir. 2009) (affirming the district court's approval of a *pro rata* distribution plan over an investor's objection based on a contractual right to payment under a viatical insurance policy included in the receivership estate); *SEC* v. *Capital Consultants,* 397 F.3d 733, 737-39 (9th Cir. 2005) (affirming a *pro rata* distribution plan because "equity demands equal treatment of [similarly-situated] victims" where "[t]he assets of the receivership are insufficient to cover the losses of the [victims]"). Here, Citizens Bank and the FDIC-SVB Receiver are similarly situated with respect to their relationship to Defendant Smerling, and based on the Receiver's analysis, Defendant Smerling commingled the funds he obtained fraudulently from these two

12900110-2

banks, and the total amount of current and future Receivership Assets are projected to be insufficient to cover the losses of these two entities.

29. The Receiver respectfully submits that the Court should also approve the proposed Interim Distribution plan because it is fair and reasonable. The Receiver has been successful in recovering and monetizing millions of dollars of Receivership Assets that are now available for distribution to creditors. Based upon the Receiver's investigation to date, Citizens Bank and the FDIC-SVB Receiver are the sole creditors who are the victims of the fraud committed by Defendant Smerling, and both Citizens Bank and the FDIC-SVB Receiver have waited patiently to receive interim distributions in this case.

30. The amount of the proposed interim distribution totaling $1.6 million represents about 57% of the approximately $2.8 million in gross cash currently on hand in the Receivership Estate. After this Interim Distribution and the expected payment of accrued professional fees totaling approximately $455,000.00 (subject to a soon-to-be-filed interim fee application with this Court), the Receiver will still have in excess of $750,000.00 in net cash on hand and expects during the coming months to deal with known and potential expenses of this case. Thus, even after making the proposed Interim Distribution, there is expected to be more than enough remaining cash on hand to pay for accrued and unpaid professional fees and expenses as well as make one or more additional, future distributions to Citizens Bank and the FDIC-SVB Receiver.

31. The proposed Interim Distribution is also in the best interests of the Receivership Estate. The ultimate purpose of this equity receivership is to distribute the Receivership Estate to its creditors. *See, e.g., Wake Development Co.* v. *Auburn-Fuller Co.*, 71 F.2d 702, 705 (9th Cir. 1934); *see also Hardy*, 803 F.2d at 1038 ("a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors").

The Receiver believes that the proposed Interim Distribution serves that purpose by distributing an additional, substantial amount of the cash on hand in the Receivership Estate to the two impacted creditors – Citizens Bank and the FDIC-SVB Receiver. In doing so, the Receiver provides actual monetary relief to those harmed by Defendant Smerling's actions. While the precise timing of resolving the remaining recoveries and contingencies, or the amounts thereof, cannot be precisely predicted, the Receiver continues to work to bring about the conclusion of this receivership as quickly as the circumstances permit.

32. Accordingly, the Receiver now seeks entry of a proposed order, substantially in the form of the proposed order attached hereto as **Exhibit "1"**, providing for (i) an Interim Distribution totaling $1.6 million, comprised of (i) the Citizens Bank Third Interim Distribution totaling $655,040.00 (40.94% of the total distribution) to Citizens Bank and (ii) the FDIC-SVB Receiver First Interim Distribution totaling $944,960.00 (59.06% of the total distribution) to the FDIC-SVB Receiver, and (iii) granting related relief.

**Conclusion**

33. Counsel for each of Citizens Bank and the FDIC-SVB Receiver has reviewed and approved the form of the proposed order attached to the Unopposed Motion as **Exhibit "1"** and has advised undersigned counsel for the Receiver that their respective clients affirmatively support the relief requested in the Unopposed Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2024.



Christopher Andrew Jarvinen

# Exhibit "1"

# Proposed Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SMERLING LITIGATION, | 21 Civ. 2552 (JPC) |

[PROPOSED] ORDER GRANTING THE UNOPPOSED MOTION AUTHORIZING (I) A THIRD INTERIM DISTRIBUTION TO CITIZENS BANK, N.A., (II) A FIRST INTERIM DISTRIBUTION TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, IN ITS CAPACITY AS THE FDIC-SVB RECEIVER OF SILICON VALLEY BANK, AND (III) RELATED RELIEF

THIS MATTER is before the Court upon the unopposed motion (the "Unopposed Motion")[1] of James S. Feltman, solely in his capacity as the receiver (the "Receiver") appointed pursuant to that certain (a) *Order Appointing Receiver*, dated May 14, 2021 (Case No. 1:21-cv-05766-JPC, ECF No. 28) (the "Receivership Order") and (b) *Order Granting Joint Motion to (I) Consolidate SVB Action and Citizens Bank Action Into a Single Action, (II) Appoint James Feltman as Receiver in Consolidated Action, and (III) Grant Unopposed Receivership Expansion Motion*, dated July 19, 2021 (Case No. 1:21-cv-02552-JPC, ECF No. 98) (the "Receivership Consolidation/Expansion Order" and together with the Receivership Order, collectively, the "Orders"), seeking entry of an order (this "Order"), *inter alia*, (i) authorizing the Receiver (a) to make another interim distribution totaling $1.6 million, comprised of (i) a third interim distribution totaling $655,040.00 (40.94% of the total distribution) to Citizens Bank, N.A. ("Citizens Bank") and (ii) a first interim distribution totaling $944,960.00 (59.06% of the total distribution) to the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as the receiver (the "FDIC-SVB

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Declaration (as defined herein) being submitted in support of the Unopposed Motion.

