**BERGER SINGERMAN**

Christopher Andrew Jarvinen
(305) 714-4363
cjarvinen@bergersingerman.com

June 4, 2025

**By ECF and Email**

Honorable John P. Cronan
United States District Judge
Southern District of New York
United States Courthouse
New York, NY 10007

  Re: *In re Smerling Litigation*
     Case No. 1:21-cv-02552-JPC

Dear Judge Cronan:

  On behalf of James S. Feltman, formerly with Teneo Capital LLC (the receiver appointed in the above-referenced consolidated action, the "Receiver"), I write regarding today's filing of an unopposed application (the "Unopposed Application") by the Receiver which seeks this Court's authorization to approve (i) the sixth set of interim requests for compensation and reimbursement of expenses by the Receiver and the professionals retained by the Receiver in this matter for the period inclusive of April 1, 2024 through May 23, 2025 (the "Application Period") and (ii) the final request for compensation and reimbursement of expenses by the Receiver in this matter for the period inclusive of May 14, 2021, through May 23, 2025.

  As explained more fully in the Unopposed Application, the relief sought includes:

  (A) awarding: (i) Kroll Associates, Inc. ("Kroll"), on an interim basis, the sum of $17,390.00 as compensation for services rendered and $0.00 as reimbursement for actual and necessary expenses incurred by Kroll ("Kroll's Sixth Interim Award") during the Application Period; (ii) Berger Singerman LLP ("Berger Singerman"), on an interim basis, the sum of $73,087.50 as compensation for services rendered and $2,060.81 as reimbursement for actual and necessary expenses incurred by Berger Singerman during the Application Period ("Berger Singerman's Sixth Interim Award"); (iii) Faegre Drinker Biddle & Reath LLP ("Faegre Drinker"), on an interim basis, the sum of $16,752.00 as compensation for services rendered and $0.00 as reimbursement for actual and necessary expenses incurred by Faegre Drinker during the Application Period ("Faegre Drinker's Sixth Interim Award"); and (iv) the Receiver, on an interim basis, the sum of $13,249.50 as compensation for services rendered and $0.00 as reimbursement for actual and necessary expenses incurred by the Receiver during the Application Period ("Receiver's Sixth

13154374-5

1450 BRICKELL AVENUE | SUITE 1900 | MIAMI, FLORIDA 33131
*t:* (305) 755-9500 | *f:* (305) 714-4340 | WWW.BERGERSINGERMAN.COM

Interim Award" and together with Kroll's Sixth Interim Award, Berger Singerman's Sixth Interim Award and Faegre Drinker's Sixth Interim Award, collectively, the "Sixth Interim Awards");

(B) awarding: (i) Pestalozzi Attorneys at Law Ltd. ("Pestalozzi"), on an interim basis, the sum of $5,598.60 as compensation for services rendered and $223.94 as reimbursement for actual and necessary expenses incurred by Pestalozzi during the Application Period ("Pestalozzi's Fifth Interim Award"); (ii) LeeSalmonLong ("LeeSalmonLong"), on an interim basis, the sum of $0.00 as compensation for services rendered and $0.00 as reimbursement for actual and necessary expenses incurred by LeeSalmonLong during the Application Period ("LeeSalmonLong's Fifth Interim Award"); (iii) Matysik & Marshall P.C. ("M&M"), on an interim basis, the sum of $0.00 as compensation for services rendered and $0.00 as reimbursement for actual and necessary expenses incurred by M&M during the Application Period ("M&M's Fifth Interim Award"); and (iv) Daniel, Brantley & Associates ("DB"), on an interim basis, the sum of $0.00 as compensation for services rendered and $0.00 as reimbursement for actual and necessary expenses incurred by DB during the Application Period ("DB's Fifth Interim Award" and together with the Pestalozzi's Fifth Interim Award, the LeeSalmonLong's Fifth Interim Award and the M&M's Fifth Interim Award, collectively, the "New Fifth Interim Awards"); and

(C) awarding Berkowitz Pollack Brant Advisors + CPAs ("BPB", and together with Kroll, Berger Singerman, Faegre Drinker, Pestalozzi, LeeSalmonLong, M&M and DB, collectively, the "Retained Personnel", as such term is defined in paragraph 22 of the Receivership Order; together, the Receiver and the Retained Personnel, collectively, the "Applicants"), on an interim basis, the sum of $0.00 as compensation for services rendered and $0.00 as reimbursement for actual and necessary expenses incurred by BPB during the Application Period ("BPB Third Interim Award" and together with the Sixth Interim Awards and the New Fifth Interim Awards, collectively, the "Interim Awards");

(D) authorizing the Receiver (or his immediate successor) to pay the Interim Awards to the Applicants from the Receivership Estate upon entry of an order awarding the fees and expenses requested in the Application;

(E) awarding a final award of compensation and reimbursement of expenses to James S. Feltman, in his capacity as Receiver, in the total amount of $565,896.00, for the period inclusive of May 14, 2021, through May 23, 2025 (of which $552,646.50 has already been paid to the Receiver); and

(F) granting such further relief the Court deems just and proper.

(21 Civ. 2552, ECF Nos. 312 and 313). Pursuant to FRCP 6(c)(1)(C), the Receiver respectfully requests the Court to consider the Unopposed Application without notice and an opportunity to be heard or set an expedited hearing scheduling.

13154374-5

BERGER SINGERMAN

Honorable John P. Cronan
Page 3 of 3

An expedited procedure for the Unopposed Application is sought because the relief sought is routine in nature and the affected creditors have consented to the requested relief, and the Receiver has filed a currently filed a motion seeking his discharge and the appointment of a successor receiver.

The Receiver is proceeding by application, rather than filing an initial pre-application letter because Citizens Bank, N.A. and the Federal Deposit Insurance Corporation, in its capacity as the receiver of Silicon Valley Bank (the "FDIC-SVB Receiver"), which are the plaintiffs in this consolidated action (the "Consolidated Action") support the relief requested in the Unopposed Application.

As reflected by the Certificate of Service filed concurrently with the Unopposed Application, the undersigned counsel for the Receiver is serving the Unopposed Application by email on counsel for Defendant Elliot Smerling. Having appeared in this Consolidated Action, counsel for Defendant Elliot Smerling should also separately receive an additional copy of the Unopposed Application directly through the CM/ECF system, and further, such counsel will be included on the email forwarding to Chambers a courtesy copy of the Unopposed Application. The Receiver respectfully submits that, under the circumstances, such service on Defendant Elliot Smerling represents more than adequate notice of the Unopposed Application. If the Court wishes to schedule a hearing on the Unopposed Application to provide Defendant Elliot Smerling with an opportunity to be heard with respect to the Unopposed Application, the Receiver respectfully requests that the Court schedule such hearing on an expedited basis.

Defendants JES Global Capital GP III, LLC, JES Global Capital II, L.P., and JES Global Capital GP II, LLC have each failed to appear in this Consolidated Action.

The Receiver is prepared to discuss the Unopposed Application and any other issues pertaining to the proposed receivership at a hearing that may be scheduled by the Court to consider the Unopposed Application.

We thank Your Honor for Your Honor's consideration of this matter.

Respectfully yours,

*/s/ Christopher Andrew Jarvinen*

Christopher Andrew Jarvinen

cc:   Counsel of record (via ECF)
      The entities listed on the certificate of service

13154374-5

BERGER SINGERMAN