12773428-2

Receiver") of Silicon Valley Bank ("SVB"), and (iii) granting the Receiver such other and further relief as the Court deems just and proper; and

WHEREAS the Court finds, based on the record in this Consolidated Action, including the *Declaration of Christopher Andrew Jarvinen in Support of the Unopposed Motion Authorizing (i) a Third Interim Distribution to Citizens Bank, N.A., (ii) a First Interim Distribution to the Federal Deposit Insurance Corporation, in its Capacity as the FDIC-SVB Receiver of Silicon Valley Bank, and (iii) Related Relief* (Consolidated Action, ECF No. ___) (the "Declaration"), that it is appropriate to grant the relief requested in the Unopposed Motion; and

WHEREAS the Orders authorize James S. Feltman, in his capacity as the Receiver, *inter alia*, to take any action as may be approved by this Court; and

WHEREAS, the Orders authorize James S. Feltman, in his capacity as the Receiver, to make distributions to creditors, subject to an order of this Court obtained upon reasonable notice to Citizens Bank and the FDIC-SVB Receiver; and

WHEREAS, Citizens Bank and the FDIC-SVB Receiver have received reasonable notice of the Unopposed Motion; and

WHEREAS, the Receiver has provided adequate and sufficient notice of the Unopposed Motion by providing written notice to creditors and interested parties identified on the Receiver's declaration of service filed in conjunction of the Unopposed Motion, and therefore, such notice is appropriate, adequate, and proper under the circumstances involved in this case; and

WHEREAS, this Court has jurisdiction over the Receivership Property and constitutional authority to enter this Order; and

WHEREAS, the authority granted herein is consistent with the Receiver's authority and duties under the Orders.  The entry of this Order is in the best interests of all parties in interest as

its implementation will, among other things, permit the Receiver to distribute an additional $1.6 million to the creditors impacted by the fraudulent acts of Defendant Smerling; and

WHEREAS, the plan of the Interim Distribution proposed in the Unopposed Motion is fair and reasonable under the circumstances; and

WHEREAS, the Receiver has shown good cause for the entry of this Order and the Court concludes that entry of this Order is in the best interests of the creditors of the Receivership Estate.

IT IS ACCORDINGLY HEREBY:

ORDERED that the Unopposed Motion is granted subject to the terms and conditions set forth in this Order, and any objections that have not previously been withdrawn are hereby overruled; and it is further

ORDERED, that the Receiver is authorized to make an Interim Distribution totaling $1.6 million, from the cash currently in the Receivership Estate, comprised of (i) a third interim distribution totaling $655,040.00 (40.94% of the total distribution) to Citizens Bank, and (ii) a first interim distribution totaling $944,960.00 (59.06% of the total distribution) to the FDIC-SVB Receiver; and it is further

ORDERED, that Citizens Bank and/or the FDIC-SVB Receiver shall provide the Receiver with valid wire instructions within 14 days after the date of this Order, if either wishes to receive the interim distribution by wire transfer; and it is further

ORDERED, that the Receiver may pay any administrative or wire fees or may incur any other reasonable administrative expense necessary to make the Interim Distribution; and it is further

ORDERED, if subsequent to the entry of this Order, should it be determined by the Receiver, after the Interim Distribution authorized by this Order is made, there are insufficient

funds in the Receivership Estate to pay the expenses due by the Receivership Estate in full, unless different treatment is mutually agreed upon by the Receiver, Citizens Bank and the FDIC-SVB Receiver, this Court reserves jurisdiction to order that the amount of the Interim Distribution authorized by this Order be returned ratably by Citizens Bank and the FDIC-SVB Receiver, sufficient to pay the expenses of the Receivership Estate; and it is further

ORDERED, that the Receiver is authorized to take all reasonable and necessary actions to make the Interim Distribution and the payment related to the Certificate in accordance with the Unopposed Motion and this Order; and it is further

ORDERED that, within ten (10) days following the entry of this Order, the Receiver shall serve a copy of this Order upon the Florida Defendants and the New York Defendants by service, via Federal Express, electronic mail or any other mechanism reasonably designed to successfully effect service, as follows:

(a) Upon Defendant Smerling through his counsel who has appeared in the Consolidated Action;

(b) Upon JES Global Capital GP III, LLC, directed to its registered agent in Delaware; and

(c) Upon JES Global Capital II, L.P. and JES Global Capital GP II, LLC, directed to the Secretary of State for the State of Florida as neither entity currently has a registered agent in Florida.

Dated: March ___, 2024
New York, New York

_____
John P. Cronan, U.S.D.J.

4

12773428-2